UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EARL GAUDIO & SON, INC. | ) | Case No.:  13-90942 |
| | ) | |
| Debtor. | ) | |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on July 29, 2013 at 2:00 p.m. Central Time, we shall appear before the Honorable Gerald D. Fines, U.S. Bankruptcy Court, Central District of Illinois, 201 N. Vermilion Street, Danville IL 61832, or before any other judge who may be sitting in his place and then and there shall present the attached *Motion for Authority (I) to Pay Prepetition Wages, Salaries, Reimbursable Expenses, and Related Expenses Necessary for Compliance with State and Federal Law and Directing All Banks to Honor Checks Issued for Payment of Employee Related Obligations and (II) Authorizing But Not Directing the Debtor to Continue to Maintain Their Benefit Programs in the Ordinary Course of Business*, a copy of which is attached hereto and hereby served upon you.

Dated:  July 24, 2013

Respectfully submitted,

ICE MILLER, LLP


By: /s/ John D. Burke
        John D. Burke
        200 W. Madison Street, Suite 3500
        Chicago, Illinois 60606-3417
        Telephone:  (312) 726-8148
        Facsimile:   (312) 726-6266
        John.burke@icemiller.com

        - and -

        Ben T. Caughey
        ICE MILLER LLP
        One American Square, Suite 2900
        Indianapolis, Indiana 46282-0200
        (317) 236-2100 Telephone
        (317) 236-2219 Facsimile
        ben.caughey@icemiller.com

        *Proposed Counsel to the Debtor*

I/3311087.1

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EARL GAUDIO & SON, INC. | ) | Case No.:  13-90942 |
| | ) | |
| Debtor. | ) | |

**MOTION FOR AUTHORITY (I) TO PAY PREPETITION WAGES, SALARIES, REIMBURSABLE EXPENSES, AND RELATED EXPENSES NECESSARY FOR COMPLIANCE WITH STATE AND FEDERAL LAW AND DIRECTING ALL BANKS TO HONOR CHECKS ISSUED FOR PAYMENT OF EMPLOYEE RELATED OBLIGATIONS AND (II) AUTHORIZING BUT NOT DIRECTING THE DEBTOR TO CONTINUE TO MAINTAIN THEIR BENEFIT PROGRAMS IN THE ORDINARY COURSE OF BUSINESS**

Comes now the above captioned Debtor and Debtor-in-Possession, by and through First Midwest Bank as Custodian of Earl Gaudio and Son, Inc., (the "Debtor"), by counsel, and for its *Motion for Authority (I) to Pay Prepetition Wages, Salaries, Reimbursable Expenses, and Related Expenses Necessary for Compliance with State and Federal Law and Directing All Banks to Honor Checks Issued for Payment of Employee Related Obligations and (II) Authorizing But Not Directing the Debtor to Continue to Maintain Their Benefit Programs in the Ordinary Course of Business*, respectfully states the following:

**Background and Jurisdiction**

1.      On July 19, 2013 (the "Petition Date"), the above-captioned Debtor commenced its case under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").  The Debtor continues to operate its business and manage its property as a Debtor-in-Possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

1

I/3311087.1

3.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      This matter is a core proceeding pursuant to 28 U.S.C. §§ 157.

**Nature of Debtor's Business and Factual Background**

5.      The Debtor is a beer and food distributor serving East Central Illinois and portions of Indiana and Ohio.

6.      The Debtor had its beginnings in Benld, Illinois and was started by Jack and Charles Gaudio and Joe Turigliatto.  Earl Gaudio (Charles Gaudio's son) formed Earl Gaudio & Son, Inc. and became the sole owner of the business in 1972.  Dennis Gaudio (Earl Gaudio's son) became an owner of the business in approximately 2005 and Eric Gaudio (Dennis Gaudio's son) became an owner of the business in approximately 2007.

7.      The Debtor has had a long-standing relationship with Anheuser-Busch since its inception.  In 2007, the Debtor branched out into other beverage segments including both alcoholic and non-alcoholic products and entered into a phase of rapid growth.

8.      In April, 2008, the Debtor moved into a state of the art facility located at 1803 Georgetown Road in Tilton, Illinois.  The facility totals 69,000 square feet and the storage center can accommodate up to 150,000 cases of product.  The Debtor currently employs approximately 35 full and part time employees.

