UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EARL GAUDIO & SON, INC. | ) | Case No.: 13-90942 |
| | ) | |
| Debtor. | ) | |

**AFFIDAVIT, PURSUANT TO BANKRUPTCY RULE 2014, OF BEN T. CAUGHEY IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING DEBTOR TO EMPLOY ICE MILLER LLP AS COUNSEL**

Ben T. Caughey, having first been duly sworn, says as follows:

1. I am an attorney, admitted to practice before the United States District Court for the Southern District of Indiana, with the firm of Ice Miller LLP (the "Firm"), which maintains offices at, among other locations, One American Square, Suite 2900, Indianapolis, Indiana 46282-0200 and 200 W. Madison Street, Suite 3500, Chicago, Illinois 60606-3417.

2. To the best of my knowledge, neither I nor any partner, associate or professional employee of the Firm own or represent any interests materially adverse to the estate of the Debtor. Moreover, to the best of my knowledge, other than as disclosed below, the Firm has no present connection with the Debtor's estates, its creditors or any other party-in-interest in this cases.

3. This Firm represents no interest adverse to the Debtor or its estate in the matters upon which it is to be engaged. The Firm does hold an unsecured claim against the Debtor and does represent certain of the Debtor's creditors and the Firm has represented certain of the Debtor's unsecured creditors in matters unrelated to the Debtor and this Chapter 11 case.

4. Should a controversy arise in this chapter 11 case creating the need to assert or defend an adversary proceeding or contested matter involving a creditor or party-in-interest that is a client of Ice Miller, Ice Miller will not represent either the Debtor or the creditor or party-in-

**EXHIBIT A**

interest in such adversary proceeding or contested matter absent consent resolving any prohibition for such representation under the Rules of Professional Conduct and any applicable statutes or rules.

5. Accordingly, Ice Miller and its partners and associates are disinterested persons within the meaning of 11 U.S.C. § 101.

6. During the period of its employment as counsel to the Debtor, Ice Miller will not hold any interest adverse to the interests represented by the Committee and will not cease to be a disinterested person as defined in 11 U.S.C. § 101. In addition, Ice Miller will supplement the disclosures made herein in the event relationships with additional parties in interest are discovered.

7. Subject to this Court's approval and in accordance with Section 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the rules of this District, the Debtor and Ice Miller have agreed that Ice Miller shall be compensated on an hourly basis, plus reimbursement of actual and necessary expenses incurred by Ice Miller and that all allowances of fees and expenses be paid as an administrative expense of the estate as may be allowed by the Court.

8. The normal hourly billing rates of attorneys employed by Ice Miller ranges from $195 - $565 per hour. The professionals within Ice Miller who will have some role in representing the Debtor and their current standard hourly rates are as follows:

| Name | Title | Rate |
|---|---|---|
| John D. Burke | Partner | $485.00 per hour |
| Richard Johnson | Partner | $470.00 per hour |
| David Hight | Partner | $465.00 per hour |
| Ben T. Caughey | Partner | $420.00 per hour |

   Jennifer Okey  Paralegal  $220.00 per hour

In addition to the aforementioned fees, Ice Miller may utilize, from time to time and as appropriate, clerks and paraprofessionals at rates usual and customary for the types of services to be performed. The fees to be charged by Ice Miller are usual and customary for the work to be performed and are squarely in-line with the fees routinely allowed in cases in the Seventh Circuit.

  9. The Firm holds a retainer paid by the Debtor in the amount of Fifteen Thousand Dollars ($15,000.00), to be applied to fees and expenses in this cases as permitted by the Court.

  10. I have advised the Debtor of the willingness of the Firm to serve as the Debtor's counsel in connection with this case based upon the Firm's standard hourly billing charges for similar services. I have also shared with the Debtor all of the matters set forth above.

  11. By reason of the foregoing, I submit that Ice Miller is eligible for employment and retention by the Debtor pursuant to Sections 328(a) and 1103(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure

  Further Affiant saith not.

Dated: July 24, 2013     /s/ Ben T. Caughey
             Ben T. Caughey