UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EARL GAUDIO & SON, INC. | ) | Case No.: 13-90942 |
| | ) | |
| Debtor. | ) | |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on October 3, 2013 at 9:00 a.m. Central Time, we shall appear before the Honorable Gerald D. Fines, U.S. Bankruptcy Court, Central District of Illinois, 201 N. Vermilion Street, Danville IL 61832, or before any other judge who may be sitting in his place and then and there shall present the attached *Motion to Establish Procedure for Disbursement of Sale Proceeds to Purported Lienholders,* a copy of which is attached hereto and hereby served upon you.

Dated: September 12, 2013

Respectfully submitted,

ICE MILLER, LLP

By: /s/ Ben T. Caughey
Ben T. Caughey
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, Indiana 46282-0200
(317) 236-2100 Telephone
(317) 236-2219 Facsimile
ben.caughey@icemiller.com

*Counsel to the Debtor*

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EARL GAUDIO & SON, INC. | ) | Case No.: 13-90942 |
| | ) | |
| Debtor. | ) | |

## MOTION TO ESTABLISH PROCEDURE FOR DISBURSEMENT OF SALE PROCEEDS TO PURPORTED LIENHOLDERS

Comes now the above captioned Debtor and Debtor-in-Possession, by and through First Midwest Bank as Custodian of Earl Gaudio and Son, Inc., (the "Debtor") and for its *Motion to Establish Procedure for Disbursement of Sale Proceeds to Purported Lienholders,* respectfully states the following:

### Background and Jurisdiction

1. On July 19, 2013 (the "Petition Date"), the above-captioned Debtor commenced its case under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to operate its business and manage its property as a Debtor-in-Possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

4. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157.

### Nature of Debtor's Business and Factual Background

5. The Debtor is a beer and food distributor serving East Central Illinois and portions of Indiana and Ohio.

- 1 -

6. Historically, the Debtor also had additional operational components including snack foods and 2 UPS Franchises (one located in Danville, IL and one located in Champaign, IL). The Debtor discontinued its snack food distribution business on July 18, 2013 but continues to operate the UPS Franchises.

7. On June 12, 2013, Helen Gaudio, as guardian of the Estate of Earl Gaudio commenced a lawsuit against Eric Gaudio, Dennis Gaudio and the Debtor. On June 27, 2013, the Circuit Court for the Fifth Judicial Circuit of Illinois, Vermilion County appointed First Midwest Bank as Custodian of Earl Gaudio and Son, Inc. (the "Custodian") and vested the Custodian with all powers, authorities, rights, and privileges previously possessed by the directors and officers of Earl Gaudio and Son, Inc.

**Overview of Sale and Purported Interests Which, if Valid, Attach to Proceeds**

8. Pursuant to this Court's *Order Authorizing the Sale of Operational Assets Free and Clear of Liens, Claims, and Encumbrances and Assignment and Assumption of Executory Contracts* entered herein on September 6, 2013 (the "Sale Order") [Docket No. 78], the Debtor obtained authority to sell its operational assets that relate to its distributorship of products of Anheuser-Busch.

9. Before accounting for the holdback set forth in the Purchase Agreement related to this transaction and depending upon the final inventory conducted at closing, the Debtor estimates that approximately $9,000,000.00 will be paid into escrow by the Purchaser at closing with at least $8,000,000.00 of such funds being immediately available for distribution.

10. Based upon the Custodian and Debtor's investigation and without making any admission regarding the validity, priority, or perfection of claims and interests[1], the Debtor is indebted to a number of pre-petition lenders and its assets are also encumbered by state and federal tax liens.

11. The Debtor submits that the entities with purported liens, which attach to the sale proceeds, if valid, and their respective order of priority are limited to the following:

| Creditor | Asserted Priority | Secured Claim Amount Asserted by Creditor |
|---|---|---|
| Helen Gaudio, as Guardian of the Estate of Earl Gaudio | Super-Priority DIP Loan | $375,000.00 + 5% interest[2] |
| Regions Bank | First Priority | $5,495,598.27[3] |
| US Small Business Administration | Second Priority | $1,705,455.79[4] |
| World Business Lender | Third Priority | $466,198.27[5] |
| Internal Revenue Service | Fourth Priority | $221,821.36[6] |
| Illinois Department of Revenue | Fifth Priority | $389,573.15[7] |

(together, the "Purported Lienholders").

