UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EARL GAUDIO & SON, INC., | ) | Case No.: 13-90942 |
| | ) | |
| Debtor. | ) | |

## FIRST INTERIM FEE APPLICATION OF ICE MILLER LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JULY 19, 2013 TO MARCH 31, 2014

Ice Miller LLP ("Ice Miller") for its *First Interim Fee Application for Allowance of Compensation and Reimbursement of Expenses for the Period from July 19, 2013 to March 31, 2014* ("Application"), respectfully states the following:

### Factual Background and Jurisdiction

1. On July 19, 2013 (the "Petition Date"), the above-captioned Debtor commenced its case under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to operate its business and manage its property as a Debtor-in-Possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and 1334.

3. On July 24, 2013, the Debtor filed its *Application for Order Authorizing Debtors to Employ Ice Miller as Counsel for the Debtors.*

4. On August 29, 2013, this Court entered an *Order Authorizing the Debtor to Employ Ice Miller LLP as Counsel for the Debtor* (the "Retention Order"), wherein the Court authorized the employment of Ice Miller as counsel and granted administrative expense priority, as allowed by the Court, to the fees and expenses incurred by Ice Miller.

5.  Pursuant to the *Order Granting, in Part, Motion for Authority to Implement Interim Compensation Procedures* (the "Order"), this Court entered on October 11, 2013, the Debtor, after notice to the United States Trustee and the Official Committee of Unsecured Creditors formed herein, was authorized to distribute two (2) partial payments to Ice Miller, specifically the following:

(i) October 31, 2013, in the amount of One Hundred Thirteen Thousand, Three Hundred Seventy-One and 98/100 Dollars ($113,371.98); and

(ii) December 30, 2013, in the amount of Forty-Four Thousand, Five Hundred Eighty-Six and 87/100 Dollars ($44,586.87)

Which together total One Hundred Fifty-Seven Thousand, Nine Hundred Fifty-Eight and 85/100 Dollars ($157,958.85).

6.  This Application is the first interim application filed by Ice Miller seeking the approval of fees and expenses.

7.  This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1344(b) and the resolution of this Application constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The Court has authority to grant the relief requested in the Application pursuant to 11 U.S.C. §§ 327(e), 330, and 331.

**Request for Compensation and Reimbursement of Fees and Expenses**

8.  By this Application, Ice Miller seeks interim approval of the fees and expenses incurred from July 19, 2013 to March 31, 2014 (the "Fee Period").

9.  Pursuant to the Retention Order, Ice Miller has provided a variety of necessary services to the Debtor during the Fee Period, including, but not limited to:

(a) <u>Asset Analysis and Recovery/ Sale and Disposition of Assets</u>. Assisted the Custodian of the Debtor in effecting sales of property, analyzing sale and third party claim issues, and extensive communications and negotiations regarding the same. Worked in seamless coordination with the Custodian and other professionals of the estate in marketing, negotiating, and effecting the sale of the operational assets of the Debtor, including intensive and complex negotiations with the ultimate purchaser of the assets and assisting in ensuring that appropriate due diligence was provided to all interested parties;

(b) <u>Business Operations</u>. Advised the Custodian of the Debtor generally on matters related to the Debtor's ongoing operations, including work on addressing ongoing operational issues and advised with respect to rights and obligations as Debtor-in-Possession under Chapter 11 of the Bankruptcy Code;

(c) <u>Case Administration</u>. Assisted the Custodian of the Debtor in the preparation of pleadings filed on behalf of the Debtor and Monthly Operating Reports, reviewed and analyzed all pleadings filed in the Debtor's case as well as the correspondence and other documents received on an ongoing basis from numerous parties-in-interest, and attended to all administrative matters related to the Debtor's proceedings;

