**IT IS SO ORDERED.**

**SIGNED THIS: August 21, 2014**

_____
**Mary P. Gorman
United States Chief Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

In re:       EARL GAUDIO & SON, INC.,                    Case No.       13-90942

               Debtor.                                                    Chapter 11

## ORDER

The following having been filed:

1) Ice Miller LLP's First Interim Fee Application (#234)

2) United States Trustee's Objection to Ice Miller LLP's First Interim Fee Application (#239)

3) The Official Unsecured Creditors' Committee's Limited Objection to Ice Miller LLP's First Interim Fee Application (#241)

4) Ice Miller LLP's Supplement to First Interim Fee Application (#247)

-1-

5) Ice Miller LLP's Second Supplement to First Interim Fee Application (#270)

6) Ice Miller LLP's Third Supplement to First Interim Fee Application (#281)

IT IS ORDERED THAT:

| Matter | Action |
| --- | --- |
| 1-6 | For the reasons set forth below, the First Interim Fee Application ("Fee Application") of Ice Miller LLP is granted in part and denied in part. Ice Miller's attorney fees in the amount of $316,831 are allowed. The remaining requested attorney fees are denied. The Debtor is authorized to pay Ice Miller the sum of $127,189.05. This amount represents 90% of the allowed fees less previously received payments of $113,371.98 and $44,586.87. |
| | For the reasons set forth below, Ice Miller's costs are allowed in the amount of $3277.90, and the Debtor is authorized to pay that amount. The $226 requested cost for an attorney admission fee is denied with prejudice. The balance of requested costs in the amount of $5397.13 is denied without prejudice. |
| | This Court has an independent duty to review all fee applications for reasonableness. *See In re Wildman*, 72 B.R. 700, 705 (Bankr. N.D. Ill. 1987); *In re Vancil Contracting, Inc.*, 2008 WL 207533, at*2 (Bankr. C.D. Ill. Jan. 25, 2008) (collecting cases). The applicant has the burden of proof to show entitlement to the fees requested. *See In re Price*, 143 B.R. 190, 192 (Bankr. N.D. Ill. 1992), *aff'd* 176 B.R. 807 (N.D. Ill. 1993), *aff'd and remanded* 42 F.3d 1068 (7th Cir. 1994). A number of factors should be considered in determining the reasonableness of requested fees. In addition to the time and labor required, those factors include the novelty of the issues, the required skills to perform the work, and the actual experience and ability of the attorneys performing the work. A complete fee application should include not only a complete itemization of the |

time expended but also a narrative explaining the "how" and "why' of the work and establishing the necessity of the services rendered. *See Wildman*, 72 B.R. at 707.

Here, the Fee Application fell well short of what was required. The itemization of time included entries by numerous unidentified individuals and, even after supplementation, virtually nothing about the skill or experience of any of the attorneys has been provided. Likewise, almost no narrative was provided. Only a general overview of the work done was included. Further, the Fee Application contained mathematical errors and the Court twice had to ask for supplements to clarify the calculation of the fees requested.

Notwithstanding the significant deficiencies in the Fee Application even as supplemented, this Court has awarded most of the fees requested. The United States Trustee ("UST") and counsel for the Unsecured Creditors' Committee have vouched for the quality of the work done, and it is clear that the prompt sale of the Debtor's assets maximized the potential for creditor recovery here.

The attorney fees awarded were calculated by taking the amount requested of $321,643 and subtracting from that $1520 because the billing itemization attached to the Fee Application added up to only $320,123. From that amount, the $3292 reduction agreed to by the UST and Ice Miller was deducted, resulting in the total of $316,831.

The agreement between the UST and Ice Miller was not binding on the Court, and both parties are admonished that, in the future, a better explanation of an agreed deduction should be provided. When the agreement was announced at a hearing on July 9, 2014, the Court invited Ice Miller to provide supplemental information. Although a Supplement (#247) was filed, it provided no real explanation of how the $3292 was calculated or precisely what defects in the Fee Application it was intended to remedy. In the future, if better explanations are not provided, Ice Miller risks that the Court will make the deduction agreed upon with the UST and then make further deductions of its own.

With respect to costs, reimbursement is allowed only for fully documented, actual, out-of-pocket expenses. See 11 U.S.C. §330(a)(1)(B); *Wildman*, 72 B.R. at 731, *Vancil Contracting*, 2008 WL 207533, at *6. Expenses which are rightfully part of general office overhead are not reimbursable. *See In re Convent Guardian Corp.*, 103 B.R. 937, 939 (Bankr. N.D. Ill. 1989).

Here, many of the expenses for which reimbursement is sought are not sufficiently documented to be allowed. The costs which have been allowed include $2101.87 in costs itemized on pages 47-48 of the October 9, 2013, invoice. Disallowed with prejudice from that invoice is the $226 for attorney admission which never should have been charged in the first place. Also disallowed but without prejudice are the $1044.11 in charges shown on page 48 as incurred on September 9, 2013, and consisting of an overnight delivery fee, long distance charges, courier expense, photocopies, postage expense, and teleconferencing charges. Many of these charges may well be overhead, and none are itemized in any way which would suggest otherwise.

From the December 10, 2013, invoice, expenses in the amount of $550.43 are allowed. These represent four charges of $90.96 each for mileage, $140.98 for an itemized copy charge related to a subpoena to Discover Bank, and $45.61 in itemized fees for production from Regions Bank shown on pages 25-26. All other costs which totaled $1518.56 are disallowed without prejudice because they lack the requisite detail. Some of the charges are for as little as a one-page copy which strongly suggests that some copying which should be part of overhead is being charged here.

From the May 31, 2014, invoice, $625.60 in costs are allowed. The costs allowed include two charges of $90.96 for mileage, two $49 charges to record releases, $293 for a filing fee, and $52.68 for a search fee shown on pages 33-34. The balance of costs requested in the amount of $2834.46 are disallowed without prejudice due to lack of itemization and detail.

Because of the Court's concern about the lack of itemization of expenses, the Court declines to accept the UST's recommendation

of a flat deduction of $1000 from the costs requested. The costs which were disallowed without prejudice may, however, be requested on future applications provided that sufficient detail is included to justify each expense and to establish that the expense is not of the type which should be included in general overhead.

This Court declines to follow the recommendation of the Unsecured Creditors' Committee that the hold-back on the fee award be increased from 10% to 20%. The Court sees no indication that the Ice Miller attorneys have been dilatory. The Court does not believe that holding back more of the fees will create an incentive to deal more quickly with remaining matters.

Finally, Ice Miller and the attorneys working on this case are strongly admonished that future Fee Applications must be more detailed and must be proofread before filing. The Court will not continue to ask for clarifications of mathematical and typographical errors and will simply resolve such discrepancies in favor of the estate and against Ice Miller.

Go to *www.ilcb.uscourts.gov* for information regarding this court's mandatory electronic filing policy.

###