SIGNED THIS: January 25, 2017

_____
**Mary P. Gorman
United States Chief Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re ) | |
| ) | Case No. 13-90942 |
| EARL GAUDIO & SON, INC., ) | |
| ) | Chapter 11 |
| Debtor. ) | |

# O P I N I O N

Before the Court is the Illinois Department of Revenue's Request for Payment of Administrative Expenses. After considering the documents filed in this case and hearing the arguments of counsel, the Court concludes that the Debtor's 2013 business income tax debt is entitled to administrative expense priority treatment.

### I. Factual and Procedural Background

On July 19, 2013, a voluntary petition under Chapter 11 was filed by Earl

Gaudio & Son, Inc. ("Debtor"). On June 16, 2015, the Illinois Department of Revenue ("IDOR") filed a claim for Illinois business income tax for the 2013 taxable year in the amount of $689,376.27, asserting it was entitled to priority treatment in the amount of $389,376.27. The same day, the IDOR also filed a claim for post-petition 2013 liquor taxes in the amount of $84,107.62, asserting the entire claim was entitled to priority. Both claims were filed only on the claims docket using standard claim forms, although each was labeled "Administrative Expense Claim."

Subsequently, at the request of the Debtor, a deadline of September 30, 2016, was set for any entity to file a request for payment of administrative expenses, other than professional fees, that arose, accrued, or otherwise became due and payable on or after July 19, 2013 ("Petition Date"), and through June 30, 2016. The IDOR then timely filed its Request for Payment of Administrative Expenses (docketed as "Application for Administrative Expenses Pursuant to 11 U.S.C. 503"), arguing that it is entitled to an allowed administrative expense claim for the 2013 business income taxes due to it under the Illinois Income Tax Act, 35 ILCS 5/101, *et seq.*, in the amount of $796,659.42. The IDOR also asserted that it is entitled to an allowed administrative expense claim for taxes imposed on the Debtor under the Illinois Liquor Control Act of 1934, 235 ILCS 5/8-1, after the Petition Date in the amount of $124,446.15. The IDOR argued that it is entitled to administrative expense treatment on its claims pursuant to §503(b)(1)(B)(i) because the debts were incurred by the estate after the Petition Date and because they are otherwise ineligible for priority treatment under §507(a)(8). The Debtor responded to the IDOR's request, disputing the amounts asserted by the IDOR for both the business income and liquor taxes and further arguing that the 2013

business income taxes were not incurred by the estate.

At a hearing held November 8, 2016, the parties informed the Court they were close to resolving their dispute as to the amounts owed on the business income and liquor taxes. They also reported that there was no longer any dispute that the 2013 liquor taxes were incurred by the estate. The parties agreed that the only issue still to be resolved was whether and to what extent the business income taxes were entitled to administrative priority, with the key area of dispute being whether those taxes were incurred by the estate. After hearing arguments on the remaining dispute, the matter was taken under advisement and is now ready for decision.

## II. Jurisdiction

The Court has jurisdiction over the matters before it pursuant to 28 U.S.C. §1334. All bankruptcy cases filed in the Central District of Illinois have been referred to the bankruptcy judges. CDIL-Bankr. LR 4.1; *see* 28 U.S.C. §157(a). The resolution of disputes regarding the allowance or disallowance of claims against an estate are core proceedings. 28 U.S.C. §157(b)(2)(B). The matters here arise directly from the Debtor's bankruptcy itself and from the provisions of the Bankruptcy Code and may therefore be constitutionally decided by a bankruptcy judge. *See Stern v. Marshall*, 564 U.S. 462, 499 (2011).

## III. Legal Analysis

The IDOR wants to receive administrative expense claim treatment for its business income and liquor tax claims in order to receive a higher priority when

the limited assets of the Debtor are distributed. To understand the IDOR's rights to such treatment, a review of the statutory framework for allowing and classifying priority claims is required.

