IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | Case No: 13-90942 |
| | ) | |
| EARL GAUDIO & SON, INC., | ) | Judge Mary P. Gorman |
| | ) | |
| Debtor. | ) | Chapter 11 |

**SUMMARY OF
SECOND INTERIM APPLICATION OF ICE MILLER LLP,
COUNSEL TO THE DEBTOR, FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD
APRIL 1, 2014 TO NOVEMBER 30, 2016**

Name of Applicant:                                   Ice Miller LLP

Authorized to Provide
Professional Services as:                       Counsel to the Debtor

Date of Application:                               November 22, 2017

Date of Order Approving
Appointment:                                          August 29, 2013

Period for which Fees and
Reimbursement are sought:                 April 1, 2014 to November 30, 2016

Amount of Fees sought as Actual,
Reasonable and Necessary:                 $1,281,173.00

Amount of Expense
Reimbursement sought as Actual,
Reasonable and Necessary:                 $    45,105.57

Total Amounts of Fees and Expenses
Sought to be Allowed as Actual,
Reasonable and Necessary:                 $

         This application is:  __X__ interim _____ final.

CLIENT CERTIFICATION

     I hereby certify, as a representative of First Midwest Bank as Custodian for Earl Gaudio & Son, Inc., the Debtor herein, that I have reviewed the Second Interim Application of Ice Miller LLP, Counsel to the Debtor, for Allowance of Compensation and Reimbursement of Expenses for the Period April 1, 2014 to November 30, 2016, and that the Custodian approves the Second Interim Application.

Date: November 22, 2017

                    First Midwest Bank as Custodian for
                    Earl Gaudio & Son, Inc.

                    By _____

                    Its _Vice President_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | Case No: 13-90942 |
| | ) | |
| EARL GAUDIO & SON, INC., | ) | Judge Mary P. Gorman |
| | ) | |
| Debtor. | ) | Chapter 11 |

**SECOND INTERIM APPLICATION OF ICE MILLER LLP,
COUNSEL TO THE DEBTOR, FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD
APRIL 1, 2014 TO NOVEMBER 30, 2016**

Ice Miller LLP ("Ice Miller" or "Applicant"), Counsel to the Debtor in the above-captioned Chapter 11 case, hereby applies for Allowance of Compensation and Reimbursement of Expenses ("Second Interim Application"), for the Second Interim Period from April 1, 2014 to November 30, 2016 (the "Second Interim Period") in accordance with (a) 11 U.S.C. §§ 330 and 331, (b) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and (c) the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. §330 adopted by the Executive Office for United States Trustees (the "UST Guidelines").

In support of this Second Interim Application, Ice Miller respectfully represents as follows:

**PART A: PRELIMINARY STATEMENT**

1.     On July 19, 2013 (the "Petition Date"), the above-captioned Debtor commenced its case under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The

Debtor has continued to operate its business and manage its property as a Debtor-in-Possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.

3.      On July 24, 2013, the Debtor filed its *Application for Order Authorizing Debtor to Employ Ice Miller as Counsel for the Debtors* (Doc. 13).

4.      On August 29, 2013, this Court entered an *Order Authorizing the Debtor to Employ Ice Miller LLP as Counsel for the Debtor* at Doc. 72 (the "Retention Order"), wherein the Court authorized the employment of Ice Miller as counsel and granted administrative expense priority, as allowed by the Court, to the fees and expenses incurred by Ice Miller.

5.      Pursuant to the *Order Granting, in Part, Motion for Authority to Implement Interim Compensation Procedures* entered October 11, 2013 at Doc. 138 (the "Interim Procedures Order"), the Debtor, after notice to the United States Trustee ("U.S. Trustee") and the Official Committee of the Unsecured Creditors formed herein (the "Committee"), was authorized to distribute two partial payments to Ice Miller, one on October 31, 2013 in the amount of One Hundred Thirteen Thousand Three Hundred Seventy-One and 98/100 Dollars ($113,371.98), and one on December 30, 2013 in the amount of Forty-Four Thousand Five Hundred Eighty-Six and 87/100 Dollars ($44,586.87), which together total One Hundred Fifty-Seven Thousand Nine Hundred Fifty-Eight and 85/100 Dollars ($157,958.85).

6.      On June 13, 2014, Applicant filed its first interim application seeking approval of fees and expenses incurred from July 19, 2013 to March 13, 2014 in the amount of Three Hundred Twenty-One Thousand Six Hundred Forty-Three and 00/100 Dollars ($321,643.00) and Reimbursement of Expenses in the amount of Eight Thousand Nine Hundred One and 03/100

Dollars ($8,901.03) filed at Doc. 234, which was further supplemented at Doc. Nos. 247, 270

and 281 (as supplemented, the "First Interim Application").

7.     On August 21, 2014 the Court entered an order at Doc. 282 (the "First Interim

Order") allowing fees in the amount of $316,831.00 and authorizing the Debtor to pay Ice Miller

the sum of $127,189.05, representing 90% of the allowed fees less the previously received

payments of $113,371.98 and $44,586.87.   The First Interim Order also allowed costs in the

amount of $3,277.90, and authorized the Debtor to pay that amount to Ice Miller.   The Court

denied with prejudice requested cost of $226.00 and denied without prejudice the balance of the

requested costs in the amount of $5,397.13.

8.     On August 28, 2014, the Debtor paid to Ice Miller the aggregate sum of

$130,466.95 pursuant to the First Interim Order.

9.     During the Second Interim Period, and pursuant to the Interim Procedures Order,

Applicant submitted requests for partial payment of fees and full reimbursement of expenses to

the U.S. Trustee and the Committee, and received payment as follows:

| Submittal Date | Period Covered | Fees Incurred | Fees Requested | Costs Requested | Amount Paid (Fees and Expenses Requested) |
|---|---|---|---|---|---|
| 12/3/2014 | 4/1/2014 – 11/14/2014 | $98,501.50 | $73,889.25 | $10,428.98 | $84,318.23 |
| 5/4/2015 | 11/16/2014 – 3/15/2015 | $62,005.50 | $46,429.13 | $0 | $46,429.13 |
| 12/17/2015 | 3/16/2015 – 5/31/2015 | $151,587.50 | $110,000.00 | $10,629.61 | $0 |
| Totals | | $312,094.50 | $230,318.38 | $21,058.59 | $130,747.36 |

10.     Following discussion with the U.S. Trustee and the Committee, no payment was

received on the submission dated December 17, 2015, and following that submission, no further

requests for interim compensation have been made.

11.     All services rendered and expenses incurred for which compensation or reimbursement is requested in this Second Interim Application were performed or incurred for or on behalf of the Debtor.

12.     Applicant submits that the services and expenses described in this Second Interim Application are actual and necessary and the compensation requested therefor is reasonable.

13.     Applicant requests that the Court approve, on an interim basis, the fees and expenses described in this Second Interim Application.

14.     This Second Interim Application covers a very long period of two years and eight months.  During that time period, as more fully described below Applicant's services included services related to numerous adversary proceedings, claims analysis and objection, and the sale of the Debtor's assets.  Applicant has worked to keep the office of the U. S. Trustee, Committee counsel and counsel for the U.S. Small Business Administration apprised of developments throughout the Second Interim Period.

15.     This case is administratively insolvent. The Debtor plans to file a proposed Plan of Liquidation very soon.  Applicant anticipates that the proposed Plan will provide for payment of the unpaid allowed professional fees of First Midwest Bank as Custodian for the Debtor and of Ice Miller on a subordinated basis, pro rata after the other allowed unclassified claims, allowed secured claims, and other allowed priority claims to be paid under the Plan have been paid as provided therein. In other words, the Custodian and Ice Miller will agree to subordinate payment of their unpaid professional fees in order to permit the allowed claims of other administrative, secured and priority creditors to be paid ahead of their unpaid allowed claims.

16.     In this Second Interim Application, Ice Miller requests the allowance of $1,278,476.00 in compensation for fees, of which $120,318.38 has already been paid, and

$21,568.49 for reimbursement of expenses, of which $10,428.98 has already been paid, for a

total of $1,300,044.49, of which the aggregate amount of $130,747.36 has already been paid, for

the Second Interim Period of April 1, 2014 through November 30, 2016, and further requests that

the Court authorize the Debtor to pay 50% of the unpaid fees and 100% of the unpaid expenses

allowed as requested in this Second Interim Application before the end of 2017, and the

remaining amounts pursuant to subsequent order. The full amount allowed as a result of this

Second Interim Application would be part of the calculation of the pro rata distribution to be

made pursuant to the terms of the proposed Plan.

## PART B: GENERAL INFORMATION

1.    **Second Interim Period: April 1, 2014 through November 30, 2016.**

Amount of Fees Requested for Allowance:          $1,278,476.00

Expenses Requested for Allowance:                  $21,568.49

Total:                                            $1,300,044.49

2.    **General Information.**

a.    First date services rendered in this case:  July 19, 2013

b.    The compensation request is under 11 U.S.C. § 331.

c.    Any fees and expenses awarded will be paid, upon entry of a subsequent

order authorizing payment, from the Debtor's estate.

