IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | Case No: 13-90942 |
| | ) | |
| EARL GAUDIO & SON, INC., | ) | Judge Mary P. Gorman |
| | ) | |
| Debtor. | ) | Chapter 11 |

**SUMMARY OF THIRD INTERIM APPLICATION OF ICE MILLER LLP, COUNSEL TO THE DEBTOR, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD DECEMBER 1, 2016 TO DECEMBER 15, 2017**

| | |
|---|---|
| Name of Applicant: | Ice Miller LLP |
| Authorized to Provide Professional Services as: | Counsel to the Debtor |
| Date of Application: | February 6, 2018 |
| Date of Order Approving Appointment: | August 29, 2013 |
| Period for which Fees and Reimbursement are sought: | December 1, 2016 to December 15, 2017 |
| Amount of Fees sought as Actual, Reasonable and Necessary: | $518,371.50 |
| Amount of Expense Reimbursement sought as Actual, Reasonable and Necessary: | $2,632.96 |
| Total Amounts of Fees and Expenses Sought to be Allowed as Actual, Reasonable and Necessary: | $521,004.46 |

This application is:   X    interim _____ final.

CLIENT CERTIFICATION

      I hereby certify, as a representative of First Midwest Bank as Custodian for Earl Gaudio & Son, Inc., the Debtor herein, that I have reviewed the Third Interim Application of Ice Miller LLP, Counsel to the Debtor, for Allowance of Compensation and Reimbursement of Expenses for the Period December 1, 2016 to December 15, 2017, and that the Custodian approves the Third Interim Application.

Date: February 6, 2018

                                   First Midwest Bank as Custodian for
                                   Earl Gaudio & Son, Inc.

                                   By: _____
                                   Its: Vice President

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | Case No: 13-90942 |
| | ) | |
| EARL GAUDIO & SON, INC., | ) | Judge Mary P. Gorman |
| | ) | |
| Debtor. | ) | Chapter 11 |

**THIRD INTERIM APPLICATION OF ICE MILLER LLP,
COUNSEL TO THE DEBTOR, FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD
DECEMBER 1, 2016 TO DECEMBER 15, 2017**

Ice Miller LLP ("Ice Miller" or "Applicant"), Counsel to the Debtor in the above-captioned Chapter 11 case, hereby applies for Allowance of Compensation and Reimbursement of Expenses ("Third Interim Application"), for the Third Interim Period from December 1, 2016 to December 15, 2017 (the "Third Interim Period") in accordance with (a) 11 U.S.C. §§ 330 and 331, (b) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and (c) the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. §330 adopted by the Executive Office for United States Trustees (the "UST Guidelines").

In support of this Third Interim Application, Ice Miller respectfully represents as follows:

**PART A: PRELIMINARY STATEMENT**

1. On July 19, 2013 (the "Petition Date"), the above-captioned Debtor commenced its case under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor has continued to operate its business and manage its property as a Debtor-in-Possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.

3

3. On July 24, 2013, the Debtor filed its *Application for Order Authorizing Debtor to Employ Ice Miller as Counsel for the Debtors* (Doc. 13).

4. On August 29, 2013, this Court entered an *Order Authorizing the Debtor to Employ Ice Miller LLP as Counsel for the Debtor* at Doc. 72 (the "Retention Order"), wherein the Court authorized the employment of Ice Miller as counsel and granted administrative expense priority, as allowed by the Court, to the fees and expenses incurred by Ice Miller.

5. Pursuant to the *Order Granting, in Part, Motion for Authority to Implement Interim Compensation Procedures* entered October 11, 2013 at Doc. 138 (the "Interim Procedures Order"), the Debtor, after notice to the United States Trustee ("U.S. Trustee") and the Official Committee of the Unsecured Creditors formed herein (the "Committee"), was authorized to distribute two partial payments to Ice Miller, one on October 31, 2013 in the amount of One Hundred Thirteen Thousand Three Hundred Seventy-One and 98/100 Dollars ($113,371.98), and one on December 30, 2013 in the amount of Forty-Four Thousand Five Hundred Eighty-Six and 87/100 Dollars ($44,586.87), which together total One Hundred Fifty-Seven Thousand Nine Hundred Fifty-Eight and 85/100 Dollars ($157,958.85).

