UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

IN RE:                                    )
                                          )
EARL GAUDIO & SON, INC.,                  )    No. 13-90942
                                          )
        Debtor.                           )

**MOTION TO DISMISS DEBTOR'S OBJECTION TO CLAIM 47-1
OR FOR RECHARACTERIZATION OF CLAIM AS EQUITY**

Now come Helen Gaudio, as Guardian of the Estate of Earl Gaudio, and James Brougher, Administrator of the Estate of Earl Gaudio, deceased, by Jeffrey D. Richardson, one of their attorneys, and for their Motion to dismiss respectfully state as follows:

1. The matter before this Court relates to Claim no. 47-1. It involves the claimed debt of the Debtor, Earl Gaudio and Sons, Inc. to Earl Gaudio.

2. Earl Gaudio is now deceased and James Brougher is the administrator of the Estate of Earl Gaudio, deceased.

3. The Debtor seeks an order from this Court either: (a) disallowing Claim 47-1 on the basis that the Debtor contends that it is not a valid debt to Earl Gaudio; or (b) in the alternative, that the Court recharacterize the debt in question as equity.

4. In its objection, the debtor asserts that "bankruptcy courts act within their equitable powers when they recharacterize loans as infusions of equity." (Debtor's Objection, page 7, footnote 3).

5. Objections to claims are governed by Bankruptcy Rule 3007.

6. Bankruptcy Rule 3007(b) precludes a party in interest from seeking a demand for relief in an objection to a claim of the kind specified in Bankruptcy Rule 7001.

2

7.     Bankruptcy Rule 7001(7) states that an action for an injunction or other equitable relief is an adversary proceeding.

8.     Bankruptcy Rule 7001(9) states that an action to obtain a declaratory judgment concerning any proceeding delineated in Rule 7001 is itself an adversary action.

9.     While Bankruptcy Rule 3007 does not preclude an objection to a claim being included as part of an adversary action, Rule 3007 does prohibit a party in interest from including a demand for relief specified in Bankruptcy Rule 7001 from being included in an objection to a claim.

WHEREFORE, the aforesaid Movants respectfully pray that the Debtor's Objection to Claim No. 47-1 Asserted by Helen Gaudio, Guardian of the Estate of Earl Gaudio on Grounds that There is No Valid Claim or Liability, or that Claim 47-1 Should be Recharacterized as Equity be dismissed.

/s/ Jeffrey D. Richardson
JEFFREY D. RICHARDSON
Attorney for Helen Gaudio, as Guardian of the Estate of Earl Gaudio, Deceased, and James Brougher, Administrator of the Estate of Earl Gaudio, Deceased
Registration No. 02330067
132 South Water Street, Suite 444
Decatur, IL 62523
Telephone: 217/425-4082
E-mail: jdrdec@aol.com

CERTIFICATE OF SERVICE

The undersigned certifies that the above instrument was filed electronically with the Court on July 9, 2018, and that he has determined that the following persons are registered with the Court for electronic filing, and, therefore, will be sent a copy of the pleading by the Court:

U. S. Trustee
Mr. Edwin C. Barney
Mr. Roy Jackson Dent
Ms. Victoria E. Powers
Ms. Kate R. O'Loughlin
Mr. James Rossow
Mr. David H. Hoff

/s/ Jeffrey D. Richardson