UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| EARL GAUDIO & SON, INC., ) | |
| ) | Case No. 13-90942 |
| Debtor. ) | |

**SUMMARY OF SECOND AND FINAL APPLICATION OF ACCOUNTANT WERMER, ROGERS, DORAN & RUZON, LLC FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OCTOBER 10, 2013 TO SEPTEMBER 5, 2018, AND THE PRIOR PERIOD**

| | |
|---|---|
| Name of Applicant: | Wermer, Rogers, Doran & Ruzon, LLC |
| Authorized to Provide Professional Services as: | Accountant to the Debtor |
| Date of Application: | October 16, 2018 |
| Date of Order Approving Appointment: | October 4, 2013 |

FIRST FEE PERIOD

| | |
|---|---|
| Period for which Fees and Reimbursement were previously sought: | September 25, 2013 to December 20, 2013 |
| Fees sought as Actual, Reasonable, and Necessary for First Period: | $29,441.75 |
| Expenses sought as Actual, Reasonable, and Necessary for First Period: | $0.00 |
| Fees previously allowed for First Period: | $24,711.75 (included a voluntary reduction of $4,730.00) |

SECOND FEE PERIOD

| | |
|---|---|
| Period for which Fees and Reimbursement are now sought: | October 10, 2013 to September 5, 2018 |
| Fees sought as Actual, Reasonable, and Necessary for Second Period: | $164,265.50 ($158,265.50 plus $6,000 in anticipated fees) |

Expenses sought as Actual, Reasonable,
and Necessary for Second Period:		$0.00

ALL FEE PERIODS (FIRST & SECOND)

Total Amounts of Fees and Expenses
Sought to be Allowed as Actual,
Reasonable and Necessary on a
Final Basis:		$188,977.25

**Summary of rates for billers listed in this Application:**

| Biller | Hourly Rate | Hours | Total Fees |
|---|---|---|---|
| Cathy Thomas – Partner | $265-$295/hr* | 154.3 | $23,145.00 |
| Howard Ellison – Partner | $290/hr* | 0.8 | $120.00 |
| Mary Lancaster – Partner | $275-$285/hr* | 2.2 | $330.00 |
| Tom Lancaster – Sr. Staff and then Manager | $175-$245/hr* | 202.1 | $30,315.00 |
| Robert Vironda – IT Manager | $180/hr* | 11.2 | $1,680.00 |
| Chris Chamblee – Staff | $155/hr* | 2 | $300.00 |
| Joe Jados – Staff | $125/hr | 25.2 | $3,150.00 |
| Christine Ludvik – Staff | $110-$125/hr | 405.6 | $45,421.50 |
| Marsa Sistek – Secretary | $120/hr* | 1.1 | $136.00 |
| Nicole Adam – Manager | $225-$245/hr* | 83.3 | $12,495.00 |
| Dawn Adridge – Secretary | $110/hr | 0.2 | $22.00 |
| Lisa Belcher – Bookkeeper | $110/hr | 4.7 | $517.00 |
| Carol Casey – Staff | $145-155/hr* | 65.2 | $9,676.00 |
| Christy Ely – Manager | $240/hr* | 0.8 | $120.00 |
| Russell Gegenheimer – Intern | $50/hr | 275.2 | $13,760.00 |
| Breanna Story – Intern | $50/hr | 0.2 | $10.00 |
| Mike Sullian – Staff | $160/hr* | 29.6 | $4,440.00 |
| Dorothy Tacchia – Bookkeeper | $110/hr | 114.8 | $12,628.00 |
| | | 1,378.5 | $158,265.50 |

* Rate reduced to $150/hr per engagement agreement

Blended rate (partners, managers, and staff):   $133.37/hr

This application is: _____ interim ___X___ final.