9.      On June 12, 2013, Helen Gaudio, as guardian of the Estate of Earl Gaudio commenced a lawsuit against Eric Gaudio, Dennis Gaudio and the Debtor.  On June 27, 2013, the Circuit Court for the Fifth Judicial Circuit of Illinois, Vermilion County appointed First Midwest Bank as Custodian of Earl Gaudio and Son, Inc. (the "Custodian") and vested the Custodian with all powers, authorities, rights, and privileges previously possessed by the directors and officers of Earl Gaudio and Son, Inc.

2

10.     The Debtor has identified a buyer for certain of its assets, and accordingly, is it working expeditious towards a sale of a majority of its assets. The Debtor believes that a sale of these assets represents the best opportunity for the Debtor to maximize value for its creditors, however, a sale will require the continuing operation of the business of the Debtor and consequent preservation of asset values.

## Relief Requested

11.     To minimize the hardship to the Debtor's employees and maintain and foster employee morale, the Debtor respectfully requests that the Court enter an order, pursuant to Sections 105(a), 363(b), 507(a)(3), and 507(a)(4) of the Bankruptcy Code, authorizing the Debtor to continue to pay wages, salaries and other compensation in the ordinary course of business (including the payment of pre-petition obligations), authorizing the Debtor to continue to maintain their benefit programs in the ordinary course of business (including the payment of pre-petition obligations), and authorizing and directing the Debtor's financial institutions to receive, process, honor and pay all checks presented for payment and to honor all funds transfer requests made by the Debtor relating to the foregoing.

12.     Specifically, the Debtor seek authority to pay and satisfy the following:

A.     All wages, salary, and other compensation due to its employees, including the payment of any pre-petition obligations;

B.     All employee reimbursement claims;

C.     All State and Federal withholding and payroll-related taxes relating to compensation provided to its employees, including the payment of any pre-petition obligations; and

D.     All existing benefit programs.

3

I/3311087.1

13.     Most of the items described above are priority claims within the scope of Section 507 of the Bankruptcy Code and should not exceed the dollar limitations set forth in Section 507. Accordingly, no party in interest is prejudiced by the relief requested herein by the Debtor.

14.     The Debtor believes that granting the relief requested herein is appropriate and in the best interests of the Debtor's estates and their creditors.

A.     Wages and Salaries.

15.     In connection with the operation of their business, the Debtor employs approximately 35 employees (collectively, the "Employees"). All current employees are paid on a weekly basis and all withholdings and taxes are automatically deducted.

16.     The Debtor requests that all applicable banks and other financial institutions utilized by the Debtor be authorized and directed to receive, process, honor and pay all checks presented for payment and to honor all funds transfer requests made by the Debtor related to employee obligations and reimbursable expenses, including checks and funds transfer requests that were submitted prior to or after the Petition Date.

17.     Accordingly, the Debtor seeks an order authorizing and directing all banks to receive, process, honor and pay any and all checks drawn on the Debtor's accounts related to employee obligations, whether presented before or after the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payment.

B.     Employee Benefit Plans.

18.     The Debtor provides a number of employee medical benefits pursuant to an employee benefit plans, including health, dental and vision, with the health plan being administered by Health Alliance (collectively referred to herein as, the "Medical Plan").

4

I/3311087.1

19.     The Medical Plan is funded through contributions by participating Employees and by the Debtor.  The costs of the Medical Plan is borne primarily by the Debtor, but Employees contribute to the Medical Plan through payroll deductions.  The Debtor deducts funds from participating employee paychecks prior to plan payments in order to collect employee contributions.

20.     The Debtor hereby requests authority to make payments and remittances related to the Medical Plan, including any payments due for benefits accrued prior to the Petition Date.

21.     The Debtor also offers the option of contributions to an investment account. Employees that participate are fully responsible for the investment account.

22.     The Debtor hereby seeks authority to continue to remit funds earmarked by employees for their investment accounts as they become due in the ordinary course of business and to satisfy any amounts that arose prior to the Petition Date.

C.     Workers' Compensation

23.     The Debtor also provides workers' compensation benefits to certain of their Employees.

24.     By this Motion, the Debtor seeks authority to continue paying and/or contesting in good faith, as appropriate and, in its sole discretion, all amounts related to workers' compensation claims as they become due in the ordinary course of business, as well as those that arose prior to the Petition Date.