---

[1] Similarly, nothing contained herein shall comprise a waiver of the Debtor's right to seek to surcharge the Purported Lienholders if the Debtor determines the same is appropriate and in the best interests of the estate.

[2] Pursuant to the *Final Order Authorizing Debtor to Obtain Post-Petition Financing and To Utilize Cash Collateral* entered herein on September 5, 2013.

[3] Per Proof of Claim No. 4 filed on August 7, 2013 and amended on August 23, 2013.

[4] Per Proof of Claim No. 10 filed on August 14, 2013.

[5] Per Proof of Claim No. 17 filed on August 28, 2013.

[6] Per Proof of Claim No. 9 filed on August 14, 2013 and related notice of tax levy filed on March 12, 2003.

[7] Per Proof of Claim No. 15 filed on August 22, 2013 and amended on August 27, 2003 and related notice of tax levy filed on June 26, 2013.

12. The Debtor notes that each of the Purported Lienholders also purport to hold a mortgage or lien on the Debtor's real estate and certain other assets of the estate, which will not be conveyed to the purchaser of the Debtor's operational assets.

13. Further the Debtor notes that World Business Lender asserts that it maintains a lien on seven vehicles which remain assets of the estate and are not being conveyed to the purchaser of the Debtor's operational assets.

**Request for Relief**

14. Many of the Purported Lienholders are alleging an entitlement to post-petition interest, which if correct would increase their claims over time.

15. The Debtor believes that there is benefit in distributing the funds to be realized as a result of the sale approved in the Sale Order so long as creditors and interested parties are allowed an opportunity to review and object to the claims submitted by the Purported Lienholders and sufficient funds remain in the estate to allow for continued operation of remaining asset lines and satisfaction of the expenses of administration of the Debtor's estate.

16. Thus, the Debtor respectfully requests that the Court enter an Order establishing procedures for disbursements of sale proceeds to the Purported Lienholders once their related claims are deemed valid.

Claim Amendment and Objection Deadlines

17. First, the Debtor requests that the Court set deadlines for amendments to the claims of the Purported Lienholders and objections thereto.

18. The Debtor proposes that the Purported Lienholders be required to file an amendments to their claims which increase or modify the amounts claimed as secured within fifteen (15) days of the entry of any Order approving this Motion (the "Amendment Deadline").

Further, that the amount claimed as secured by each Purported Lienholder on the Amendment Deadline cannot be increased by any Purported Lienholder at any time in the future and each Purported Lienholder shall be irrevocably barred from seeking additional amounts as secured.

19. The Debtor proposes that any Order approving this Motion be served upon all creditors of the Debtor. Further, that any creditor or party-in-interest (including the Debtor) should be required to submit an Objection to any claim of a Purported Lienholder or the priority of such Purported Lienholder's lien with respect to the assets conveyed in the Sale Order as set forth in paragraph 14 of this Motion within forty-five (45) days of the entry of any Order approving this Motion (the "<u>Objection Deadline</u>").

20. Finally, that such Objection shall state with specificity the grounds for the Objection, the portion of the claim that is being contested, and whether the objecting party objects to payment of the remaining portion of the Purported Lienholder's claim pending resolution of the Objection.

<u>Procedures for Adjudicating Claim Objections</u>

21. The Debtor proposes that if a party timely files an Objection contesting the validity of a Purported Lienholder's lien or asserting an entitlement to the application of the doctrine marshaling or similar type claims, no distribution will be made to such Lienholder pending further order of this Court.

22. The Debtor proposes that if a party timely files an Objection contesting the amount of a Purported Lienholder's claim, no distribution will be made to such Lienholder beyond the undisputed portion of such Purported Lienholder's claim pending further order of this Court.