(d) <u>Claims Administration and Objections</u>. Assisted the Debtor in responding to inquiries from creditors and parties-in-interest regarding claims issues and implemented and effected a distribution procedure by which the proceeds of the sale of the Debtor's operational assets were distributed in accordance with the priorities of the Bankruptcy Code and in the most efficient manner possible under the complicated circumstances of this Chapter 11 proceeding;

(e) <u>Employee Related Isssues & 401(k) Compliance Issues</u>. Assisted the Custodian of the Debtor in addressing numerous employment issues, including a myriad of issues which arose from the separation of employment of the majority of the Debtor's employees after the cessation of the Debtor's primary business line and addressing complex issues related to 401(k) compliance concerns arising out of prior management of the Debtor, as well as correspondence and other documents related to 401(k) and ERISA compliance issues;

(f) <u>Fee and Employment Applications</u>. Addressed all issues related to professional fees of the estate, including the Custodian and all third parties retained as professionals in the estate;

(g) <u>Cash Collateral and Debtor in Possession Financing</u>. Assisted the Custodian of the Debtor in addressing issues related to use of Cash Collateral and post-petition financing, including by obtaining an infusion of cash that was critically necessary to allow the Debtor to continue to maintain its business operations and ultimately liquidate its primary assets at a favorable price for the benefit of its creditors;

 (h) <u>Relief from Stay Issues</u>. Assisted the Custodian of the Debtor in addressing issues related to various requests to lift the automatic stay and addressing the large fleet of vehicles owned by the Debtor and effectively working with the Custodian to ascertain which vehicles had value to the estate and the best and most efficient and effective method to obtain value for such vehicles for the benefit of the estate's creditors;

 (i) <u>Litigation Matters</u>. Assisted the Custodian of the Debtor in the evaluation and pursuit of causes of action, assisted in the process of litigating matters related to the operation of the Debtor's business operations, including the successful pursuit of a claim against Bank of America for funds owed to the estate in excess of $190,000.00 and the continuing and ongoing complex work of evaluating and pursing claims against third parties; and

 (j) <u>United States Trustee Communication Activities</u>. Assisted the Custodian of the Debtor in efficiently complying with the United States Trustee guidelines and comprehensively working to address all informational requests of the Office of the United States Trustee.

The above descriptions serve as a general summary of the services provided by Ice Miller and are intended only to highlight areas of particular importance in this case and a complete description of all activities performed by Ice Miller are found in Ice Miller's billing statements attached hereto as **Exhibit A**.[1]

 10. Ice Miller's billing statements, attached hereto as **Exhibit A**, set forth in detail the nature of services rendered by Ice Miller, the dates on which Ice Miller's personnel rendered such legal services, the identity of Ice Miller's attorneys who performed such legal services, the time spent by each of Ice Miller's personnel in performing such legal services, and the amount of fees attributable to each such legal service performed by Ice Miller's attorneys.

---

[1] Due to the voluminous nature of Ice Miller's billing statements, in an effort to minimize copying and postage expenses, copies of the same are being served only upon parties receiving cm/ecf notice (including the United States Trustee and counsel for the Official Committee of Unsecured Creditors) and all other parties will be provided with a copy of the same upon request made to counsel for the Debtor.

11. Ice Miller's billing statements provide the hours spent by the professionals for whom compensation is sought, reflect the hourly rate charges for each of the professionals, and break time and expenses out into matter related to well-defined categories of services.

12. The following Ice Miller attorneys and paralegals rendered services to the Debtor during the Fee Period[2]:

| Attorney/Paralegal | Hours | Rate | Total |
|---|---|---|---|
| Aaron Aft | 0.70 | $240.00 | $168.00 |
| Cheryl Bartelt | 13.80 | $220.00 | $3,036.00 |
| Craig Burke | 38.80 | $465.00 | $18,042.00 |
| John Burke | 4.50 | $485.00 | $2,182.50 |
| Ben Caughey | 293.50 | $420.00 | $123,270.00 |
| Isaac Colunga | 1.40 | $320.00 | $448.00 |
| Henry Efroymson | 2.10 | $555.00 | $1,165.50 |
| David Hight | 157.10 | $465.00 | $73,051.50 |
| Richard Johnson | 19.80 | $470.00 | $9,306.00 |
| Richard Libert | 2.50 | $320.00 | $800.00 |
| Sherri Malloy | 31.80 | $220.00 | $6,996.00 |
| Elizabeth McKillip | 108.10 | $360.00 | $38,916.00 |