Section 507(a)(2) gives second priority to "administrative expenses allowed under Section 503(b)[.]" 11 U.S.C. §507(a)(2). Section 503(b)(1), in turn, provides that administrative expenses shall be allowed for "any tax . . . incurred by the estate, . . . [including fines and penalties,] . . . except a tax of a kind specified in section 507(a)(8)[.]" 11 U.S.C. §503(b)(1)(B)(i), (C). Thus, for a tax to be afforded administrative expense priority, it must (1) be "incurred by the estate," and (2) not be a claim that is given eighth priority under §507(a)(8). 11 U.S.C. §503(b)(1).

Taking up the second part first, §507(a)(8) provides, in relevant part, that allowed unsecured claims of governmental units are entitled to eighth priority treatment to the extent such claims are for "a tax on or measured by income or gross receipts for a taxable year ending on or before the date of the filing of the petition . . . (i) for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition; (ii) assessed within 240 days before the date of the filing of the petition . . . ; or (iii) . . . not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case[.]" 11 U.S.C. §507(a)(8)(A).

As the IDOR argues, and the Debtor concedes, the 2013 Illinois business income tax debt does not fall within the gamut of §507(a)(8), and is therefore not disqualified from administrative expense priority under §503(b)(1) on that basis. Section 507(a)(8)(A) was amended by the Bankruptcy Abuse Prevention Consumer Protection Act of 2005 ("BAPCPA"), limiting the scope of eighth priority treatment

to tax claims for taxable years "ending on or before the date of the filing of the petition[.]" 11 U.S.C. §507(a)(8)(A). Prior to BAPCPA, the former §507(a)(7) created a catch-all provision by giving seventh priority treatment not only to tax claims for taxable years that ended on or before filing, but also to any tax that was assessable after the commencement of the case—without regard to the taxable year. The distinction is critical to priority determinations such as the one before the Court. *Compare Towers v. United States (In re Pacific-Atlantic Trading Co.)*, 64 F.3d 1292, 1301-04 (9th Cir. 1995) (corporate tax liability was not entitled to administrative expense treatment, despite being incurred by the estate, because it fell within the exception of former §507(a)(7)), *with In re FR & S Corp.*, 2011 WL 1261329, at *1 (Bankr. D.P.R. Mar. 30, 2011) (concluding that *Pacific-Atlantic Trading* was inapposite because the language of §507(a)(8) was amended by BAPCPA). Here, the Debtor filed its Chapter 11 petition on July 19, 2013, and the taxes at issue are for the 2013 taxable year. Because it is not disputed that the Debtor was operating on a calendar-year accounting period that ended on December 31, 2013, the 2013 Illinois business income taxes do not qualify for eighth priority treatment under §507(a)(8), and are therefore not excepted from administrative expense priority treatment under §§503(b)(1) and 507(a)(2).

The more difficult issue before the Court is whether the tax debt was "incurred by the estate." As the Debtor points out, this requires a two-part inquiry—when the tax is incurred and by whom. The Bankruptcy Code does not define the term "incurred," and while cases in this circuit dealing with the issue are sparse, several other courts have determined that, for purposes of §503(b)(1)(B)(i), a tax on income is incurred when it accrues and becomes a fixed

liability or when liability has been inescapably imposed. *See, e.g.*, *In re Garfinckels*, 203 B.R. 814, 820-21 (Bankr. D.D.C. 1996) (collecting cases that examined when liability was inescapably imposed under state law for purposes of determining when a tax was incurred); *cf. Marion County Treasurer v. Blue Lustre Products, Inc. (In re Blue Lustre Products, Inc.)*, 214 B.R. 188, 189-90 (S.D. Ind. 1997) (observing that other courts have determined that a property tax is incurred as soon as the tax accrues and the debtor is liable).