3.    **Billing Rates, Professionals.**

Ice Miller has charged hourly rates as shown on Exhibit A for the period it has served as

Counsel to the Debtor in this case.  Biographies for each of the professionals listed in Exhibit A

are attached hereto as Exhibit A-2.

## PART C:  BILLING SUMMARY

1.      <u>**Summary Description of Services Rendered and Hours Expended.**</u> Set forth below is a summary of the significant professional services provided by the Applicant during the Second Interim Period, categorized in accordance with Ice Miller's internal system of project codes for this matter.  The descriptions and hours reported in this summary section are after revisions were made to the invoices, and accordingly, the summaries and hours reported in this section, which track the information provided on Exhibit A, the Second Interim Fee Summary, reflect: (i) reductions taken after the invoices attached as Exhibit A-1 were finalized; (ii) corrections to the invoices attached as Exhibit A-1 to move certain time entries from incorrect to correct Matter Numbers referred to below, and (iii) corrections to hourly rates, for example of legal assistants if not invoiced at the $150 amount previously required in this matter. The invoices attached as Exhibit A-1, which are redacted to protect privilege, have been marked to show where time entries were moved or reduced.  Because of these adjustments, the invoices show total amounts that are no longer accurate.  The accurate amounts are reflected in Exhibit A and in the following summaries.

During the Second Interim Period, Applicant's services included the following: Applicant prosecuted adversary proceedings in order to recover assets to the estate.  Applicant filed and resolved eight adversary proceedings during the Second Interim Period, which resulted in a total of $366,000 being brought into the estate and the resolution of Regions Bank's secured claims with a final payment from the estate of $17,500.  In addition, ongoing litigation against the Debtor's insiders and corporate entities owned by one of the insiders was resolved. While Applicant and the Custodian strongly believed and continue to believe that the allegations in the amended complaint filed against the insiders were strong and supported by significant evidence,

the matter was settled in light of the difficulties presented by ongoing costs, delay, and other concerns. In recognition that the cost of further pursuit of that adversary proceeding could be significant and that the amounts that the estate could realize if a favorable judgment were obtained by on behalf of the estate, taking into account the costs of completion of discovery, summary judgment briefing, trial, and/or an appeal, might be less than the amounts to be realized through settlement, a settlement was negotiated and consummated.

An adversary proceeding was brought seeking turnover or recovery of an interim distribution made to the U.S. Small Business Association based on a claim secured by the Debtor's warehouse property asserted by the SBA. While Applicant and the Custodian had hoped for a straight-forward resolution of that matter, those hopes have not been realized, and the estate has been required to expend significant funds responding to numerous objections and other filings by the SBA. Applicant and the Custodian will seek to resolve the SBA adversary proceeding promptly in light of the sale of the warehouse property that was subject to the SBA's mortgage.

Applicant and the Custodian have closely monitored their work in order to avoid duplication of effort. The Custodian's efforts in the adversary proceedings focuses primarily on development and support of the factual aspects of the issues, while Applicant's focus is primarily on the legal and procedural aspects.

During the Second Interim Period the UPS stores were shut down and the saleable assets were marketed and disposed of. In addition, litigation that was required to resolve access issues that limited the value of the Debtor's warehouse property was prosecuted to completion, and the warehouse property was heavily marketed. The warehouse property had been purchased by the Debtor for approximately $4.5 million. Unfortunately, and in spite of resolution of the access

issues and significant marketing efforts, the warehouse property ultimately did not generate the value that had been expected. Also during the Second Interim Period, Applicant worked with the Custodian to determine claims as appropriate for objection and payment. Objections to priority and secured claims were filed and resolved.

During the Second Interim Period, Applicant performed services as summarized in the following categories:

a.      **Matter 1 – General Representation.**  This category was used for services that did not fit into other more specific categories. The total number of hours dedicated to this category during the Second Interim Period was 12.10.

Services in this category during the Second Interim Period included: reviewed and assisted with the Debtor's 2013 and 2014 tax returns; analyzed documents and issues regarding real property owned by 1803 LLC; researched state records in connection with the corporate status of 1803 LLC; analyzed wage-earner and retirement plan issues; prepared Debtor's Illinois corporate annual report; prepared request for corporate reinstatement in Delaware and filed annual report.

b.      **Matter 2 - Asset Analysis and Recovery**.  Matter 2 was used by Applicant for services related to asset analysis and recovery. The aggregate number of hours dedicated to Matter 2 during the Second Interim Period was 922.80. Matter 2 includes a number of sub-matters used for individual adversary proceedings. The first sub-matter under Matter 2 – (Preliminary) Asset Analysis and Recovery, was used for services rendered specifically in connection with assets for which there would be no recovery action or, on a limited basis, prior to the commencement of a specific adversary proceeding. The total number of hours dedicated to this category during the Second Interim Period was 9.70.

Services in this category during the Second Interim Period included: review and analysis of historical information and asset information in connection with evaluating potential recovery claims; exchanged communications banks regarding subpoenaed financial information; analysis of potential divestiture of stock asset; and exchanged communications with prospective purchasers.

c.      **Matter 2 – American Express Adversary Proceeding.**  This category was used for services related to the Debtor's adversary proceeding against American Express. The total number of hours dedicated to this category during the Second Interim Period was 35.40. The adversary proceeding was completed during the Second Interim Period and resulted in a settlement that provided a $99,000 recovery to the estate and a claims waiver.

Services in this category during the Second Interim Period included: Reviewed history of the American Express transfers; drafted preference complaint against American Express; prepared exhibit of transfers to be attached to the preference complaint; exchanged communications with American Express counsel regarding pleadings; addressed motions and orders to extend time to answer; prepared proposed settlement terms; communications with

American Express counsel regarding settlement, late filing of answer and response to show cause; prepared for and appeared at hearings; prepared for and participated in conferences with American Express counsel regarding issues in the case and pretrial matters; prepared pretrial statement; exchanged communications with American Express counsel regarding his inquiries and the pretrial statement; prepared revised Joint Pretrial Statement; prepared for and appeared at pretrial; prepared Initial Disclosures and analyzed Initial Disclosures filed by American Express; prepared amended complaint and motion to amend; prepared for and appeared at hearing on motion to amend complaint; considered answer of American Express to amended complaint; analyzed prior communications with American Express regarding settlement and prepared correspondence to American Express counsel regarding settlement; analysis of need for discovery and review of debtor's records supporting claims against American Express in connection with same; exchanged communications with American Express counsel regarding discovery and revised disclosures; negotiation of settlement with counsel for American Express; reviewed and provided requested documents to counsel for American Express in furtherance of settlement discussions; analysis of legal arguments in American Express counter to settlement proposal; communications regarding settlement; negotiated terms of settlement agreement; prepared 9019 motion, proposed order, notice, dismissal motion and order of dismissal.

       d.     **Matter 2 – Citibank, N.A. Adversary Proceeding.**  This category was used for services related to the Debtor's adversary proceeding against Citibank, N.A.  The total number of hours dedicated to this category during the Second Interim Period was 19.20.  The adversary proceeding was completed during the Second Interim Period and resulted in a settlement that provided a $90,000 recovery to the estate and claims waiver.

       Services in this category during the Second Interim Period included: analyzed potential claims against Citibank; drafted complaint; communications with Citibank counsel regarding requested extension of time to answer; prepared motion for extension of time; communications with Citibank counsel regarding settlement; prepared settlement demand; considered counter offer; negotiated settlement terms; prepared settlement agreement; prepared Rule 9010 motion and proposed order approving settlement; prepared motion to dismiss Citibank adversary proceeding.

       e.     **Matter 2 – Dennis Gaudio Adversary Proceeding and Related Recovery Efforts.**  This category was used for services related to the Debtor's adversary proceeding against Dennis Gaudio.  The Debtor had a separate adversary against 1803, LLC, Gaudio Diversified, Eric Gaudio and Dennis Gaudio (the "District Court Adversary,") discussed below; Mr. Dennis Gaudio required that the resolution of the Dennis Gaudio adversary proceeding be related to the resolution of the District Court Adversary, and as a result, services rendered in this category also relate in some instances to resolution of the District Court Adversary.  The total number of hours dedicated to this category during the Second Interim Period was 123.50.  The Dennis Gaudio adversary proceeding was completed during the Second Interim Period, however the District Court Adversary was not completed until shortly after the end of the Second Interim Period.