6. On June 13, 2014, Applicant filed its first interim application seeking approval of fees and expenses incurred from July 19, 2013 to March 13, 2014 in the amount of Three Hundred Twenty-One Thousand Six Hundred Forty-Three and 00/100 Dollars ($321,643.00) and Reimbursement of Expenses in the amount of Eight Thousand Nine Hundred One and 03/100 Dollars ($8,901.03) filed at Doc. 234, which was further supplemented at Doc. Nos. 247, 270 and 281 (as supplemented, the "First Interim Application").

7. On August 21, 2014 the Court entered an order at Doc. 282 (the "First Interim Order") allowing fees in the amount of $316,831.00 and authorizing the Debtor to pay Ice Miller

the sum of $127,189.05, representing 90% of the allowed fees less the previously received payments of $113,371.98 and $44,586.87. The First Interim Order also allowed costs in the amount of $3,277.90, and authorized the Debtor to pay that amount to Ice Miller. The Court denied with prejudice requested costs of $226.00 and denied without prejudice the balance of the requested costs in the amount of $5,397.13.

8. On August 28, 2014, the Debtor paid to Ice Miller the aggregate sum of $130,466.95 pursuant to the First Interim Order.

9. During the Second Interim Period, and pursuant to the Interim Procedures Order, Applicant submitted requests for partial payment of fees and full reimbursement of expenses to the U.S. Trustee and the Committee, and received payment as follows:

| Submittal Date | Period Covered | Fees Incurred | Fees Requested | Costs Requested | Amount Paid (Fees and Expenses Requested) |
|---|---|---|---|---|---|
| 12/3/2014 | 4/1/2014 – 11/14/2014 | $98,501.50 | $73,889.25 | $10,428.98 | $84,318.23 |
| 5/4/2015 | 11/16/2014 – 3/15/2015 | $62,005.50 | $46,429.13 | $0 | $46,429.13 |
| 12/17/2015 | 3/16/2015 – 5/31/2015 | $151,587.50 | $110,000.00 | $10,629.61 | $0 |
| Totals | | $312,094.50 | $230,318.38 | $21,058.59 | $130,747.36 |

10. Following discussion with the U.S. Trustee and the Committee, no payment was received on the submissions of September 21, 2015, and following that submission, no further requests for interim compensation have been made.

11. On November 22, 2017, Applicant filed its second interim application seeking approval of fees incurred from April 1, 2014 to November 30, 2016 in the amount of One Million, Two-Hundred Seventy-Eight Thousand, Four Hundred Seventy-Six and 00/100 Dollars ($1,278,476.00), of which $120,318.38 has already been paid, and Reimbursement of Expenses in the amount of Twenty-One Thousand, Five Hundred Sixty-Eight and 49/100 Dollars

5

($21,568.49), of which $10,428.98 has already been paid, filed at Doc. 701 (the "Second Interim Application").

12.    In its Second Interim Application, Applicant requested allowance of the total amount of $1,300,044.49, of which the aggregate amount of $130,747.36 has already been paid, for the Second Interim Period of April 1, 2014 through November 30, 2016.

13.    As set forth in the Second Interim Fee Application, the Debtor plans to file a proposed Plan of Liquidation, which Applicant anticipates, will provide for payment of the unpaid allowed professional fees of the First Midwest Bank as Custodian for the Debtor and of Applicant on a subordinated basis.

14.    In this Third Interim Application, Applicant requests the allowance of $518,371.50 in compensation for fees incurred and $2,632.96 for reimbursement of expenses incurred and paid by Applicant during the Third Interim Period, all of which remain unpaid.