I\12842829.10

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| EARL GAUDIO & SON, INC., ) | |
| ) | Case No. 13-90942 |
| Debtor. ) | |

**SECOND AND FINAL APPLICATION OF ACCOUNTANT WERMER, ROGERS, DORAN & RUZON, LLC FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OCTOBER 10, 2013 TO SEPTEMBER 5, 2018, AND THE PRIOR PERIOD**

Wermer, Rogers, Doran & Ruzon, LLC ("WRDR" or "Wermer Rogers") for its *Second and Final Application for Allowance of Compensation and Reimbursement of Expenses* (the "Application"), respectfully states the following:

**Factual Background and Jurisdiction**

1. On July 19, 2013 (the "Petition Date"), the above-captioned Debtor, Earl Gaudio & Son, Inc. (the "Debtor"), commenced its case under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. On September 5, 2018 (the "Confirmation Date"), this Court entered the *Agreed Order Approving First Amended Disclosure Statement and Confirming First Amended Chapter 11 Plan of Liquidation of Earl Gaudio & Son, Inc. Dated May 11, 2018* (the "Confirmation Order") (Doc. 833).

3. Under the *First Amended Chapter 11 Plan of Liquidation of Earl Gaudio & Son, Inc.* (the "Plan"), First Midwest Bank in its capacity as Custodian of the Debtor (the "Custodian") is the representative of the Debtor's estate.

4. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. And this matter is a core proceeding pursuant to 28 U.S.C. § 157.

1

I\12842829.10

5. The Court has authority to grant the relief requested in this Application pursuant to 11 U.S.C §§ 327 and 330.

**Previously Awarded Fees**

6. On October 3, 2013, the Debtor filed its *Application for Order Approving Employment of Wermer, Rogers, Doran & Ruzon LLC as Accountants* (Doc. 128). As stated therein, the billing rates of professionals employed by Wermer Rogers for this engagement would be $150.00/hour.

7. On October 4, 2013, the Court entered an *Order Authorizing Employment [of] Wermer, Rogers, Doran & Ruzon, LLC as Accountants* (the "Retention Order") (Doc. 132), wherein the Court authorized the employment of WRDR as accountants to the estate and ordered that the fees and expenses incurred by WRDR are subject to approval of the Court and allowable as an administrative expense.

8. On February 4, 2014, WRDR filed its *First Interim Application of WRDR for Allowance of Compensation and Reimbursement of Expenses for the Period from September 25, 2013 to December 26, 2013* (Doc. 205) in the amount of $29,441.75 (the "First Interim Application"). The First Interim Application sought approval of compensation for services detailed on Invoice No. 52446 in the amount of $15,387.75, covering the period from September 25, 2013 through November 11, 2013, and Invoice No. 52637 in the amount of $14,054.00, covering the period from October 31, 2013 through December 20, 2013 (the "First Fee Period"). The WRDR invoices for the First Fee Period were attached to the First Interim Application (Doc. 205-1), but for ease of reference are attached hereto as Exhibit F.

9. On March 7, 2014, the Court entered an Order (Doc. 210) granting the First Interim Application, which allowed interim compensation in the amount of $24,711.75, based on

WRDR's willingness to voluntarily reduce their fees of $29,441.75 by $4,730.00, and authorized the estate to pay WRDR that amount (the "First Interim Order").

## Summary of Invoices for the Second Fee Period

10. This Application is the second and final application filed by WRDR seeking final approval of WRDR fees and expenses for the First Fee Period previously approved by the Court in the First Interim Order, and seeking final approval of fees and expenses for the Second Fee Period not previously approved by the Court, for the period from October 10, 2013[1] through the Confirmation Date[2] (the "Second Fee Period").

11. Pursuant to the *Order Granting, in Part, Motion for Authority to Implement Interim Compensation Procedures* entered on October 11, 2013 (Doc. 138) (the "Interim Procedures Order"), the Debtor, after notice to the United States Trustee (the "U.S. Trustee") and the Official Committee of Unsecured Creditors (the "Committee"), was authorized to distribute interim partial payments to retained professionals.

12. During the Second Fee Period, and pursuant to the Interim Procedures Order, on June 26, 2015, WRDR's Invoice No. 56421 for the period beginning September 23, 2014 and ending on April 15, 2015 in the amount of $36,153.00 in fees and $0.00 in expenses was submitted to the U.S. Trustee and to counsel for the Committee, with a request for authorization for the Debtor to pay WRDR 75% of the fees in the amount of $27,114.75. A reformatted copy

---

[1] Invoice 54561, for the period October 10, 2013 through September 30, 2014, was not included in the First Interim Application, such that there is an overlap of the Second Fee Period and First Fee Period, as those terms are defined above. The services provided by WRDR as reflected in invoice 54561 are not duplicative of any services covered in the First Interim Application.