WHEREFORE, the Debtor respectfully requests that this Court enter an Order granting the relief requested in this Motion, including:

I/3311087.1

A.      Authorizing but not directing the Debtor to continue to pay wages, salaries, and other compensation in the ordinary course of business including the payment of prepetition obligations;

B.      Authorizing but not directing the Debtor to continue to maintain the benefit programs described in this Motion in the ordinary course of business including the payment of prepetition obligations;

C.      Authorizing and directing the applicable Financial Institutions to honor checks for employee related obligations; and

D.      Granting such other relief to which the Debtor may be entitled.

Respectfully submitted,

ICE MILLER, LLP


By: /s/ John D. Burke
        John D. Burke
        200 W. Madison Street, Suite 3500
        Chicago, Illinois 60606-3417
        Telephone:  (312) 726-8148
        Facsimile:   (312) 726-6266
        John.burke@icemiller.com

        - and -

        Ben T. Caughey
        ICE MILLER LLP
        One American Square, Suite 2900
        Indianapolis, Indiana 46282-0200
        (317) 236-2100 Telephone
        (317) 236-2219 Facsimile
        ben.caughey@icemiller.com

        *Proposed Counsel to the Debtor*

6

I/3311087.1

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2013, I electronically filed the foregoing pleading with the Clerk of the Court using the cm/ecf system and sent notification by ordinary United States mail, postage prepaid, or by electronic mail of such filing to the U.S. Trustee and to the parties listed on the creditor matrix attached hereto.

By: /s/ John D. Burke
      John D. Burke
      200 W. Madison Street, Suite 3500
      Chicago, Illinois 60606-3417
      Telephone:  (312) 726-8148
      Facsimile:   (312) 726-6266
      John.burke@icemiller.com


- and -

Ben T. Caughey
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, Indiana 46282-0200
(317) 236-2100 Telephone
(317) 236-2219 Facsimile
ben.caughey@icemiller.com

*Proposed Counsel to the Debtor*

I/3311087.1

## MATRIX

### *Served Via Electronic Mail:*

U.S. Trustee
Office of Nancy J. Gargula
401 Main Street, #1100
Peoria, IL 61602
E-mail: USTPRegion10.PE.ECF@usdoj.gov

Mark Wenzel
Krieg DeVault LLP
One Indiana Square, Suite 2800
Indianapolis, IN 46204
E-mail: mwenzel@kdlegal.com

Peter E. Moll
Cadwalader, Wickersham & Taft LLP
700 Sixth St., N.W.
Washington, DC 20001
E-mail: peter.moll@cwt.com

Jeff Richardson
132 S. Water Street
Decatur, IL 62523
E-mail: jdrdec@aol.com

### *Served Via U.S. Mail:*

Anheuser-Busch
1 Busch Place
Saint Louis, MO 63118

Mike-sell's Potato Chip Co.
333 Leo St
Dayton, OH 45404

Cliton Larson Allen LLP
301 SW Adams
Suite 900
Peoria, IL 61656

Paul Offut
Heighway BB
Lebanon, MO 65536

Earl Gaudio
504 Wilkin Road
Danville, IL 61832

Regions Commercial Pam
PO Box 11407
Birmingham, AL 35246

Earl Gaudio & Sons, Inc. Pesion Plan
PO Box 990067
Hartford, CT 06199

Small Business Growth Corp
2401 West White Oaks Drive
Springfield, IL 62704

FMB Fees
2801 W. Jefferson St
Joliet, IL 60435

Vermilion County Collector
PO Box 730
Danville, IL 61834

GE Capital
PO Box 536447
Atlanta, GA 30353

World Business Lenders, LLC
120 W. 45th Street
29th Floor
New York, NY 10036

Illinois Department of Revenue
100 West Randolph St.
Chicago, IL 60601

Ice Miller LLP
One American Square
Suite 2900

I/3311087.1

Internal Revenue Service
PO Box 804521
Cincinnati, OH 45280-4521


Iroquois Federal Savings & Loan
619 Gilbert St.
Danville, IL 61832


Mercedes Benz Financial
Diamler Truck Financial
13650 Heritage Parkway
Fort Worth, TX 76177

Indianapolis, IN 46282
Westfield Insurance
c/o Wells Fargo Insurance Services
PO Box 4016
Champaign, IL 61824


Worker's Compensation-Employers
PO Box 71088
Charlotte, NC 28272


Sundance Beverage
6600 East Nine Mile Rd
Warren, MI 48091

I/3311087.1