23. The filing of an Objection to a claim shall initiate a contested matter and the Debtor proposes that the objecting party and the Purported Lienholder should each have a right to conduct discovery on a mutually agreeable schedule in accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure.

Request for Authority to Effect Distribution

24. The Debtor proposes that within five (5) days of the Objection Deadline, the Debtor be authorized to distribute sale proceeds as follows:

- First, to maintain and hold a reserve of $750,000.00 to allow for continued operations of asset lines not conveyed, continued maintenance of the Debtor's assets (including its real property), and satisfaction of administrative expenses of the estate including UST Fees and professional fees.

- Second, to maintain and hold a reserve of $235,091.55 pending resolution of any cure payment that may be due to Anheuser-Busch in accordance with the Sale Order.

- Third, to Helen Gaudio, as Guardian of the Estate of Earl Gaudio of all amounts outstanding as of the Objection Deadline under the DIP Order.

- Fourth, to Regions Bank in such amount as may be allowed as of the Objection Deadline.

- Fifth, to US Small Business Administration in such amount as may be allowed as of the Objection Deadline.

- Sixth, to World Business Lender in such amount as may be allowed as of the Objection Deadline.

- Seventh, to the Internal Revenue Service in such amount as may be allowed as of the Objection Deadline.

- Eighth, to the Illinois Department of Revenue in such amount as may be allowed as of the Objection Deadline.

25. The Debtor submits that the proposed distribution set forth above is in the best interest of the Debtor, its estate, its creditors and the Purported Lienholders. To the extent that there are insufficient funds to reach a level of priority of the distribution schedule set forth

above, the Debtor submits that the affected Purported Lienholder is adequately protected by the purported lien rights in the Debtor's remaining assets, including the Debtor's real estate.

26. Finally, as a part of the sale transaction approved by the Sale Order, certain vehicles will be conveyed to the Purchaser. The Debtor proposes that it be permitted to pay all lienholders of vehicles that were conveyed the proceeds of the sale related to their particular vehicles so long as no objection is filed to the claims of such vehicle lienholders by the Objection Deadline.

27. WHEREFORE, the Debtor respectfully requests that this Court enter an Order granting this Motion, approving the claim resolution and distribution procedures set forth herein, and granting such other relief as is just and proper.

        Respectfully submitted,

        ICE MILLER, LLP

        By: /s/ Ben T. Caughey
            Ben T. Caughey
            ICE MILLER LLP
            One American Square, Suite 2900
            Indianapolis, Indiana 46282-0200
            (317) 236-2100 Telephone
            (317) 236-2219 Facsimile
            ben.caughey@icemiller.com

- 8 -

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 12, 2013, I electronically filed the foregoing pleading with the Clerk of the Court using the cm/ecf system, which sent notification of such filing to the U.S. Trustee, and all parties receiving cm/ecf notice in this proceeding and to all of the Debtor's known potential secured creditors not receiving cm/ecf notice set forth on the following:

                                  By: /s/ Ben T. Caughey
                                       Ben T. Caughey
                                       ICE MILLER LLP
                                       One American Square, Suite 2900
                                       Indianapolis, Indiana 46282-0200
                                       (317) 236-2100 Telephone
                                       (317) 236-2219 Facsimile
                                       ben.caughey@icemiller.com

Chase Auto Loan
PO Box 901098
Fort Worth, TX  76101-2098

Chase
PO Box 15153
Wilmington, DE  19886-5153

Ally Financial
P.O. Box 130424
Roseville, MN  55113-0004

GE Capital
PO Box 536447
Atlanta, GA  30353-6447

Isuzu Finance of America
23906 Network Place
Chicago, IL  60673-1239

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA  19101-7346

Illinois Department of Revenue
Lien Unit
P.O. Box 19035
Springfield, IL  62794-9035

Iroquois Federal Savings & Loan
619 Gilbert St.
Danville, IL  61832-3995

Mercedes Benz Financial Diamler Truck Finance
13650 Heritage Parkway
Fort Worth, TX  76177-5323

US Small Business Administration
c/o US Department of Justice
Attn:  Gerard Brost
Central District of Illinois
318 S. Sixth Street
Springfield, IL  62701-1806