---

[2] As an accommodation to the estate, Ice Miller has reduced its hourly rates for certain professionals pursuant to the Retention Order, and further, has used its historical rates with no increases in rates, thus is providing services to the estate at below the hourly rates charged in other engagements of similar types and character.

| Denita Merlau | 6.50 | $230.00 | $1,495.00 |
|---|---|---|---|
| Laurie Miller | .50<br>3.50 | $420.00<br>$405.00 | $210.00<br>$1,417.50 |
| Miranda Morgan | 7.40 | $320.00 | $2,368.00 |
| Jennifer Okey | 124.30 | $150.00 | $18,645.00 |
| Ryan McCabe Poor | 2.60 | $450.00 | $1,170.00 |
| Mark Richards | 0.40 | $555.00 | $222.00 |
| Michael Roth | 5.50 | $480.00 | $2,640.00 |
| Elizabeth Thomas | 61.90 | $260.00 | $16,094.00 |

13. The amount of fees incurred during the Fee Period totals Three Hundred Twenty-One Thousand, Six Hundred Forty-Three Dollars ($321,643.00). All of the services performed by Ice Miller are set forth in **Exhibit A** and have been billed at the standard hourly rates established by Ice Miller by all denoted timekeepers.

14. During the Fee Period, as itemized and summarized in **Exhibit A**, Ice Miller incurred expenses in connection with its representation of the Debtors totaling Eight Thousand, Nine Hundred One and 03/100 Dollars ($8,901.03). Ice Miller submits that each expenditure was a necessary and reasonable cost incident to the performance of Ice Miller's services for the Debtor.

15. Ice Miller submits that, pursuant to Section 330 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, and the Retention Order, it is entitled to

compensation and reimbursement for the fees and expenses set forth in this Application. Ice Miller's services are properly compensable, were actual and necessary expenses of the administration of the estate, and have aided in the administration of the case and helped the Debtor fulfill its duties under the Bankruptcy Code.

WHEREFORE, Ice Miller requests that the Court enter an Order approving the Application and:

(A)  Allowing interim compensation to Ice Miller in the sum of Two Hundred Eighty-Nine Thousand, Four Hundred Seventy-Eight and 70/100 Dollars ($289,478.70), which amounts to 90% of the fees incurred during the Fee Period ($321,643.00);

(B)  Allowing Ice Miller the sum of Eight Thousand, Nine Hundred One and 03/100 Dollars ($8,901.03) as reimbursement for out-of-pocket expenses incurred during the Fee Period as a result of its representation of the Debtor;

(C)  Authorizing the estate to satisfy all unpaid costs due to Ice Miller as well as the difference between the $289,478.70 in fees sought pursuant to this Application and the prior fee payments made to Ice Miller in the amount of One Hundred Fifty-Seven Thousand, Nine Hundred Fifty-Eight and 85/100 Dollars ($157,958.85) – specifically <u>One Hundred Thirty-One Thousand, Five Hundred Nineteen and 85/100 Dollars ($131,519.85)</u>; and

(D)  Granting such other relief as is just and proper.

Dated: June 13, 2014

        Respectfully submitted,

        ICE MILLER LLP

        By: /s/ Ben T. Caughey
            Ben T. Caughey
            One American Square, Suite 2900
            Indianapolis, Indiana 46282
            Telephone: (317) 236-2100
            Facsimile: (317) 592-5431
            Ben.Caughey@icemiller.com