State law determines the date that a tax is incurred. *Butner v. United States*, 440 U.S. 48, 55 (1979) (property interests are created and defined by state law); *City of White Plains v. A & S Galleria Real Estate, Inc.(In re Federated Dep't Stores, Inc.)*, 270 F.3d 994, 1000 (6th Cir. 2001) (looking to New York law to determine when the tax accrued and became a fixed liability); *Midland Central Appraisal Dist. v. Midland Indus. Serv. Corp. (In re Midland Indus. Serv. Corp.)*, 35 F.3d 164, 166-67 (5th Cir. 1994) (a tax is incurred on the date it accrues, meaning the date the event triggering liability occurs); *W. Va. Dep't of Tax & Revenue v. IRS (In re Columbia Gas Transmission Corp.)*, 37 F.3d 982, 984-86 (3d Cir. 1994) (tax is incurred when it is fixed, regardless of when it is assessed or payable). The Illinois Income Tax Act ("Act") does not specifically identify when tax liability is incurred by a taxpayer. Nor does the Act explicitly provide when an obligation becomes fixed or inescapably imposed. The Act does provide, however, that "a tax measured by net income is . . . imposed on every . . . corporation . . . for each taxable year[.]" 35 ILCS 5/201(a). Net income refers to base income, which, for corporations, is defined as "taxable income," or income that is "properly reportable for federal income tax purposes for the taxable year[.]" 35 ILCS 5/202, 203(b)(1), (e)(1). And

a taxpayer's taxable year is simply the calendar or fiscal year upon which base income is computed. 35 ILCS 5/1501(a)(23). Moreover, §1501 of the Act provides that "[t]he terms 'paid', 'incurred' and 'accrued' shall be construed according to the method of accounting upon the basis of which the [taxpayer's] base income is computed under [the] Act." 35 ILCS 5/1501(a)(15). Significantly, income tax in Illinois is assessed on the date of the filing of the tax return, 35 ILCS 5/903(a)(1), which a number of courts have noted is not necessarily equivalent to the time a tax is incurred. *See, e.g.*, *Blue Lustre Products*, 214 B.R. at 189-90. The provisions of the Illinois Income Tax Act, when read together, provide that business income tax is incurred no earlier than the end of the taxable year, when liability is accrued and fixed or inescapably imposed.

The Debtor cites *National Realty and Inv. Co. v. Illinois Dep't of Revenue*, 144 Ill. App. 3d 541, 547, 494 N.E.2d 924, 928 (1986), for the proposition that the receipt of payment or income is the taxable event upon which a tax is levied. And while the Debtor accurately cites the court's opinion, it is inapposite when viewed in the context of the whole. In *National Realty*, the taxpayer elected to report its gains on the sale of property by the installment method of accounting, "reporting as income that portion of each year's payment that the gain on sale . . . bore to the total contract price[.]" *Id.* at 543. In other words, the taxpayer elected to pay tax on the gain of the sale over several years by reporting the installment payments as income for the taxable years in which they were received. But nothing in the court's holding can be construed as determining that tax liability is incurred at the moment income is received. Rather, the proposition cited by the Debtor that the receipt of income is the taxable event is consistent with *Garfinckels* and the

cases cited therein that held that, under the applicable state law, a tax debt is incurred at the time liability has been inescapably imposed—despite the fact that the event upon which the tax is levied occurred earlier. *Garfinckels*, 203 B.R. at 820-822 (destruction or loss after the occurrence of the taxable event could impact the total realized gain within the taxable year upon which liability is imposed).

The Debtor seems to conflate the concept of "taxable event" with "tax liability." Most taxpayers have numerous taxable events occur during the course of any tax period. Every receipt of potentially taxable income, whether from wages, interest, dividends, rent, or asset sales, may be a taxable event. But a taxpayer's liability to pay a particular amount of taxes is generally calculated only at the end of a tax period, when all taxable events occurring during the period and when all deductions and credits that may be available to offset otherwise payable taxes are known. The occurrence of a taxable event is only one factor in calculating an entity's tax liability for a particular tax period and the date of such event is not the date when tax liability is fixed or inescapably imposed.