       Services in this category during the Second Interim Period included: reviewed Dennis Gaudio's answer to complaint; prepared pretrial statement; communications with Mr. Gaudio regarding the pretrial and possible settlement discussion; prepared for pretrial; prepared settlement proposals; prepared Rule 26(f) disclosures; communications with Mr. Gaudio regarding settlement; prepared for settlement conference; considered Mr. Gaudio's settlement

proposal; legal research regarding legal issues and prepared portion of motion for summary judgment; analyzed discovery needed; prepared discovery requests; analyzed discovery responses received from Mr. Gaudio in connection with motion for summary judgment; prepared expert disclosure; communications with Dennis Gaudio regarding discovery, witness list and pretrial hearing status; prepared witness list and exhibit list; communications with Dennis Gaudio regarding witness list and exhibit list; compiled exhibits for motion for summary judgment; prepared affidavit in support of summary judgment; attended hearing; attended settlement meeting regarding resolution of adversary proceeding and fraud adversary; communications with Mr. Gaudio regarding extension of time to respond to motion for summary judgment and settlement; prepared settlement agreement and stipulated judgment; analysis of opposition to motion for summary judgment; negotiated settlement terms and agreement, stipulated entry, and affdavits; communications regarding financial statements and settlement; prepared Rule 9019 motion and related pleadings; considered and responded to SBA objection to settlement with Gaudios; prepared for and attended hearing on 9019 motion; further communications with Dennis and Eric Gaudio regarding settlement payment.

f.       **Matter 2 – Discover Bank Adversary Proceeding.**  This category was used for services related to the Debtor's adversary proceeding against Discover Bank.  The total number of hours dedicated to this category during the Second Interim Period was 14.80.  The adversary proceeding was completed during the Second Interim Period and resulted in a settlement that provided a $42,500 recovery to the estate and a claims waiver.

Services in this category during the Second Interim Period included: prepared avoidance action complaint against Discover Bank; communications with Discover's counsel regarding request for extension of time and regarding settlement; preparation of pleading to advise court of settlement and extension of answer date; negotiated and prepared of settlement agreement; prepared of 9019 motion and related pleadings for approval of settlement.

g.       **Matter 2 – General Asset Recovery.**  This general sub-matter category under Matter 2 was used for services related to asset analysis and recovery services that either did not relate to a specific adversary proceeding or were provided prior to a decision to commence a specific adversary proceeding.  The total number of hours dedicated to this category during the Second Interim Period was 92.40.  This subcategory and the sub-matter (Preliminary) Asset Analysis and Recovery, discussed above, are similar and overlap.

Services in this category during the Second Interim Period included: analyzed potential claims against credit card issuers who received corporate funds to pay off personal debts of the Gaudios; factual and legal research and analysis of the potential for recovery of estate assets; analyzed 90-day transfers and possible preference recoveries; prepared form of avoidance action complaint; analyzed UCC search results in connection with possible preference actions; analyzed factual backup for fraudulent transfer claims; communications with Committee counsel regarding potential recovery actions; preparation of release of lis pendens at request of creditor.

h.       **Matter 2 – Regions Bank Adversary Proceeding.** This category was used for services related to the Debtor's adversary proceeding against Regions Bank.  The total number of hours dedicated to this category during the Second Interim Period was 48.70.  The adversary proceeding was completed during the Second Interim Period and resulted in a settlement that reduced and resolved Regions' secured claims for a payment to Regions of $17,500.

Services in this category during the Second Interim Period included: analyzed Regions Bank's claims and payment history;; prepared complaint to avoid Regions Bank's guaranty; communications with counsel for Regions Bank regarding guaranty claims, adversary facts and UPS sale order, lien on 1606 Georgetown property and settlement; analyzed defenses to adversary complaint asserted by Regions Bank; prepared settlement proposal to Regions Bank; negotiated settlement; prepared of settlement agreement, 9019 motion and related pleadings; revised draft release of Regions Bank's mortgage.

      i.    **Matter 2 – Specialty Distributors of Illinois Adversary Proceeding.** This category was used for services related to the Debtor's adversary proceeding against Specialty Distributors of Illinois.  The total number of hours dedicated to this category during the Second Interim Period was 43.20.  The adversary proceeding was completed during the Second Interim Period and resulted in a settlement that provided a $35,000 recovery to the estate and resolution of the amount of Specialty's claim.

Services in this category during the Second Interim Period included: prepared fraudulent transfer complaint against Specialty Distributors; analyzed facts and prepared exhibit to complaint; communications with Specialty Distributors' counsel regarding factual basis of complaint; analyzed Specialty Distributors' answer to complaint; communications with defendant's counsel regarding Rule26(f) conference; prepared pretrial statement; prepared Rule 26 disclosures; attended pretrial conference; reviewed documents and updated Rule 26 disclosures; prepared discovery requests; responded to discovery requests from Specialty; prepared witness and exhibit lists; reviewed documents for production to Specialty; prepared expert witness disclosure; communications with opposing counsel regarding settlement; prepared for and participated in status conference with the Court; negotiated and prepared settlement agreement; prepared 9019 motion and related pleadings for approval of settlement.

      j.    **Matter 2 – U.S. Small Business Administration Adversary Proceeding.** This category was used for services related to the Debtor's adversary proceeding against the U.S. Small Business Administration ("SBA").  The total number of hours dedicated to this category during the Second Interim Period was 268.90.  This adversary proceeding is ongoing.

Services in this category during the Second Interim Period included: analyzed the claims against SBA; reviewed documents and prepared the factual allegations for complaint; prepared complaint and exhibits; communications with SBA counsel regarding adversary complaint and proposed stay of SBA adversary pending sale of building; communications with counsel for Helen and Earl Gaudio regarding SBA issues; analysis of SBA answer to complaint; conferences with SBA counsel regarding SBA's position; attempted to resolve or toll the matter pending sale of property; reviewed information on SBA pursuit of Earl Gaudio; exchanges of settlement offers and demands; analyzed facts in connection with settlement discussions; conferences with SBA counsel regarding settlement; communications with Committee counsel and U.S. Trustee regarding SBA adversary; prepared and communications with SBA on joint pretrial statement; prepared for and participated in pretrial conference; reviewed pretrial schedule and strategized regarding further discovery; analyzed admissions in SBA's answer and considered discovery to request; prepared Rule 26 initial disclosures; researched in connection with elements of proof in relation to facts admitted and relief requested; prepared for and attended status hearing; further development of settlement discussion; further efforts at settlement; analyzed expert disclosure; researched factual evidence; provided SBA access to 1803 Georgetown Road property; reviewed pleadings, law and issues for summary judgment;

drafted summary judgment motion and researched case law; developed material facts for summary judgment motion; prepared summary of issues in connection with preparation of motion for summary judgment; researched information and documents for witness and exhibit list; drafted preliminary witness and exhibit list; prepared for attended final telephonic hearing before the Court; analyzed SBA's response to motion for summary judgment; researched and reviewed case law in connection with responding to SBA pleading; drafted reply brief; analysis and preparation for hearing on motions for summary judgment; appeared at hearing on decision on motions for summary judgment; analyzed SBA's sur-reply in objection to 9019 motion related to Gaudio settlement.

   k. **Matter 2 – World Business Lenders.** This category was used for services related to the Debtor's adversary proceeding against World Business Lenders ("WBL"). The total number of hours dedicated to this category during the Second Interim Period was 267. This matter as resolved during the Second Interim Period and resulted in a settlement that provided a $99,500 recovery to the estate, release of WBL's mortgage on the Debtor's property, and a claims waiver.

   Services in this category during the Second Interim Period included: prepared factual allegations for complaint against World Business Lenders; prepared complaint; analysis of WBL answer; prepared settlement demand; reviewed documents concerning vehicles and prepared memorandum regarding summary of business records; prepared for and participated in status conference; prepared correspondence to WBL following up on settlement discussion; analyzed limited objection to claim and communications with WBL in relation to alleged defenses to complaint; prepared pretrial statement; addressed request form WBL's counsel for pleadings in state court matter; attended to order setting discovery cutoff and another pretrial hearing; prepared and participated in pretrial conference with Court; conferred with WBL's counsel regarding Counts 1 and 4 of complaint; considered position of WBL regarding status of WBL mortgage; reviewed initial disclosures; analysis of WBL position regarding Counts 1 and 4; drafted first set of discovery; analyzed case law in connection with motion for leave to amend complaint; reviewed WBL discovery requests; analyzed WBL's discovery responses; gathered information and reviewed documents for response to WBL's discovery requests; reviewed and revised agreed motion to modify joint pretrial statement; prepared revised partial consented motion for modification of a joint pretrial statement to set deadline for fact witness depositions; reviewed documents and identified documents to be produced in response to WBL's discovery requests; drafted responses to WBL discovery requests; conferences with WBL's counsel regarding discovery; created and populated data site in connection with discovery; strategized regarding settlement and engaged in settlement negotiations; prepared privilege log; drafted responses to WBL's interrogatories; prepared for and participated in status conference call with Court; received, reviewed, organized and redacted additional documents for production to WBL; prepared settlement agreement; drafted mortgage release; conferred with WBL's counsel regarding terms of settlement agreement and revised settlement agreement; prepared 9019 motion; reviewed settlement payments and cancelled documents received from WBL's counsel; attended to status of compliance with the settlement agreement; reviewed UCC termination; prepared stipulation of dismissal; corresponded with WBL's counsel regarding filing of amended proof of claim.

l.      **Matter 3 - Asset Disposition**. This category was used for services related to the disposition of assets of the Debtor's estate. The total number of hours dedicated to this category during the Second Interim Period was 287.30.