15.    All services rendered and expenses incurred for which compensation or reimbursement is requested in this Third Interim Application were performed or incurred for or on behalf of the Debtor.

16.    Applicant submits that the services and expenses described in this Third Interim Application are actual and necessary and the compensation requested therefor is reasonable.

17.    Applicant requests that the Court approve, on an interim basis, the fees and expenses described in this Third Interim Application and with payment to be made pursuant to the terms of a proposed Plan of Liquidation or other future order of the Court.

**PART B: GENERAL INFORMATION**

    1.    **Interim Period: December 1, 2016 through December 15, 2017.**

        Requested Fees:    $518,371.50

        Expenses:    $2,632.96

        Total:    $521,004.46

    2.    **General Information.**

        a.    First date services rendered in this case: July 19, 2013

        b.    The compensation request is under 11 U.S.C. § 331.

        c.    Any fees and expenses awarded will be paid, upon entry of a subsequent order authorizing payment, from the Debtor's estate.

    3.    **Billing Rates, Professionals, Summary.**

Ice Miller has charged hourly rates as shown on Exhibit A for the period it has served as Counsel to the Debtor in this case. Biographies for each of the professionals listed in Exhibit A are attached hereto collectively as Exhibit B. A breakdown of fees incurred by monthly period and task is attached hereto as Exhibit C.

**PART C: BILLING SUMMARY**

    1.    **Summary Description of Services Rendered and Hours Expended.** Set forth below is a summary of the significant professional services provided by the Applicant during the Third Interim Period, categorized in accordance with Ice Miller's internal system of project codes for this matter. The invoices attached as Exhibit A-1, which are redacted[1] to protect privilege, have been marked to show where time entries have been reduced.

---

[1] Where time descriptions are completely blocked out, that indicates that the time was completely written off and the invoice has been correspondingly reduced.

7

**Matter 1 – General Representation.** This category was used for services that did not fit into other more specific categories. The total number of hours expended in this category during the Third Interim Period was .60, for a total fee amount of $184.50

Services in this category during the Third Interim Period included reviewing the status of the Delaware and Illinois corporations.

**Matter 2 - Asset Analysis and Recovery.** Matter 2 is used by Applicant for services related to asset analysis and recovery. Matter 2 includes sub-matters used for adversary proceedings. The total number of hours expended in this category during the Third Interim Period was 53.70, for a total fee amount of $21,692.00 in the sub-matters below:

**Matter 2 – Sub-matter: Dennis Gaudio Adversary Proceeding and Related Recovery Efforts.** This category was used for services related to the Debtor's adversary proceeding against Dennis Gaudio. The Debtor had a separate adversary against 1803, LLC, Gaudio Diversified, Eric Gaudio and Dennis Gaudio (the "District Court Adversary,") discussed below; Mr. Dennis Gaudio required that the resolution of the Dennis Gaudio adversary proceeding be related to the resolution of the District Court Adversary, and as a result, services rendered in this category also relate in some instances to resolution of the District Court Adversary. The total number of hours expended in this category during the Third Interim Period was 3.20, for a total fee amount of $1,664.00. The Dennis Gaudio adversary proceeding was completed during the Second Interim Period, however the District Court Adversary was not completed until shortly after the end of the Second Interim Period.

Services in this category during the Third Interim Period included: Communicated with defendant Dennis Gaudio and his son Eric Gaudio regarding payment of the settlement amount; prepared amendments to settlement agreement and prepared related communications; prepared

8

stipulated judgment and prepared related communications; and attended to lien releases per settlement agreement.

**Matter 2 – Sub-matter:  General Asset Recovery.**  The general category under Matter 2 is used for services related to asset analysis and recovery services that either did not relate to a specific adversary proceeding.  The total number of hours expended in this category during the Third Interim Period was 9.60, for a total fee amount of $3,110.00.

Services in this category during the Third Interim Period included:  Addressed and prepared releases of liens, judgment lien and lis pendens in connection with closing on 3585 N. Vermilion; considered recording requirements for partial release of judgment; reviewed documents and title search to determine and summarize scope of releases needed for mortgage closing.