[2] A final invoice, which is attached hereto as Exhibit E and discussed in more detail below, is an estimate for the fees and expenses of WRDR to prepare the 2018 tax returns – work that will actually occur post-Confirmation Date.

of Invoice 56421 is attached hereto as <u>Exhibit A</u>.[3] On July 6, 2015, the Debtor paid WRDR the amount of $27,114.75 pursuant to the Interim Procedures Order. WRDR has not been paid the remaining 25 percent of the requested fees, which totals $9,038.25.

13.     Also during the Second Fee Period, and pursuant to the Interim Procedures Order, on September 21, 2015, WRDR Invoice No. 54561 for the period October 10, 2013 through September 30, 2014 (discussed in footnote 1 above) and Invoices described below in this paragraph for the period January 13, 2014 through July 30, 2015, in the aggregate amount of amount of $62,173.00 in fees and $0.00 in expenses, were submitted to the U.S. Trustee and to counsel for the Committee, with a request for authorization for the Debtor to pay WRDR 75% of the aggregate fees in the amount of $46,629.75. Reformatted copies of these Invoices – Invoice No. 54561 in the amount of $6,913.00, Invoice No. 54563 in the amount of $36,880.00, Invoice No. 56574 in the amount of $11,503.00, and Invoice No. 56828 in the amount of $6,877.00 – are collectively attached hereto as <u>Exhibit B</u>.[4] On December 29, 2015, the Debtor paid WRDR the amount of $46,629.75 pursuant to the Interim Procedures Order, for accounting services performed from October 1, 2013 to July 30, 2015. WRDR has not been paid the remaining 25 percent of the requested fees, which totals $15,543.25.

14.     WRDR has provided the Debtor with additional invoices for services rendered during the Second Fee Period as follows: Invoice No. 56774 in the amount of $8,767.00 for services rendered May 27, 2015 through June 26, 2015; Invoice No. 57066 in the amount of $15,306.50 for service rendered July 31, 2015 through September 16, 2015; Invoice No. 57650

---

[3] The original invoice submitted to the U.S. Trustee and the Committee was in straight chronological order. WRDR has reformatted the invoice to group time entries by specific category of work performed. The total amount of the invoice remains unchanged.

[4] The original invoices submitted to the U.S. Trustee and the Committee were in straight chronological order. WRDR has reformatted the invoices to group time entries by specific category of work performed. The total amount of each invoice remains unchanged.

I\12842829.10

in the amount of $5,009.00 for services rendered September 30, 2015 to January 22, 2016; Invoice No. 59060 in the amount of $17,226.00 for services rendered February 1, 2016 through July 6, 2016; Invoice No. 61623 in the amount of $8,103.50 for services rendered August 4, 2016 to July 19, 2017; and Invoice No. 63817 in the amount of $5,527.50.  These Invoices aggregate $59,939.50 in fees and $0.00 in expenses, and are collectively attached hereto as Exhibit C.  The Debtor has not yet paid WRDR for any of the fees incurred on the invoices attached as Exhibit C.

15.    Attached hereto as Exhibit D is a summary of all of the WRDR invoices (the "Invoice Summary").

16.    WRDR has agreed to complete the Debtor's final tax returns and related work at a cost capped at $6,000.00.  No further work is anticipated to be required of WRDR.  Accordingly, WRDR requests allowance of an additional $6,000.00 in fees on a final basis to complete all taxes and all other accounting work in this matter, although, as to services performed following entry of the Confirmation Order, Article II.C of the Plan provides that Debtor shall pay those fees and expenses of WRDR, as a Professional, without the need for approval by the Court.  An updated engagement letter and an invoice reflecting the $6,000.00 cap is attached as Exhibit E.