The IDOR cites *Pacific-Atlantic Trading*, where the Ninth Circuit considered whether federal "tax on income earned or accrued pre-petition which becomes ascertained or payable post-petition is 'incurred by the estate' and therefore entitled to administrative priority." 64 F.3d 1292. Although federal taxes were at issue in *Pacific-Atlantic Trading*, the decision is helpful given the Illinois Income Tax Act's general deference to federal tax laws. There, the court noted that taxes on income earned and payable post-petition, and thus incurred by the estate, were administrative expenses before determining that a tax on income earned pre-petition but ascertained or payable post-petition was incurred by the estate

because the legislative history indicated a clear intent to treat a tax on income as "incurred" on the last day of the taxable period.[1] *Id.* at 1298-1301. But *Pacific-Atlantic Trading* has been criticized by at least one court for its reliance on legislative history for provisions that were never enacted, despite coming to the same determination. *Garfinckels*, 203 B.R. at 820-22.

Ultimately, the majority of cases seeking to ascertain the meaning of the term "incurred" for purposes of §503(b)(1)(B) have come to the same conclusion—a tax is incurred when it is accrued and liability is fixed or when liability has been inescapably imposed. And because that date, for income tax under Illinois law, is the end of the taxable year, Illinois business income tax is incurred at that time. Again, the Debtor filed its Chapter 11 petition in the middle of the 2013 taxable year, resulting in both pre- and post-petition business income. But because tax liability for the 2013 taxable year was not imposed until the end of 2013, the tax liability for the entire year was incurred post-petition.

Having determined that the tax liability for all of the 2013 business income was incurred post-petition, there remains a related question as to whether the tax was incurred by the estate. The IDOR cites *Hall v. United States*, 132 S. Ct. 1882 (2012), in support of its argument that the 2013 business income tax debt was incurred by the bankruptcy estate. There, the Court addressed the issue in the context of a Chapter 12 bankruptcy. *Id.* In concluding that a tax debt was not incurred by the Chapter 12 estate, the Court discussed the applicability of §§1398

---

[1] The court went on to deny administrative expense treatment of the federal tax on income based on it falling within the exception listed in pre-BAPCPA §507(a)(7). As discussed *supra*, §507(a)(8) of BAPCPA now controls and does not disqualify such tax claims from administrative expense priority.

and 1399 of the Internal Revenue Code and the distinction between the two sections. *Id.* at 1887 (citing 26 U.S.C. §§1398 and 1399). Section 1398 provides that in individual Chapter 7 or 11 bankruptcies, the estate is liable for taxes. 26 U.S.C. §1398. Section 1399 provides, however, that, except as provided in §1398, no separate taxable entity results from the commencement of a bankruptcy case. 26 U.S.C. §1399. On that basis, the Court in *Hall* held that taxes in a Chapter 12 case are not incurred by the estate. *Hall*, 132 S. Ct. at 1887.

The case before this Court is distinguishable in that it involves a Chapter 11 bankruptcy. And while the petition was not filed by an individual, thereby creating a separate taxable estate, there is a distinction between Chapter 11 cases and those filed under other chapters, as the Court in *Hall* was careful to point out. *Hall*, 132 S. Ct. at 1892-93. Specifically, the Court explained that "[a]lthough estates of corporate debtors are not separate taxable entities under 26 U.S.C. §§1398 and 1399, the [Internal Revenue Code] requires a trustee that 'has possession of or holds title to all or substantially all the property or business of a corporation' to 'make the return of income for such corporation.'" *Id.* at 1892-93 (quoting 26 U.S.C. §6012(b)(3)). Although the specific issue was not before it, the Court's discussion regarding a Chapter 11 estate's obligations on behalf of a debtor corporation make clear that tax liabilities for tax years ending post-petition are incurred by the estate.

### IV. Conclusion

Illinois business income tax is incurred at the end of the taxpayer's taxable year. Where a Chapter 11 petition is filed during a taxable year, the tax on all

income for that taxable year—without regard to whether the income was earned before or after the petition date—is considered a post-petition tax debt that is incurred by the estate. Because the Debtor's 2013 Illinois business income tax debt owed to the IDOR for the 2013 taxable year was incurred after the Petition Date, it is entitled to administrative expense priority.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###