Services in this category during the Second Interim Period included: communications with interested parties regarding the sale of Debtor's personal property; prepared pleadings to request sale and employment of auctioneer to sell personal property; communications with banks and lienholders regarding release of vehicle titles in preparation for auction sale and regarding sale proceeds; attended court hearing regarding motion for sale; prepared and submitted orders to the Court granting the motion to sell and employment of auctioneer; reviewed and analyzed the auction sale report; prepared motion pursuant to Section 365(a) for an order authorizing the rejection of executory contracts; coordinated issuance of sales proceeds; reviewed and analyzed Debtor's agreements with UPS; analyzed claims related to real estate access issues; communications with prospective purchasers of the Debtor's UPS stores; assisted in marketing process of Debtor's property; worked with real estate broker regarding sale of 1803, LLC property; negotiated sale of UPS store; negotiated compromise with Regions Bank related to sale; prepared motion to sell UPS stores; analyzed claims filed by automobile manufacturers related to prior asset sale; analyzed options for auction sale of UPS store assets; considered sale issues including assumption and assignment of leases; prepared notice of intent to sell; prepared supplement to motion for sale of UPS stores regarding auction and revisions requested by UPS; prepared for and conducted UPS store auction; prepared purchase agreement for UPS store sale; participated in hearing on sale of UPS store; analyzed options and preparation of warehouse for sale; communications with potentially interested buyers for 1803 property; reviewed bulk sale requirements for UPS store sale agreement; prepared lease assignment and assumption agreement for UPS store; attention to issues relating to preparation of warehouse for sale, disposing of non-debtor assets stored at warehouse; attended to water leak at UPS store and communicated to UPS store landlord; reviewed UPS store documents for transfer to buyer and reviewed staffing issues pending closing of sale; attended to matters regarding closing of UPS store sale in Champaign and closing store in Danville; analyzed timing of notice to employees at Danville and Champaign stores; analyzed closing requirements under UPS store franchise agreement; analyzed and revised escrow agreement for Champaign store; prepared report of sale; finalized closing of UPS store sale; conferences and communications regarding sale; attention to closing of second UPS store and retention of broker and sale of building; drafted, revised and filed motion to reject contracts for Danville UPS store; worked with UPS store on termination checklist; reviewed letters to mailbox customers; analyzed bids to acquire Danville store; analyzed disposition of leased fixtures at UPS store; analyzed payment of buyout amount for fixture lease and removal of signage at UPS store; considered options for sale of inventory of UPS store to be closed; drafted motion to sell UPS inventory; analyzed issues related to termination of Comcast internet and cable service at Danville UPS store; prepared for and attended hearing on motion to reject contracts; drafted order approving rejection of UPS store contracts; researched Illinois case law regarding sale of real estate; communications with SBA, U.S. Trustee and Committee regarding status of warehouse marketing and sale efforts; communications with broker regarding marketing, leasing and sale of warehouse property; communications with parties regarding possible recovery on property at 3585 North Vermillion; communications with possibly interested purchasers for warehouse property; reviewed offers to purchase 119 E. Sangamon, Rantoul, Illinois, and background information regarding value of building; considered issues concerning

potential offer and subsequent sale process for warehouse property; analyzed sale options for warehouse property; prepared Confidentiality Agreement for bidders; considered issues with proposed sale of 119 E. Sangamon, Rantoul; reviewed tax certificate and petition for tax deed filings and conferred with County Clerk regarding logistics of redemption and amounts required for 358 N. Vermillion; prepared notice to parties regarding interest in warehouse property; prepared correspondence to potential bidder with due diligence information; communications concerning possible sale of 119 East Sangamon property; analyzed broker's marketing reports and considered how to proceed with marketing; conferred with Hilco regarding marketing of warehouse; reviewed proposed terms of Hilco engagement; reviewed terms of Binswanger agreement and analyzed issues regarding termination; prepared termination letter to Binswanger; negotiated retention of Hilco; revised Hilco agreement; prepared notice to parties regarding offer and broker issues.

m.      **Matter 4 - Business Operations**.  This category was used for services related to the business operations of the Debtor's estate.  The total number of hours dedicated to this category during the Second Interim Period was 35.60.

Services in this category during the Second Interim Period included: assistance with pre-petition tax returns; analysis of tax compliance issues and follow-up actions to be taken; communications with suppliers regarding supply contracts; communications with Internal Revenue Service regarding tax returns; communications regarding State of Illinois Department of Revenue compliance issues; prepared demand regarding damage to premises; provided information to accountant regarding loan history of vehicles in in connection with tax issues; reviewed loan history compiled for tax purposes; worked with accountant and taxing authorities regarding open tax issues; prepared communications to vehicle lenders in order to verify tax compliance; analysis of tax compliance issues and tax returns in order to pursue estate assets and maximize recovery to creditors.

n.      **Matter 5 - Case Administration**.  This category was used for general case administration services that did not fit into a more specific category.  The total number of hours dedicated to this category during the Second Interim Period was 154.90.

Services in this category during the Second Interim Period included:  communications with Committee counsel and lenders' counsel providing status reports and regarding case administration; prepared motion for authority to issue Rule 2004 subpoenas; communications regarding litigation matters, sale issues, and operational issues; prepared for and attended hearing regarding contract rejection and Rule 2004; conferred with Debtor's employee regarding status of case; considered and responded to inquiries from creditors; communications regarding potential resolution of Regions claim; communications with Internal Revenue Service regarding tax issues; drafted application and order to obtain forensic specialist; communications with U.S. Trustee regarding bank accounts; reviewed secured claims and vehicle sales issues; revised claims chart; communications with former employees regarding payment; preparation for and attended Committee meeting to discuss open matters and next steps; communications with Regions Bank's counsel regarding repayments; analysis of information regarding and attended to preparation of warehouse for sale; analyzed insurance policy provisions; addressed storage of documents and business records; communications regarding release of lis pendens on 3585 North Vermillion and related sale; reviewed real estate tax and timing issues; communications regarding appraisal and escrow agreement for 3538 North Vermillion; considered storage and disposal of stored records; considered issues with respect to chapter 7

bankruptcy by Eric Gaudio; analyzed purchase and sale agreement of 3585 North Vermillion and conferenced with counsel regarding the same; conference with Skeff contact regarding pickup from property; worked with cleaning company to prepare building for sale; reviewed HVAC and cleaning services quotes; reviewed prior appraisals for 1803 Georgetown Road and researched current listing prices; analyzed guaranties of obligations; reviewed guardianship documents; prepared exhibit to listing agreement regarding commissions; corresponded with Offutt counsel regarding Consent Decree and cooperation in marketing under settlement agreement; considered issue of demolishing 3585 North Vermillion and reviewed Consent to Demolish; communications regarding questions on application to employ broker; prepared confidentiality agreement at request of SBA; recorded real estate documents at Vermillion County Recorder attention to documents required to file plat; addressed issues regarding marketing of warehouse space; considered status of broker's efforts and real estate sale; prepared order approving Chase settlement; analyzed 401(k) inquiries from employees.

o.      **Matter 6 - Claims Administration and Objections**.  This category was used for services related to claims against the estate, including determining and reconciling claims for payment, analyzing claims for objection and objecting to claims.  The total number of hours dedicated to this category during the Second Interim Period was 348.90.