**Matter 2 – Sub-matter:  U.S. Small Business Administration Adversary Proceeding.** This category was used for services related to the Debtor's adversary proceeding against the U.S. Small Business Administration ("SBA").  The total number of hours expended in this category during the Third Interim Period was 40.90, for a total fee amount of $16,918.00.  This adversary proceeding is not yet concluded.

Services in this category during the Second Interim Period included:  Considered options for possible resolution of adversary proceeding in light of auction results and warehouse sale; prepared renewed summary judgment motion and related filings.

**Matter 3 - Asset Disposition**.  This category was used for services related to the disposition of assets of the Debtor's estate.  The total number of hours expended in this category during the Third Interim Period was 667.80, for a total fee amount of $271,588.50.

9

Services in this category during the Third Interim Period included: Negotiated and finalized terms of the Hilco engagement regarding sale of the warehouse property; negotiated and documented resolution of the Binswanger engagement on the warehouse property; prepared Hilco retention documents; communications regarding Hilco site visit; communications regarding SBA objections to Hilco's retention preparing for hearing on proposed retention; representation at hearing on retention of Hilco; prepared proposed retention Order; analysis and communications with parties, potential buyers, Hilco and others regarding warehouse marketing, offers, and sale issues; prepared stipulated protective order requested by SBA; prepared motion for bid procedures, auction and sale; assisted in gathered due diligence materials; addressed valuation and pricing issues regarding sale of warehouse; prepared confidentiality agreement for disclosures of information; addressed issues related to existing liens, deeds and property conveyance; prepared proposed sale terms; prepared for and attended status hearing on real estate sale and prepared related order; prepared revised bid procedures, notice and related schedule; revised public marketing information for sale process, auction, advertising and sale issues; prepared purchase and sale agreement; prepared proposed order on sale; prepared second motion to approve bid procedures and new auction process; prepared for and attended hearing on bid procedures; prepared revisions to sale motion and order following hearing; considered objection of Illinois Department of Revenue to sale motion; reviewed issues and communications related to sale of 119 E. Sangamon property; analyzed IDOR's tax assessment issues related to sale; communications with potential bidders; prepared for auction of warehouse property; conducted auction of warehouse property; analysis of terms of sale; analysis and communications related to escrow trust instructions, assumption and assignment of distribution agreement, and resolution of other sale issues prior to closing; revisions to purchase and sale

10

agreement; negotiated of revised sale terms and revised asset purchase agreement; addressed issues with signs on the property, including trademark and tradename issues under Anheuser Bush license agreement; prepared deed and related sale documents; addressed real estate transfer tax issues; prepared motion for supplemental sale order required by revised terms; considered and prepared reply to SBA objection to supplemental sale motion; worked to resolve objection to supplemental sale motion; prepared for and represented Debtor at hearing on motion for supplemental sale order; prepared order granting motion; worked with title company on closing matters; communicated with SBA, U.S. Trustee and Committee regarding sale matters and proposal for tax payment; closed sale of warehouse property and attended to deliverables pursuant to sale agreement; prepared Report of Sale and related exhibits for filing with Court; addressed utility proration issues.

**Matter 5 - Case Administration**.  This category was used for general case administration services that did not fit into a more specific category.  The total number of hours expended in this category during the Third Interim Period was 67, for a total fee amount of $30,229.00.

Services in this category during the Third Interim Period included:  Addressed records retention, class action notice and general claims issues, good standing certification, financial information, and general tax issues; completed and filed Illinois annual report; completed UCC searches; analysis and preparation of information for tax returns; prepared motion for destruction of records and scrubbing computers; considered objection of SBA to motion for destruction of records; prepared for and represented Debtor at hearing on motion to destroy records; considered SBA motion to convert or appoint trustee; gathered facts in contravention of SBA's motion and

prepared objection to motion; exchanged communications with Committee counsel and U.S. Trustee's office regarding SBA motion and related information.