17.    In summary, WRDR hereby requests that the Court approve and allow on a final basis WRDR's fees and expenses for the Second Fee Period as set forth in the attached Exhibits A, B and C, in the aggregate amount of $158,265.50; approve and allow on a final basis anticipated fees of $6,000.00 as set forth on the attached Exhibit E; and further requests allowance on a final basis of the fees previously approved and allowed in the First Interim Order, in the amount of $24,711.75, for an aggregate amount requested on a final basis of $188,977.25.

5

18. Of the $188,977.25 requested for final allowance, the aggregate amount of $98,456.25 has been paid to WRDR as described above ($27,114.75 for the invoices attached as Exhibit A, $46,629.75 for the invoices attached as Exhibit B, and $24,711.75 for the invoices previously paid pursuant to the Court's First Interim Order). Accordingly, of the requested amount, $90,521.00 remains unpaid (the "Unpaid Balance").

### Narrative Description of Work by Category

19. Pursuant to the Retention Order, during the Second Fee Period WRDR has provided a variety of necessary accounting services to the estate. When the Custodian was appointed, the books and records of the Debtor were in a poor state. WRDR was initially engaged in September 2013 to reconstruct activity for 2012 in order to prepare a corporate tax return and calculate loans to shareholders.[5] As the case went on, WRDR continued to provide services necessary for the Debtor's continued operations through the analysis and reconstruction of Debtor's records and the further preparation of tax returns.

20. WRDR's invoices are organized into a series of categories. The following narrative descriptions are intended to provide an overview of the type of work performed in each category:

   a. Compilation Field Work:

   Work in this category primarily related to the creation of a general ledger through recapping transactions from bank statements and check stubs, and the preparation of W-2's and payroll tax filings. This information was difficult to obtain and time consuming to recap in the beginning since we did not have knowledge of all bank accounts, charge cards, notes and loan payables, and fixed assets. Per the Invoice Summary, the amount of time in the Compilation Field Work category decreases since the Custodian was able to provide the needed information in later years.

   WRDR spent 860.3 hours on services rendered in this category for a total fee of $86,256.00, at a blended rate of $100.26.

---

[5] Initially, two client numbers were set up, one for Earl Gaudio and Son, Inc. and Gaudio Retail LLC since there were two federal ID numbers.

6

b. <u>Special Assignment Field Work</u>:

Compilation Field Work and Special Assignment Field Work were used hand in hand in the early years because we were trying to reconstruct the 2012 and 2013 transactions. This encompassed locating all bank accounts, copies of deposits and cleared checks, and posting to a general ledger program. This information was needed to prepare corporate income tax returns and to calculate loans to shareholders.

WRDR spent 14.90 hours on services rendered in this category for a total fee of $2,235.00, at a blended rate of $150.00.

c. <u>Special Tax Field Work</u>:

Work in this category primarily consisted of investigating tax notices, income taxes, and payroll taxes. WRDR investigated tax notices dating back to 2010. The Internal Revenue Service was contacted to obtain transcripts of prior tax years and payroll information in order to prepare 2012 income tax returns and 2013 W-2's for employees.

WRDR spent 191.00 hours on services rendered in this category for a total fee of $23,098.50, at a blended rate of $120.93.

d. <u>Tax Return Field Work and Tax Return Report</u>:

Work in these categories included reconciling all general ledger accounts with supporting documentation for corporate tax return preparation. Corporate income tax return forms 1120 and IL-1120 for tax years 2012 and 2013 were initially completed in September 2014. The 2013 corporate income tax return was filed timely in September 2014, but needed to be amended due to incomplete information. The 2013 amended corporate income tax return was prepared in September 2015. Corporate income tax returns for 2014 through 2017 were timely filed.

WRDR spent 238.10 hours on services rendered in the Tax Return Field Work category for a total fee of $35,583.00, at a blended rate of $149.45, and 52.70 hours on services rendered in the Tax Return Report category for a total fee of $7,868.00, at a blended rate of $149.29.

e. Tax Return Partner Review:

Work in this category included the review of corporate income tax returns activities performed by staff or managers by the partner in charge of the engagement.

WRDR spent 21.50 hours on services rendered in this category for a total fee of $3,225.00, at a blended rate of $150.00.