Services in this category during the Second Interim Period included:  communications with creditors and employees regarding claims; analysis of claims of and payments to Ally Bank; tracking of claims as a result of vehicles sold; communications with Ally Bank regarding outstanding balance of claims; communications with Illinois Department of Revenue regarding gallonage tax claim; analysis of asserted claims and reconciliation with books; analysis of SBA claim; communications with Internal Revenue Service regarding claim issues and tax compliance; communications regarding claim of Regions and resolution of Regions' claim; communications with former employee regarding payment of claims; review of set-off claims; analysis of claim reconciliation provided by Regions; communications with Regions regarding resolution of Regions claim; analyzed  Internal Revenue Service claims; analyzed scheduled claims and proofs of claim filed by creditors; analyzed documents regarding the disposition and sale of Debtor's vehicles to determine validity of secured claims; analyzed Debtor's amended tax return in connection with tax claims; analyzed proof of claim filed by Dennis Gaudio and related legal issues; organized proofs of claim for delivery to mediator; prepared and updated claims worksheet; reviewed pleadings and orders regarding Illinois Department of Revenue administrative claims; drafted complaint objecting to Dennis Gaudio claim and prepared exhibits to complaint; analyzed taxing authority claims; analyzed IRS claim details and payment of disbursements on account; reviewed lien searches and considered lien priorities and scope of particular liens; considered wage earner's question and conferred with former employee; corresponded with Vermillion County Clerk's office regarding real estate taxes; analyzed claims asserting secured or administrative status; reviewed Ascentium Capital and Wells Fargo Equipment Financing claims; analyzed issues relating to certain guaranties of obligations to lenders; analyzed claims filed by secured lenders on Gaudio vehicles; updated claims worksheet with revised claim information due to disposition of vehicles and identified claims that should be withdrawn or amended; researched issues concerning omnibus objections to claims; analyzed claims filed by Illinois Department of Revenue; drafted First Omnibus Objection to Claims; reviewed employee bonus order and updated master claims chart; communications with U.S. Trustee and Committee counsel regarding claims; revised claims chart and provided to U.S. Trustee and Committee counsel; communications with U.S. Trustee and Committee counsel

concerning tax return issues and payment to accounting firm; prepared letters for bonuses approved by the Court; drafted motion, notice and proposed order for administrative expense claims bar date; reviewed amended claims of Illinois Department of Employment Security; procured withdrawal of GE Capital claim; attended to amendment of Iroquois claim; communications with Mercedes Benz Financial to obtain withdrawal of secured claims; communication with JPMorgan Chase concerning claim; analysis of administrative claims and objections; revised motion for claims bar date to include lease and contract rejection bar date and damages rejection bar date; prepared for and attended hearing on motion to set administrative fee deadline and claims bar deadline; revised order and notice setting bar deadlines per Court's order; researched tax deed redemption issue; analyzed administrative, secured and priority claims to determine objections; analyzed case law and facts regarding Illinois Department of Revenue's asserted administrative claim; prepared objections to Illinois Department of Revenue administrative claim; analyzed priority claims and prepared objections to priority claims; communications with Illinois Department of Revenue regarding claim amounts; analyzed legal issues in preparation for hearing on objection to administrative claim; prepared argument for and attended hearing on Illinois Department of Revenue administrative claim; communications with counsel for Illinois Department of Revenue regarding amount of liquor tax.

      p.     **Matter 7 - Employee Benefits/Pensions**.  This category was used for services specifically related to the Debtor's employee benefits programs and was used primarily by benefits counsel.  The total number of hours dedicated to this category during the Second Interim Period was 34.30.

      Services in this category during the Second Interim Period included:  communications regarding the Department of Labor investigation and resolution of DOL matters; corrections to Debtor's 401(k) plan; communications regarding reconciliation of 401(k) accounts; communications with 401(k) plan administrator regarding corrections to 401(k) plan; prepared responses to requests for production of documents related to the 401(k) plan; reviewed 2011 investment statements and communications regarding statements; analyzed overtime issue; communications to Eric and Dennis Gaudio addressing tax and 401(k) matters; addressed 401(k) plan corrections and assignment against Gaudio accounts; attention to plan termination, distributions and election forms to participants; worked on Voya Department of Labor settlement and ability to use forfeiture account to offset safe harbor contribution receivable; reviewed Department of Labor guidance regarding allocation of mutual fund settlement proceeds.

      q.     **Matter 8 - Fees and Employment Applications.**  This category was used for services related to the employment of professionals for the estate and fee applications.  The total number of hours dedicated to this category during the Second Interim Period was 240.60.

      Services in this category during the Second Interim Period included: prepared First Interim Applications for Ice Miller and Custodian; prepared Martin Auction employment order; drafted orders for Custodian and Ice Miller first interim applications; reviewed objections to fee application; attended hearing on First Interim fee applications; prepared fee supplements pursuant to Court's orders; provided comments on accountant invoices to comply with U.S. Trustee guidelines; collected data to provide detail to cost invoices in compliance with Court's order; prepared fee and expense letters to U.S. Trustee and Committee counsel pursuant to Interim Fee Order; reviewed Custodian invoices and provided comments for compliance with

Court's order; communications with expert Lane regarding fee application for expert's fees; prepared fee recap and interim application for fees and expenses; gathered data regarding costs to update information in compliance with the Court's order; prepared fee recaps; prepared application for retention of conflicts counsel; prepared worksheet of fees and expenses to submitted with second interim application; calculated fee and expenses categories for first interim fee application to be updated with attorney fee and expenses for second interim application; reviewed accountant invoices for preparation of interim application for fees; prepared compilation of fees by issue; prepared Lane interim application for fees and expenses; prepared second interim fee application for accountant WRDR; prepared summary of costs; redacted Ice Miller invoices to be submitted to U.S. Trustee and Committee counsel; prepared fee application for mediator; reviewed Custodian invoices and prepared application for fees and costs; prepared fee and expense application for forensic expert, Protek; worked on exhibits to Ice Miller second interim application; prepared draft of narrative services for second interim application for fees and expenses for Ice Miller; prepared supplement to Ice Miller employment application setting forth notice of rates for current attorneys working on matter; reviewed Custodian invoices to determine categories of fees to be included in second interim fee application for custodian; prepared second interim fee application for Custodian; communications with U.S. Trustee and Committee counsel regarding fee applications; prepared and finalized Protek, Lane and Mediator fee applications; redacted invoices to be filed with the Court; considered Committee's objections to expert's fee application, communications regarding objections to fee applications; prepared supplemental filings for Lane and Protek applications; prepared for hearing on application to employ broker; communications with SBA counsel and Committee counsel regarding objections to application to employ real estate broker; prepared for and attended hearing on application to employ broker; conferred with Binswanger, SBA, U.S. Trustee and Committee counsel prior to and after hearing on retention of broker; prepared for and attended hearing on fee applications of Lane and Protek; prepared fee application orders and provided to Committee counsel; revised Binswanger listing agreement; prepared revised order granting motion to engage broker incorporating changes from Committee counsel and circulated to parties.

     r.  **Matter 10 - Financing.**  Services provided in this category during the Second Interim Period were limited to communications with Ally and Iroquois regarding financed vehicle titles and the sale of those vehicles.  The total number of hours expensed in this category during the Second Interim Period was 1.40.

     s.  **Matter 12 – Plan and Disclosure Statement.**  This category was used for services related to the development and preparation of a Plan and Disclosure Statement.  The total number of hours dedicated to this category during the Second Interim Period was 1.20.

   Services provided in this category during the Second Interim Period were limited to preliminary consideration of Plan terms and related potential 363 sale of the warehouse building.

     t.  **Matter 16 – Litigation against 1803, LLC; Gaudio Diversified; Eric Gaudio; and Dennis Gaudio.**  This category was used for services related to the adversary proceeding against Dennis and Eric Gaudio and their related business entities.  The total number of hours dedicated to this category during the Second Interim Period was 871.30.

Services in this category during the Second Interim Period included: factual research in connection with and preparation of subpoenas and document requests to financial institutions; analyzed potential claims against Eric Gaudio; communications with counsel for Eric Gaudio regarding claims; prepared complaint and summons against Gaudio and Gaudio entities; prepared lis pendens for real estate; analyzed filed answers; prepared injunction pleadings; communications and follow-up on issued records subpoenas; reviewed title searches; organized non-party documents; prepared pre-trial statement; attended pre-trial conference; exchanged communications with opposing counsel regarding injunction; analyzed lis pendens on timeshare property; reviewed defendants' demand letter; prepared motion to issue subpoenas, order, and subpoenas for submittal to the Court; compiled information needed to prepare and file initial disclosures; identified documents and witnesses to support claims for initial disclosures; prepared initial disclosures of witnesses, documents, and potential damages; reviewed discovery requests served by defendants; prepared briefing regarding motion for authority to issue subpoenas; determined strategy for objecting and responding to defendant's discovery requests; prepared objections and responses to discovery requests; prepared documents for production; prepared discovery requests to defendant individuals and entities; prepared initial witness and exhibit list; prepared pre-trial; analyzed documents from third parties and considered amending claims against the Gaudios and hiring of a forensic accounting expert; prepared amended complaint and accompanying motion to amend complaint; prepared settlement proposal to resolve litigation; prepared documents received in response to third parties subpoenas to be produced to opposing counsel; prepared additional records subpoenas to third parties for documents regarding accounts held by the third parties for which the Gaudios are beneficiary or custodian; coordinated service of third party subpoenas; analyzed answers to amended complaints filed by the Gaudios; prepared for depositions of Eric and Dennis Gaudio; communications with third parties following up on documents requested through third party subpoenas; analyzed defendants' settlement proposal; identified exhibits for Gaudio depositions; attended and conducted depositions of Eric Gaudio and Dennis Gaudio; prepared responses and objections to defendants' second request for production of documents to Debtor; analyzed pleadings, court entries and depositions in preparation for trial and possible settlement discussions; analyzed claims and identified elements to be proven at trial; prepared motion to continue trial and case management plan; identified mediator for engagement; researched and analyzed damage claims; prepared statement of special damages; prepared further amendments to complaint based on production of additional third party documents; reviewed engagement letter of mediator; prepared pleadings for approval by Court to employ mediator; exchanged communications regarding employment of forensic accounting expert; prepared pleadings for approval by Court to employ forensic accountant expert; exchanged communications with expert regarding documents to be provided in order to prepare rebuttal to defendants' expert report; prepared mediation statement; prepared response to defendants' third request for production of documents; researched and prepared further records subpoena; provided documents and pleadings to mediator; prepared for mediation; prepared second discovery requests to defendants; prepared exhibits for mediation; exchanged communications with experts regarding case issues; attended mediation; reviewed forensic accountant expert report; involved in extensive discussion of expert reports; prepared analysis and strategy for recovery on fraudulent conveyance claims; prepared documents for production to defendants' counsel; prepared portion of motion for summary judgment regarding fraudulent transfer claim; reviewed records received from Morgan Stanley Smith Barney; communications with Iroquois