**Matter 6 - Claims Administration and Objections**. This category was used for services related to claims against the estate. The total number of hours expended in this category during the Third Interim Period was 202.10, for a total fee amount of $86,238.50.

Services in this category during the Third Interim Period included: analysis of secured, priority, and administrative claims for possible objection and payment; prepared objections to claims of IRS, IDOR, IDES and others; reviewed and cataloged claims on Master Claims Chart in order to track claims and identify issues to be addressed; analyzed and researched issues related to claims including asserted tax penalties and liens; considered property tax appeals and assessments for purposes of claims obligations; prepared and filed omnibus objections to claims; analysis of Spiros collection lawsuit, prepared responsive pleadings and notice of removal to bankruptcy court, and attended hearing related to Spiros claim; settlement discussions regarding all claims objections; analyzed options for resolution of claims objections and tax issues related to same; prepared settlement proposals; prepared agreed orders resolving claims objections; considered notice of assessment and demand for payment from IDES and communicated with IDES counsel regarding demand; analysis of Vermilion County treasurer's real estate tax claim and worked to have claim withdrawn.

**Matter 7 - Employee Benefits/Pensions**. This category was used for services specifically related to the Debtor's employee benefits program and was used primarily by benefits counsel. The total number of hours expended in this category during the Third Interim Period was 3.20, for a total fee amount of $1,488.00.

Services in this category during the Third Interim Period included: analysis of timing requirements for safe harbor contributions; analysis of issues related to Debtor's 401(k) plan, including termination of plan.

**Matter 8 - Fees and Employment Applications.** This category was used for services related to the employment of professionals for the estate and fee applications. The total number of hours expended in this category during the Third Interim Period was 246.30, for a total fee amount of $69,320.00.

Services in this category during the Third Interim Period included: preparation of Second Interim Fee Application for Ice Miller including fee and expense worksheets and backup support for application; preparation of Second Interim Fee Application for Custodian including fee and expense worksheets and backup support for application; prepared first draft of Third Interim Fee Application for Custodian and worked on supporting information; prepared first draft of Third Interim Fee Application of Ice Miller, including summary of portion of services; prepared updated summary of Ice Miller Second Interim Fee Application for filing; communications with counsel for Committee and U.S. Trustee's office regarding fee applications.

**Matter 12 – Plan and Disclosure Statement.** This category was used for services related to the development and preparation of a Plan and Disclosure Statement. The total number of hours expended in this category was during the Third Interim Period was 54.60, for a total fee amount of $27,492.00.

Services provided in this category during the Third Interim Period included analysis of workable plan terms and prepared and revised draft plan of liquidation; prepared and revised draft disclosure statement; analysis of options and issues to wrap up the bankruptcy.

**Matter 16 – Litigation against 1803, LLC; Gaudio Diversified; Eric Gaudio; and Dennis Gaudio.**  This category was used for services related to the adversary proceeding against Dennis and Eric Gaudio and their related business entities.  The total number of hours expended in this category during the Third Interim Period was 1.90, for a total fee amount of $988.00.

Services in this category during the Third Interim Period included:  prepared amendments to Gaudio settlement agreement and communications regarding issues related to same; finalized settlement agreement; prepared stipulated judgment; attended to releases per agreement and settlement payments.

**Matter 17 - United States Trustee Communication and Activities.**  This category was used for services related to communications with the U.S. Trustee, including the preparation of monthly operating reports.  The total number of hours expended in this category during the Third Interim Period was 26.70, for a total fee amount of $9,151.00.

Services in this category during the Third Interim Period included:  prepared descriptions for and revisions to monthly operating reports; finalized monthly operating reports for submission to the Court.