21. The invoices attached hereto as Exhibits A, B, and C, along with the prior invoices attached to the First Interim Application, set forth in detail the individual accounting services rendered by WRDR, the dates on which WRDR's personnel rendered such accounting services, the identity of the WRDR's employee who performed such services, the time spent by each of WRDR's personnel in performing such services, and the amount of fees attributable to each such accounting service performed by WRDR's accountants.

22. WRDR's invoices provide the hours spent by the professional for whom compensation is sought and reflect the hourly rate normally charged by each of the professionals. Each invoice reflects the hourly rates and breaks out the number of hours charged at each rate.

23. WRDR is an experienced accounting firm that employs only well-credentialed professionals. A biographical summary of WRDR's team of professionals is attached hereto as Exhibit G.[6] In its engagement agreement with the Debtor (Doc. 128-2), WRDR agreed to charge a reduced rate of $150.00 for services performed by WRDR professionals for the benefit of the estate. This rate represents a significant reduction over the standard hourly rates charged by WRDR's professionals. Professionals with a regular hourly rate $150.00 or above were billed at $150.00 per hour and professionals with a regular hourly rate below $150.00 were billed at that

---

[6] During this longer than average engagement, WRDR has experienced turnover. Accordingly, not all professionals referenced in the invoices attached to this Application are still employed with WRDR. Because of this, WRDR is unable to furnish biographical information for those professionals. WRDR represents that all professionals used during the course of this engagement were well-credentialed and qualified to perform the work billed.

8

I\12842829.10

lower rate. The invoices attached hereto as Exhibits A, B, and C each state the billing professionals' regular hourly rates and then a courtesy discount, which represents the difference between the regular hourly rates and the reduced hourly rate charged to the Debtor, as shown by the calculations at the end of each invoice. The invoices reflect a total discount of $39,148.00.

24. No compensation previously received has been shared with any other person and no agreement has been made by WRDR and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the case, except as a member or regular associate of WRDR.

25. WRDR submits that, pursuant to Section 330 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, and the Retention Order, it is entitled to compensation for the fees set forth in this Application and requests that all such fees be fully and finally allowed. WRDR's services are properly compensable, were actual and necessary expenses of the administration of the estate, and have aided in the administration of the case and helped the Debtor fulfill its duties in this proceeding.

WHEREFORE, WRDR requests that the Court enter an Order (1) approving this Application and allowing on a final basis WRDR's fees and expenses for the Second Fee Period as set forth in the attached Exhibits A, B and C, in the aggregate amount of $164,265.50, and allowing on a final basis the fees previously allowed in the First Interim Order, in the amount of $24,711.75, for an aggregate amount allowed on a final basis, for both the First and Second Fee Periods, of $188,977.25; (2) directing that the total Unpaid Balance of $90,521.00 be paid by the estate to WRDR in accordance with the terms of the Plan and Confirmation Order; and (3) granting such other and further relief as is just and proper.

Dated: October 16, 2018

Respectfully submitted,

By: *[signature]* , CPA, Partner
Wermer, Rogers, Doran & Ruzon, LLC

The undersigned files the foregoing Application as an accommodation, not as counsel, to Wermer, Rogers, Doran & Ruzon, LLC.

ICE MILLER LLP

/s/ Tyson A. Crist
Tyson A. Crist
250 West Street, Suite 700
Columbus, OH 43215
614-462-2243 – Telephone
614-224-3266 – Facsimile
Tyson.Crist@icemiller.com
*Counsel to the Debtor*

I\12842829.10

## CUSTODIAN CERTIFICATION

I hereby certify, as a representative of First Midwest Bank, as Custodian for Earl Gaudio & Son, Inc., the Debtor herein, that I have reviewed the foregoing *Second and Final Application of Accountant Wermer, Rogers, Doran & Ruzon, LLC for Allowance of Compensation and Reimbursement of Expenses for the Period October 10, 2013 to September 5, 2018, and the Prior Period*, dated October 16, 2018, and that the Custodian approves the same.

Date: October 17th, 2018

First Midwest Bank, as Custodian for
Earl Gaudio & Son, Inc.

By: _Rachael Gould VPPWB_
Its: _Vice President_