regarding subpoena request; prepared motion and order to continue trial and case management plan; reviewed records received from Chase; prepared supplemental subpoena to Iroquois based on review of records and communications with Iroquois; communications with Citibank and issued revised subpoena; prepared objections and responses to Gaudio's third set of requests for production of documents; drafted statement of special damages and settlement offer; reviewed Dennis Gaudio deposition; prepared for mediation; communications with Iroquois and Prudential regarding responses to subpoenas; reviewed records received from Capital One; revised responses to defendants' second requests for production of documents; reissued subpoena to Capital One; communicated with Anheuser-Busch regarding account and requested records; communications with counsel for Regions Bank regarding request for additional documents; organized non-party records; prepared document subpoenas to UBS Bank, UBS, Prudential and Key Bank; analysis of need for engagement of expert; reviewed and revised case management plan; prepared document subpoena to Naperville Bank; drafted amendment to complaint and motion for leave to amend; finalized appointment and affidavit pleadings for mediation; analyzed legal issues for retention of expert; prepared pleadings for retention of expert; conferred with proposed expert; drafted and communicated with expert regarding engagement letter; analyzed defendants' response to damages demand; prepared motion to employ expert John Lane; communicated with mediator regarding schedule; drafted mediation statement; provided documents to expert; reviewed defendants' depositions to assist in preparation of mediation statement; reviewed and organized records received from Citi and Iroquois; communicated with expert Lane regarding facts and rebuttal of defendants' report; revised Mediation Statement; prepared for and conferred with Committee counsel regarding mediation; conferred with Anheuser-Busch counsel regarding fact issues and prepared request for information; reviewed documents to be produced in response to defendants' third request for production of documents; communicated with Regions Bank with regarding to request for documents; reissued subpoena to Naperville Bank; finalized Mediation Statement and exhibits; provided filings and materials to mediator as requested; communicated with defendants' counsel requesting discovery on specific issues; reviewed records from E-trade and Prudential; drafted second discovery requests to defendants; prepared subpoena to First National Bank of Brookfield; reviewed records received regarding defendants' assets; prepared for mediation; participated in conference with mediator and defense counsel and provided information in response to mediator's questions; prepared correspondence to Morgan Stanley regarding subpoena; prepared exhibit binder in preparation for mediation; analyzed of outstanding claims in response to mediator's request; attended and participated in mediation; communications with Lane regarding his report; communications regarding non-party subpoenas issued to UPS and Key Bank; considered UBS's response to non-party subpoena; reviewed Key Bank documents; reviewed financial information received from defendants and prepared follow-up questions; follow-up with Chase regarding ACH and wire detail being provided and additional loan and credit account information requested; prepared financial questions to Eric and Dennis Gaudio; prepared subpoena to Anheuser-Busch; reviewed payment detail produced by Citibank; communications with mediator and defense counsel regarding failure of Dennis and Eric Gaudio to respond to questions pursuant to agreed timetable; reviewed responses to financial questions and documents received from Eric and Dennis Gaudio; researched document database to determine if documents referred to by Eric and Dennis Gaudio have been produced; corresponded with defense counsel regarding inadequacies of information provided; communications regarding continued mediation; considered and responded to cancellation of

mediation by defense counsel; considered and responded to defendant's request for extension of time to respond to discovery; reviewed records received from Capital One, N.A. and Chase; reviewed expert's rebuttal report; reviewed additional discovery served by defendants; prepared correspondence to defense counsel regarding expert report; considered defendant's interrogatories to Custodian; prepared responses to defendants' discovery requests; obtained hearing transcript testimony of Marsha Wagner in Vermillion County case; prepared additional subpoena to Regions Bank; prepared subpoenas to South Side trust and Centrue Bank; prepared amendments to complaint; prepared motion and proposed order to amend complaint; prepared exhibits to amended complaint; reviewed production by Anheuser-Busch; reviewed documents received from South Side Bank; organized non-party documents for production; prepared settlement demand; prepared additional subpoena to Regions Bank; analyzed defenses and evidentiary issues related to proof at trial; reviewed answers to amended complaint; issued subpoenas to Prudential, Scottrade and Morgan Stanley; communications with non-parties regarding responses to document subpoenas; prepared subpoena to First Clearing; reviewed withdrawals of counsel for Dennis and Eric Gaudio and considered impact on matters; analyzed open subpoena issues; follow-up with non-parties regarding responses to document subpoenas; prepared motion for extension of discovery deadline and proposed order; communications regarding settlement of litigation; prepared default pleadings for three corporate defendants; attention to supplemental production of documents to defendants; considered implication of Eric Gaudio filing Chapter 7 bankruptcy; prepared for status hearing; reviewed documents from Lane to be produced; reviewed documents produced by Old National Bank and Iroquois; participated in Court's status conference; redacted supplemental production of documents; communicated with ABDI attorney regarding subpoena; communication with supplemental production; reviewed information regarding Chapter 7 filing of Eric Gaudio and conferred with Chapter 7 counsel; communications with Dennis and Eric Gaudio regrading settlement; prepared affidavit for First Clearing and Old National Bank; analyzed enforcement of judgment against corporate defendants and drafted motion for default judgment for the adversary against 1803 LLC and Gaudio Diversified Ventures, LLC; reviewed Old National Bank documents produced; prepared for evidentiary hearing on damages; attended hearing on default judgment against corporate entities; prepared revised order on damages for default judgment and submitted to Court; prepared and filed judgment liens in Vermillion and Champaign Counties; prepared and filed bill of costs against 1803 LLC and Gaudio Diversified; reviewed prior discovery and case management information plan and prepared proposed discovery plan pursuant to Court's request; settlement negotiations with defendants; considered assets statements provided by Dennis Gaudio; prepared settlement documents; prepared motion to extend dispositive motions deadline; communications with Gaudios regarding settlement matters; prepared affidavits in connection with settlement and provision of financials; prepared 9019 motion in connection with settlement; exchanged communications with Dennis and Eric Gaudio regarding settlement payment and North Vermillion issues; reviewed objection to 9019 motion filed by SBA and considered arguments in reply; research federal priority statute and case law in connection with SBA assertion of priority claim; prepared correspondence to Eric Gaudio regarding status of 3586 North Vermillion property; prepared reply to SBA's objection to 9019 motion; reviewed sur-reply filed by SBA and considered burden of proof; prepared argument for hearing and attended hearing on 9019 motion and SBA objection.

      u.     **Matter 17 - United States Trustee Communication Activities.** This category was used for services related to communications with the U.S. Trustee, including the

preparation of monthly operating reports.  The total number of hours dedicated to this category during the Second Interim Period was 56.10.

Services in this category during the Second Interim Period included: communications with United States Trustee's office regarding fees, account information, invoices and asset recovery issues, federal investigator inquiries and privilege and other issues raised by U.S. Trustee; preparation of monthly operating reports; preparation of analysis of quarterly trustee fee calculations.

v.   **Matter 18 - Gaudio – Operational Real Estate Investigation and Litigation Activities.**  This category was used for services related to investigation of issues related to real estate and the adversary proceeding related to obstruction by Mr. Offutt and solving the problems related to access to the warehouse property.  The total number of hours dedicated to this category during the Second Interim Period was 431.80.