    **2.**    **<u>Detail of Services Rendered and Hours Expended</u>.**  Exhibits A (Fee Summary) and A-1 (Ice Miller Invoices) contain full detail of the services rendered and summaries of the hours expended during the Interim Period by Ice Miller professionals.  As noted above, the invoices attached as Exhibit A-1 have been marked to show where time entries were moved or reduced after the invoices were finalized.  The Ice Miller Invoices attached as Exhibit A-1 have been redacted to protect privilege.[2]  Because the Exhibits hereto are voluminous, the Exhibits

---

[2] As noted above, where time descriptions are completely blocked out, that indicates that the time was completely written off and the invoice has been correspondingly reduced.

have not been served with the copies of this Third Interim Application served by U.S. Mail, but are available upon request of the undersigned counsel.

Exhibit C hereto contains a breakdown of fees incurred by monthly period and task.

**PART D:  EXPENSE SUMMARY**

The amounts of the expenses are calculated using the Ice Miller's in-house actual cost. Exhibit D provides a summary of expenses incurred by Ice Miller for the Third Interim Period, totaling $2,632.96.  The full detail of the expenses advanced during the Third Interim Period by Ice Miller professionals are provided in the Ice Miller invoices attached as Exhibit A-1.

WHEREFORE, Ice Miller requests (i) allowance of $518,371.50 in compensation for fees, and $2,632.96 for reimbursement of expenses, for a total of $521,004.46, of which no amount has been previously paid, for the Third Interim Period of December 1, 2016 through December 15, 2017, (ii) entry of an order approving these fees and expenses as allowed, on an interim basis for the Third Interim Period, and (iii) such further relief as is just and proper.

| | |
|---|---|
| Dated:  February 6, 2018 | Respectfully submitted, |
| | /s/ Victoria E. Powers<br>Victoria E. Powers (Ohio Bar No. 0054589)<br>ICE MILLER, LLP<br>250 West Street<br>Columbus, OH 43215<br>614-462-5010 – Telephone<br>614-222-3478 – Facsimile<br>victoria.powers@icemiller.com – Email<br>*Counsel to the Debtor* |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2018, I electronically filed the foregoing *Third Interim Application of Ice Miller LLP, for Allowance of Compensation and Reimbursement of Expenses* with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the Debtor's counsel, the United States Trustee, and all parties receiving CM/ECF notice in this proceeding, and in addition, the parties listed on the attached service list for receipt of service by U.S. Mail Service were so served, postage prepaid, at the addresses listed on the attached service list.

    Respectfully submitted,

    ICE MILLER LLP

    By: /s/ Victoria E. Powers
       Victoria E. Powers
       250 West Street
       Columbus, OH 43215
       614-462-5010 – Telephone
       614-222-3478 – Facsimile
       victoria.powers@icemiller.com – Email