Services in this category during the Second Interim Period included: communications with the Committee regarding options for liquidation of real estate; prepared and recorded lis pendens on 1803 LLC properties; analyzed transaction with Village of Tilton related to 1803 property; prepared documents requests for third party subpoenas regarding real estate owned by 1803 LLC in Village of Tilton; prepared pleadings for permission by Court to serve third party subpoenas; conducted research in preparation of adversary complaint against Paul Offutt and declaratory judgment regarding easements; researched statute of limitations for fraudulent transfer and fraud claims under Illinois law; prepared initial disclosures; prepared responses to objections to subpoena by Offutt; prepared tax appeal regarding Debtor's real estate; reviewed historical documents to obtain facts for complaint against Offutt; coordinated service of adversary complaint on Offutt and Village of Tilton; exchanged communications with United States Trustee regarding Offutt complaint; prepared for status conference with Court; conferred with Offutt's counsel regarding settlement and issues as to real estate; prepared joint pretrial statement; participated in discussions with Offutt's counsel regarding request for extension of pretrial; analyzed and prepared response to Offutt settlement proposal; considered documents provided by Offutt's counsel in connection with settlement and Rule 2004 hearing transcript; communications with parties regarding pretrial statement; drafted amended Offutt complaint; attended pretrial hearing; communications regarding resolution of claims to obtain needed access to real estate; prepared response to Offutt's motion to dismiss; prepared motion for summary judgment on easement claims; conducted legal research for case law concerning counts of the complaint challenged in Offutt's motion to dismiss; prepared motions for entry of default for Security Ventures, Inc. and Offutt Development, Inc.; prepared responses to motions to vacate default judgments; prepared initial disclosures; communications regarding real estate access issues and resolutions; prepared motion for extension of pretrial hearing and filing of pretrial statement; reviewed proposed settlement agreement; communications regarding possible settlement; considered documents provided by Offutt counsel in connection with settlement discussions; reviewed Rule 2004 hearing transcript and documents produced in response to Rule 2004 request; communications with Offutt counsel regarding joint pretrial statement; analyzed outstanding secured claims for letter to Offutt counsel; drafted amended complaint; prepared for and attended pretrial hearing; reviewed factual background on specific allegations in amended complaint; considered options for resolution of claims and to obtain needed access; reviewed documents produced by Offutt; prepared motion for summary judgment regarding easement claims; drafted memorandum of law in opposition to defendant's motion to dismiss; researched

the element for third-party beneficiary and specific performance claims, implied easement by necessity and implied easement by prior use claims, together with case law cited by Defendant; reviewed motions to vacate filed by Security Ventures, Inc. and Offutt Development, Inc.; drafted memorandum of law in opposition to motions to vacate default judgment; prepared proposed default judgment; prepared initial disclosures; conferences with Offutt defendants regarding initial disclosure and settlement; reviewed real property index and title work with respect to easement for access to 1803 Georgetown Road; corresponded with title company regarding real estate title issues; analyzed issues and prepared for settlement discussions; participated in settlement conference; prepared settlement proposal; research regarding implied easements; prepared portion of motion for summary judgment regarding implied easement by necessity and by use; analyzed title issues related to warehouse property; researched land trustee to join in the adversary proceeding; analyzed correspondence regarding Illinois Department of Transportation permit for highway access; prepared Illinois Freedom of Information written request to Illinois Department of Transportation for public records concerning highway permit; prepared motion for joinder of First Financial Bank as Trustee as a party defendant; prepared introduction and undisputed material facts for motion for partial summary judgment for implied easement; prepared affidavit of Major-Hart in support of motion for partial summary judgment; reviewed Offutt's request to stay litigation and analyzed response to affidavit in support of motions to vacate by Offutt; reviewed response to FOIA request and documents provided; prepared for and participated in hearing on motion to dismiss and motion to vacate default; reviewed orders denying motion to dismiss and granting motions to vacate default; prepared access easement agreement; communications regarding renewed settlement discussions and negotiated settlement terms; prepared preliminary witness and exhibit list; prepared preliminary portions of a settlement agreement; reviewed answers by Offutt to second amended complaint; prepared settlement agreement; prepared Consent Decree and Judgment Entry; reviewed answers filed by Defendants; revised settlement agreement per comments by the Committee; considered settlement discussion with Village of Tilton; negotiated terms of settlement agreement; reviewed and considered subpoenas received from Offutt and proposed strategy; analyzed bases to object to subpoena; drafted motion to quash subpoenas; drafted agreement regarding deposition of Custodian's representative and to stay further discovery in proceeding; prepared 9019 motion for Offutt settlement; communications with Village of Tilton's counsel regarding settlement; communications with First Financial Bank's counsel regarding participation in Offutt settlement agreement; prepared for and attended Custodian deposition; prepared summary of Offutt adversary for U.S. Trustee; drafted motion to continue pretrial conference pending motion to approve settlement; reviewed motion to quash filed by Helen Gaudio; considered request for account partition; drafted proposed settlement order; finalized Consent Decree and Judgment Entry; considered Offutt notices and pro se objections to filings; prepared response to Offutt counsel; prepared release of notice of claim of interest; reviewed Offutt offer to purchase and provided to SBA and U.S. Trustee; prepared Final Plat to send to Recorder for filing; responded to inquiries from Offutt regarding property.

> **2.      Detail of Services Rendered and Hours Expended.**  Exhibits A (Fee Summary)

and A-1 (Ice Miller Invoices) contain full detail of the services rendered and summaries of the

hours expended during the Interim Period by Ice Miller professionals.  As noted above, the

invoices attached as Exhibit A-1 have been marked to show where time entries were moved or reduced after the invoices were finalized. Because of these adjustments, the invoices show total amounts that are no longer accurate. The accurate amounts are reflected in Exhibit A. The Ice Miller Invoices attached as Exhibit A-1 have been redacted to protect privilege. Because Exhibits A-1 and A-2 together are very voluminous, those Exhibit have not been served with the copies of this Second Interim Application served by U.S. Mail, but are available upon request of the undersigned counsel.

**PART D:  EXPENSE SUMMARY**

Applicant seeks allowance and reimbursement of expenses incurred during the Second Interim Period in the amount of $21,568.49, of which $10,428.98 has already been paid. The expense amounts requested are calculated using Ice Miller's in-house actual cost. Exhibit B provides a summary of expenses incurred by Ice Miller for the Second Interim Period. The full detail of the expenses advanced during the Second Interim Period by Ice Miller is provided in the Ice Miller invoices attached as Exhibit A-1, however numerous charges have been deducted from the invoices attached as Exhibit A-1 following finalization of the invoices, as follows:

- charges for Attorney Admissions in the aggregate amount of $452.00 and meals in the aggregate amount of $750.34 erroneously charged have been deducted;

- charges for photocopies aggregating $11,454.95, data storage charges aggregating $540.00, Westlaw legal research charges aggregating $7,390.13 and postage costs in the aggregate amount of $2,949.66 have been deducted.

While these deducted amounts are reflected on the invoices in Exhibit A-1, they are not included in the Expense Summary attached as Exhibit B. Exhibit B contains the amounts for which Applicant seeks reimbursement through this Second Interim Application. Applicant reserves the right to seek allowance of certain of the photocopying, Westlaw, data storage, and postage costs which may not be overhead charges in a final fee application.

WHEREFORE, Ice Miller requests (i) allowance of $1,278,476.00 in compensation for fees, of which $120,318.38 has already been paid, and $21,568.49 for reimbursement of expenses, of which $10,428.98 has already been paid, for a total of $1,300,044.49, of which the aggregate amount of $130,747.36 has already been paid, for the Second Interim Period of April 1, 2014 through November 30, 2016, (ii) an order approving these fees and expenses as allowable for the Second Interim Period, and (iii) an order directing the Debtor to pay Applicant 50% of the amount of fees allowed as a result of this Second Interim Application and not yet paid and 100% of the costs allowed pursuant to this Second Interim Application and not yet paid prior to the end of 2017, with the balance to be paid pursuant to further order of the Court

Dated: November 22, 2017                    Respectfully submitted,

/s/ Victoria E. Powers
Victoria E. Powers (Ohio Bar No. 00054589)
ICE MILLER, LLP
250 West Street
Columbus, OH 43215
614-462-5010 – Telephone
614-222-3478 – Facsimile
victoria.powers@icemiller.com – Email
*Counsel to the Debtor*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 22, 2017, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the Debtor's counsel, the United States Trustee, and all parties receiving CM/ECF notice in this proceeding as set forth on the attached service list, and in addition, the parties listed on the attached service list as receiving service by U.S. Mail were so served, postage prepaid, at the addresses listed on the attached service list.