    *Counsel to the Debtor*

**SERVICE LIST**

Service by CM/ECF:
- Megan M. Adeyemo on behalf of Creditor Century Tokyo Leasing (USA) Inc. madeyemo@gordonrees.com, dhouser@gordonrees.com
- Thomas V. Askounis on behalf of Creditor Wells Fargo Equipment Finance, Inc. taskounis@askounisdarcy.com
- Edwin C. Barney on behalf of Creditor and Defendant Paul Offutt, Attorney Gilbert Saikley, Defendant Security Ventures, Inc. and Defendant Offutt Development, Inc. edwincbarney@sbcglobal.net
- Darren L. Besic on behalf of Creditor General Electric Capital Corporation and Creditor JPMorgan Chase Bank, N.A. darren@dbesiclaw.com, Nancy@dbesiclaw.com
- James L. Brougher on behalf of Creditor Iroquois Federal Savings and Loan and Defendant Village of Tilton, Illinois Jimb@danvillelawyers.com
- John David Burke on behalf of Debtor Earl Gaudio & Son, Inc. john.burke@icemiller.com
- Ben T. Caughey on behalf of Debtor Earl Gaudio & Son, Inc. ben.caughey@mcdlegalfirm.com
- Joseph P. Chamley on behalf of Official Unsecured Creditors Committee jchamley@efbclaw.com, jnieman@efbclaw.com
- Sherry D. Coley on behalf of Defendant World Business Lenders scoley@dkattorneys.com, cpogorzelski@dkattorneys.com, kmarquardt@dkattorneys.com
- Shannon M. DeLaMar on behalf of Creditor Illinois Department of Revenue sdelamar@atg.state.il.us
- Roy Jackson Dent on behalf of Defendant Offutt Development, Inc., Defendant Security Ventures, Inc. and Defendant Paul Offutt roy.jackson.dent@gmail.com
- Kevin Driscoll on behalf of Defendant JP Morgan Chase, N.A. kevin.driscoll@btlaw.com
- David J. Frankel on behalf of Creditor Mercedes-Benz Financial Services USA LLC dfrankel@sormanfrankel.com, ckauffman@sormanfrankel.com
- Christina Laun Fugate on behalf of Debtor Earl Gaudio & Son, Inc. christina.fugate@icemiller.com
- David H. Hoff on behalf of Creditor United States of America and Defendant United States Small Business Administration staci.klayer@usdoj.gov
- Michael Fredrick Holbein michael.holbein@agg.com
- Amrit Suresh Kapai on behalf of Creditor Wells Fargo Equipment Finance, Inc. akapai@askounisdarcy.com, hgill@askounisdarcy.com
- Brett Kepley on behalf of Defendant American Express bakepley@rosklaw.com, jhoerr@rosklaw.com
- Kathryn A. Klein on behalf of Creditor Ally Financial Inc. rb_bank@riezmanberger.com, riezmanberger@gmail.com
- Paul Samuel Kmett on behalf of Creditor Illinois Department of Revenue pkmett@atg.state.il.us
- Russell S. Long on behalf of Defendant World Business Lenders rlong@dkattorneys.com, ahalase@dkattorneys.com
- Jennifer L. Maffett on behalf of Creditor Mike-sell's Potato Chip Co. thdaytonecf@thompsonhine.com

- Terrence Miles on behalf of Creditor Dennis Gaudio packs@aol.com, info.mileslaw@aol.com
- Patrick Frasor Moran on behalf of Creditor Century Tokyo Leasing (USA) Inc. pmoran@gordonrees.com
- Steven L. Nelson on behalf of Creditor Specialty Distributing of Illlinois, LLC snelson@califf.com
- Kate R O'Loughlin on behalf of Creditor United States of America and Defendant United States Small Business Administration kate.oloughlin@sba.gov
- Sabrina M. Petesch on behalf of U.S. Trustee sabrina.m.petesch@usdoj.gov
- Victoria E. Powers on behalf of Debtor and Plaintiff Earl Gaudio & Son, Inc. victoria.powers@icemiller.com, Daniel.Anderson@icemiller.com, Sandy.Heaberlin@icemiller.com
- Jeffrey D. Richardson on behalf of Creditor Helen Gaudio jdrdec@aol.com
- Robert Fredrick Ritchie on behalf of Creditor Illinois Department of Revenue rritchie@atg.state.il.us
- James Edward Rossow on behalf of Official Unsecured Creditors Committee jim@rubin-levin.net, marie@rubin-levin.net
- Steven E. Runyan on behalf of Defendant 1803 LLC, Defendant Gaudio Diversified Ventures, LLC, Defendant Dennis Gaudio, Defendant Eric Gaudio srunyan@kgrlaw.com Amy T. Ryan    atr@mllfpc.com, bdm@mllfpc.com
- Christopher M. Tietz on behalf of Creditor Skeff Distributing Company, Inc. cmt@tietzlaw.com, tonya@tietzlaw.com
- U.S. Trustee USTPRegion10.PE.ECF@usdoj.gov
- Mark Roy Wenzel on behalf of Creditor and Defendant Regions Bank mwenzel@salawus.com, pdidandeh@salawus.com
- Bruce Eugene de'Medici on behalf of Defendant American Express bdemedici@gmail.com
- James A. Knauer on behalf of Defendant 1803 LLC, Defendant Gaudio Diversified Ventures, LLC, Defendant Dennis Gaudio, Defendant Eric Gaudio jak@kgrlaw.com, tjf@kgrlaw.com