Respectfully submitted,

ICE MILLER LLP


By: /s/ Victoria E. Powers
    Victoria E. Powers
    250 West Street
    Columbus, OH 43215
    614-462-5010 – Telephone
    614-222-3478 – Facsimile
    victoria.powers@icemiller.com – Email

    *Counsel to the Debtor*

**SERVICE LIST**

Service by CM/ECF:

- Megan M. Adeyemo on behalf of Creditor Century Tokyo Leasing (USA) Inc.
  madeyemo@gordonrees.com, dhouser@gordonrees.com
- Thomas V. Askounis on behalf of Creditor Wells Fargo Equipment Finance, Inc.
  taskounis@askounisdarcy.com
- Edwin C. Barney on behalf of Creditor and Defendant Paul Offutt, Attorney Gilbert
  Saikley, Defendant Security Ventures, Inc. and Defendant Offutt Development, Inc.
  edwincbarney@sbcglobal.net
- Darren L. Besic on behalf of Creditor General Electric Capital Corporation and Creditor
  JPMorgan Chase Bank, N.A. darren@dbesiclaw.com, Nancy@dbesiclaw.com
- James L. Brougher on behalf of Creditor Iroquois Federal Savings and Loan and
  Defendant Village of Tilton, Illinois Jimb@danvillelawyers.com
- John David Burke on behalf of Debtor Earl Gaudio & Son, Inc.
  john.burke@icemiller.com
- Ben T. Caughey on behalf of Debtor Earl Gaudio & Son, Inc.
  ben.caughey@mcdlegalfirm.com
- Joseph P. Chamley on behalf of Official Unsecured Creditors Committee
  jchamley@efbclaw.com, jnieman@efbclaw.com
- Sherry D. Coley on behalf of Defendant World Business Lenders
  scoley@dkattorneys.com, cpogorzelski@dkattorneys.com, kmarquardt@dkattorneys.com
- Shannon M. DeLaMar on behalf of Creditor Illinois Department of Revenue
  sdelamar@atg.state.il.us
- Roy Jackson Dent on behalf of Defendant Offutt Development, Inc., Defendant Security
  Ventures, Inc. and Defendant Paul Offutt roy.jackson.dent@gmail.com
- Kevin Driscoll on behalf of Defendant JP Morgan Chase, N.A. kevin.driscoll@btlaw.com
- David J. Frankel on behalf of Creditor Mercedes-Benz Financial Services USA LLC
  dfrankel@sormanfrankel.com, ckauffman@sormanfrankel.com
- Christina Laun Fugate on behalf of Debtor Earl Gaudio & Son, Inc.
  christina.fugate@icemiller.com
- David H. Hoff on behalf of Creditor United States of America and Defendant United
  States Small Business Administration staci.klayer@usdoj.gov
- Michael Fredrick Holbein michael.holbein@agg.com
- Amrit Suresh Kapai on behalf of Creditor Wells Fargo Equipment Finance, Inc.
  akapai@askounisdarcy.com, hgill@askounisdarcy.com
- Brett Kepley on behalf of Defendant American Express bakepley@rosklaw.com,
  jhoerr@rosklaw.com
- Kathryn A. Klein on behalf of Creditor Ally Financial Inc. rb_bank@riezmanberger.com,
  riezmanberger@gmail.com
- Paul Samuel Kmett on behalf of Creditor Illinois Department of Revenue
  pkmett@atg.state.il.us
- Russell S. Long on behalf of Defendant World Business Lenders
  rlong@dkattorneys.com, ahalase@dkattorneys.com
- Jennifer L. Maffett on behalf of Creditor Mike-sell's Potato Chip Co.
  thdaytonecf@thompsonhine.com

- Terrence Miles on behalf of Creditor Dennis Gaudio packs@aol.com, info.mileslaw@aol.com
- Patrick Frasor Moran on behalf of Creditor Century Tokyo Leasing (USA) Inc. pmoran@gordonrees.com
- Steven L. Nelson on behalf of Creditor Specialty Distributing of Illinois, LLC snelson@califf.com
- Kate R O'Loughlin on behalf of Creditor United States of America and Defendant United States Small Business Administration kate.oloughlin@sba.gov
- Sabrina M. Petesch on behalf of U.S. Trustee sabrina.m.petesch@usdoj.gov
- Victoria E. Powers on behalf of Debtor and Plaintiff Earl Gaudio & Son, Inc. victoria.powers@icemiller.com, Daniel.Anderson@icemiller.com, Sandy.Heaberlin@icemiller.com
- Jeffrey D. Richardson on behalf of Creditor Helen Gaudio jdrdec@aol.com
- Robert Fredrick Ritchie on behalf of Creditor Illinois Department of Revenue rritchie@atg.state.il.us
- James Edward Rossow on behalf of Official Unsecured Creditors Committee jim@rubin-levin.net, marie@rubin-levin.net
- Steven E. Runyan on behalf of Defendant 1803 LLC, Defendant Gaudio Diversified Ventures, LLC, Defendant Dennis Gaudio, Defendant Eric Gaudio srunyan@kgrlaw.com
- Amy T. Ryan     atr@mllfpc.com, bdm@mllfpc.com
- Christopher M. Tietz on behalf of Creditor Skeff Distributing Company, Inc. cmt@tietzlaw.com, tonya@tietzlaw.com
- U.S. Trustee USTPRegion10.PE.ECF@usdoj.gov
- Mark Roy Wenzel on behalf of Creditor and Defendant Regions Bank mwenzel@salawus.com, pdidandeh@salawus.com
- Bruce Eugene de'Medici on behalf of Defendant American Express bdemedici@gmail.com
- James A. Knauer on behalf of Defendant 1803 LLC, Defendant Gaudio Diversified Ventures, LLC, Defendant Dennis Gaudio, Defendant Eric Gaudio jak@kgrlaw.com, tjf@kgrlaw.com

U.S. Mail Service:

| | |
|---|---|
| Peter E. Moll | Sundance Beverage Co. |
| Cadwalader, Wickersham & Taft LLP | 8100 SW Tenth Street, Suite 4000 |
| 700 Sixth Street, N.W. | Fort Lauderdale, FL  33324 |
| Washington, DC 20001 | |
| | |
| ADP | Mike-sell's Potato Chip Co. |
| 1 ADP Blvd | 333 Leo Street |
| MS 325 | Dayton, OH 45404 |
| Roseland, NJ 07068-1786 | |
| | |
| Anheuser-Busch Companies, LLC | Regions Commercial Loan Payments |
| Legal Department | P.O. Box 11407 |
| 1 Busch Place | Birmingham, AL 35246 |
| Saint Louis, MO 63118-1852 | |

Employers Preferred Insurance Co.
13890 Bishops Drive
Suite 210
Brookfield, WI 53005

Clifton Larson Allen LLP
301 SW Adams
Suite 900
Peoria, IL 61656
Earl Gaudio & Son, Inc.
c/o First Midwest Bank as Custodian
Angela E. Major Hart
24509 West Lockport Street
Plainfield, IL 60544-2318

Illinois Department of Revenue
100 West Randolph Street
Legal Services M/C 7-900
Chicago, IL 60601

Vermilion County Collector
P.O. Box 730
Danville, IL  61834

Wells Fargo Equipment Finance, Inc.
550 S. 4th Street
Minneapolis, MN  55415-1529

Ameren Illinois
Credit and Collections
2105 E. State Route 104
Pawnee, IL 62558-4681

Argo Partners
12 W. 37th Street, 9th Floor
New York, NY 10018-7381

TR Capital Management, LLC
P.O. Box 633
Woodmere, NY 11598

Earl Gaudio & Sons, Inc. Pension Plan
P.O. Box 990067
Hartford, CT 06199

Illini FS
1509 East University Avenue
Urbana, IL  61802

Westfield Insurance
c/o Wells Fargo Insurance Services
P.O. Box 4016
Champaign, IL 61824

Iroquois Federal Savings & Loan
619 N. Gilbert Street
P.O. Box 1277
Danville, IL 61834-1277

Surepay
2350 Ravine Way, Suite 100
Glenview, IL  60025

WDNL-FM - Neuhoff Broadcasting
1501 N. Washington
Danville, IL  61832

Sorling Northrup
P.O. Box 5131
Springfield, IL 62705

World Business Lenders
101 Hudson Street
Floor 33
Jersey City, NJ  07302-3905

GE Capital
P.O. Box 536447
Atlanta, GA 30353

Internal Revenue Service
P.O. Box 804521
Cincinnati, OH 45280-4521

GE Capital Information Technology
Solutions
Attn: Bankruptcy Administration
P.O. Box 13708
Macon, GA 31208

Old Farm Shops, Ltd.
303 S. Mattis Avenue
Suite 200
Champaign, IL 61821

Shannell, Inc.
301 W. Main Street
Danville, IL 61832

The UPS Store, Inc.
Attn.: Legal Dept.
6060 Cornerstone Court West
San Diego, CA 92121

Liquidity Solutions, Inc.
1 University Plaza, Suite 312
Hackensack, NJ 07601-6205

Paul E. Offutt
2807 North Vermilion
Danville, IL  61832

Dennis Gaudio
P.O. Box 1201
Brownsburg, IL 46112-5201

Gilbert H. Saikley
Saikley Garrison Colombo & Barney, LLC
208 W. North Street
P.O. Box 6
Danville, IL  61834-0006

Eric Gaudio
P.O. Box 17578
Indianapolis, IN  46217