U.S. Mail Service:

| | |
|---|---|
| Peter E. Moll<br>Cadwalader, Wickersham & Taft LLP<br>700 Sixth Street, N.W.<br>Washington, DC 20001 | Sundance Beverage Co.<br>8100 SW Tenth Street, Suite 4000<br>Fort Lauderdale, FL  33324 |
| ADP<br>1 ADP Blvd<br>MS 325<br>Roseland, NJ 07068-1786 | Mike-sell's Potato Chip Co.<br>333 Leo Street<br>Dayton, OH 45404 |
| Anheuser-Busch Companies, LLC<br>Legal Department<br>1 Busch Place<br>Saint Louis, MO 63118-1852 | Regions Commercial Loan Payments<br>P.O. Box 11407<br>Birmingham, AL 35246 |

Employers Preferred Insurance Co.
13890 Bishops Drive
Suite 210
Brookfield, WI 53005

Clifton Larson Allen LLP
301 SW Adams
Suite 900
Peoria, IL 61656

Earl Gaudio & Son, Inc.
c/o First Midwest Bank as Custodian
Angela E. Major Hart
24509 West Lockport Street
Plainfield, IL 60544-2318

Illinois Department of Revenue
100 West Randolph Street
Legal Services M/C 7-900
Chicago, IL 60601

Vermilion County Collector
P.O. Box 730
Danville, IL  61834

Wells Fargo Equipment Finance, Inc.
550 S. 4th Street
Minneapolis, MN  55415-1529

Ameren Illinois
Credit and Collections
2105 E. State Route 104
Pawnee, IL 62558-4681

Argo Partners
12 W. 37th Street, 9th Floor
New York, NY 10018-7381

TR Capital Management, LLC
P.O. Box 633
Woodmere, NY 11598

Earl Gaudio & Sons, Inc. Pension Plan
P.O. Box 990067
Hartford, CT 06199

Illini FS
1509 East University Avenue
Urbana, IL  61802

Westfield Insurance
c/o Wells Fargo Insurance Services
P.O. Box 4016
Champaign, IL 61824

Iroquois Federal Savings & Loan
619 N. Gilbert Street
P.O. Box 1277
Danville, IL 61834-1277

Surepay
2350 Ravine Way, Suite 100
Glenview, IL  60025

WDNL-FM - Neuhoff Broadcasting
1501 N. Washington
Danville, IL  61832

Sorling Northrup
P.O. Box 5131
Springfield, IL 62705

World Business Lenders
101 Hudson Street
Floor 33
Jersey City, NJ  07302-3905

GE Capital
P.O. Box 536447
Atlanta, GA 30353

19

Internal Revenue Service
P.O. Box 804521
Cincinnati, OH 45280-4521

GE Capital Information Technology
Solutions
Attn: Bankruptcy Administration
P.O. Box 13708
Macon, GA 31208

Old Farm Shops, Ltd.
303 S. Mattis Avenue
Suite 200
Champaign, IL 61821

Shannell, Inc.
301 W. Main Street
Danville, IL 61832

The UPS Store, Inc.
Attn.: Legal Dept.
6060 Cornerstone Court West
San Diego, CA 92121

Liquidity Solutions, Inc.
1 University Plaza, Suite 312
Hackensack, NJ 07601-6205

Paul E. Offutt
2807 North Vermilion
Danville, IL  61832

Dennis Gaudio
466 West Franklin Street,
Shelbyville, IN 46176

Gilbert H. Saikley
Saikley Garrison Colombo & Barney, LLC
208 W. North Street
P.O. Box 6
Danville, IL  61834-0006

Eric Gaudio
P.O. Box 17578
Indianapolis, IN  46217

I\12317022.3