UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| EARL GAUDIO & SON, INC. | ) | CASE NO. 13-90942 |
| | ) | (Chapter 11) |
| DEBTOR. | ) | |

**LIMITED OBJECTION TO THE SECOND AND FINAL APPLICATION
OF ACCOUNTANT WERMER, ROGERS, DORAN & RUZON, LLC FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES FOR THE PERIOD OCTOBER 10, 2013 TO SEPTEMBER 5, 2018
FILED BY THE OFFICIAL UNSECURED CREDITORS' COMMITTEE**

The Official Unsecured Creditors' Committee (the "Committee"), by counsel, respectfully objects to the *Second and Final Application of Accountant Wermer, Rogers, Doran & Ruzon, LLC for Allowance of Compensation and Reimbursement of Expenses for the Period from October 10, 2013 to September 5, 2018* ("Final Fee Application") [Doc 872] on the limited grounds set forth herein:

1. On October 3, 2013, Debtor-in-Possession, Earl Gaudio & Son, Inc. (the "Debtor") filed its *Application for Order Approving Employment of Wermer, Rogers, Doran & Ruzon LLC as Accountants* (the "Employment Application") [Doc 128]. The Employment Application was approved by the Court's October 4, 2013 *Order Authorizing Employment Wermer, Rogers, Doran & Ruzon LLC as Accountants* (the "Employment Order") [Doc 132].

2. Pursuant to the Employment Application and the exhibits attached thereto, the time incurred by professionals of Wermer, Rogers, Doran & Ruzon LLC ("Wermer") is to be billed at a rate of $150.00 per hour. The Employment Application does not specify the rate at which Wermer will bill time incurred by its administrative and non-accountant staff or interns. However, pursuant to the Final Fee Application, administrative and non-accountant staff were

billed at rates between $110.00 and $125.00 per hour, while interns were billed at a rate of $50.00 per hour.

3. By its Final Fee Application Wermer requests final allowance of fees and expenses totaling $188,977.25, and payment of the unpaid balance of its fees and expenses totaling $90,521.00. The unpaid balance includes a flat fee of $6,000.00 for future preparation and filing of the Debtor's 2018 tax returns, pursuant to the terms of an engagement letter attached to the Final Fee Application as Exhibit E. It is worth noting that the Debtor has not previously sought Court approval of this agreement signed by First Midwest Bank on behalf of the Debtor on March 20, 2018.

4. Wermer is employed pursuant to Bankruptcy Code section 327. Pursuant to 11 U.S.C. § 330(a)(1)(A), the Court may award fees for "reasonable compensation for actual, necessary services" rendered by a professional person employed under 11 U.S.C. § 327. 11 U.S.C. § 330(a)(1)(A); *See also In re Chas. A. Stevens & Co.*, 109 B.R. 853, 854 (Bankr. N.D. Ill. 1990) ("Pursuant to sections 330 and 331 of the Bankruptcy Code, all professionals applying for fees must demonstrate that their services were actual, necessary and reasonable"). Among the factors a court considers in reviewing a professional fee application are: the time spent on such service, the rates charged for such services, whether the services were necessary to the administration of or beneficial at the time at which the service was rendered toward the completion of the bankruptcy case. 11 U.S.C. § 330(a)(3); *In re Vancil Contracting, Inc.*, 2008 Bankr. LEXIS 185, *6 (Bankr. C.D. Ill. 2008).

5. The burden of proving fees is on the applicant. *In re Kenneth Leventhal & Co.*, 19 F.3d 1174, 1177 (7th Cir. 1994); *In re Rockford Prods. Corp.*, 2009 Bankr. LEXIS 2496, *11 (Bankr. N.D. Ill. August 24, 2009). An accountant's fee application is subject to the same

2

standards as an attorney's fee application. *In re Adventist Living Centers, Inc.*, 137 B.R. 692, 696 (Bankr. N.D. Ill. 1991); *Stevens.*, 109 B.R. at 855-56. In proving necessity, an applicant must provide a "narrative explanation" that shows that the work was required to obtain a benefit to the estate. *In re Minich*, 386 B.R. 723, 728 (Bankr. C.D. Ill. 2008).

6.  "Records which give no explanation of the activities performed are not compensable." *In re Vancil Contracting, Inc.*, 2008 Bankr. LEXIS 185, *8. "An entry of 'telephone call' or even 'telephone call with x' is insufficient." *Id.* The entry should include the nature and purpose of the activity. *Id.* at *9. Additionally, several activities cannot be lumped into a single entry to avoid providing a sufficient amount of detail. *Id.* Moreover, only one professional's time for an intraoffice meeting or conference is compensable, unless an adequate explanation of the active participation of each professional is provided. *In re Vancil Contracting, Inc.*, 2008 Bankr. LEXIS 185, *10; *In re Adventist Living Centers, Inc.*, 137 B.R. at 697 (holding that in intraoffice conferences where one professional is the active participant and the others are passive listeners, such as "direction" and "status" conferences, only the active professional's time is compensable).

7.  Wermer's Final Fee Application does not meet the standards announced by the Court in *In re Minich* and *In re Vancil Contracting, Inc.* Many of the itemized entries on Wermer's invoices, attached as Exhibits A, B, and C to the Final Fee Application, include entries in which several activities are lumped together with no specific itemization of time spent on each activity. Other entries provide insufficient detail of the nature and purpose of an activity to allow an interested party to determine how the work benefitted the Debtor's estate, and whether the time spent on a task was reasonable. Additionally, there are multiple entries where two or more Wermer employees have billed for participation in a meeting without providing an adequate

3

explanation of each employee's role as an active participant in the meeting. Finally, a significant amount of time was billed by staff other than accountants for what appear to be data entry tasks at rates that were not included in the Employment Application for approval by the Court and are substantially similar to the rates charged by the professionals. The Final Fee Application provides insufficient detail about the education, training, and experience of Wermer employees who performed work for the Debtor to allow a reviewer to determine if the hourly rates charged are reasonable.

8. The invoices submitted with the Final Fee Application include entries with insufficient detail for a reviewer to determine the nature and purpose of the task. For example, on February 24, 2015, Nicole Adam, identified simply as a Manager billing at a rate of $245.00 per hour, billed 2.8 hours for "Meeting w/Rebecca Little" without any further explanation of the nature or purpose of the meeting. Similarly, Invoice No. 63817 includes time entries such as "Discussing with Christine," "Discussing with Christine and Daisy," "2017 Transactions," "Following up with Joe for monthly data entry," "EGS phone call," and "Finishing YE binder."

9. Wermer's invoices also include a significant amount of "lumped" time, with similarly sparse detail, and no breakdown of the time spent on each discrete task. For example, on May 30, 2014, Christine Ludvik, entered the following time entry of 6.30 hours resulting in fees of $787.50: "Locate bank statements in Mike Sullivan's office, reconcile ONB account, reclass entries to proper accounts, enter reversing entries for uncleared old items. Review detail for credit card & P&L 2012." From this entry it is not possible to determine how much of Ms. Ludvik's time, which is being billed at $125.00 per hour in this entry, was spent on each task, including locating bank statements in an accountant's office.

10. Moreover, Ms. Ludvik, whose biographical information submitted in exhibit G

4

indicates that she is a non-accountant employee with no specialized training or education, billed time at rates between $110.00 and $125.00 per hour or roughly between 73% and 83% of the rate charged for professionals. Between September 2014 and September 2018, Ms. Ludvik incurred fees of $45,421.50 for 405.6 hours of work. The vast majority of Ms. Ludvik's time appears to be spent on data entry tasks that do not appear to require any specialized knowledge or skill that would justify a billing rate substantially similar to the rate of the accounting professionals. Moreover, similar tasks were completed by interns at a rate of $50.00 per hour. Reducing the amount charged for Ms. Ludvik's time to $50.00 to $75.00 per hour would result in a net benefit to the Debtor's estate of between $15,001.50 and $25,141.50.

11. An additional 146 hours of time was incurred by other Wermer employees that also appear to be non-accountant staff for data entry tasks at rates between $110.00 and $125.00 per hour, resulting in fees totaling $16,453.00. A reduction of these employees' rates to $50.00 to $75.00 per hour would result in a benefit to the Debtor's estate of between $5,503.00 and $9,153.00.

12. Likewise, between February 13, 2014 and February 21, 2014, Robert Vironda, who is identified as Wermer's IT Manager billing at $180.00 per hour spent 10.5 hours reviewing the Debtor's deposited checks to identify and segregate checks written by the Debtor. Even at the reduced rate of $150.00 for professionals, this basic research activity cost the Debtor $1,575.00, without any narrative summary of why this task could not be completed by an intern at one-third of the cost.

13. Finally, the Final Fee Application requests approval of an advance flat fee of $6,000 for preparation of the Debtor's 2018 tax returns. This equates to 40 hours of work at $150.00 per hour. As the Debtor had sold substantially all of its assets and ceased business

5

operations by February 2016, this amount seems excessive. The 2016 and 2017 returns appear to have cost an average of $2,390.25, or 40% of the flat fee requested for the 2018 return.[1] The Debtor provides no explanation as to why the 2018 return would cost $3,600.00 more than the 2016 and 2017 returns.

**WHEREFORE,** the Committee respectfully objects to allowance and payment of the requested compensation, requests that the Court reduce the compensation awarded in the Final Fee Application, or direct Wermer to supplement the Final Fee Application to cure the deficiencies, and grant the Committee all other just and proper relief.

Respectfully submitted,

RUBIN & LEVIN, P.C.,
Counsel to the Official Unsecured Creditors' Committee


By:*/s/ James E. Rossow Jr.*
James E. Rossow Jr.
Indiana Attorney No. 21063-29
135 N. Pennsylvania Street, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 860-2893
Fax: (317) 453-8619
jim@rubin-levin.net

---

[1] Pursuant to the summary in Exhibit D and Invoice Nos. 61623 and 63817 between August 4, 2016 and April 12, 2018, Wermer incurred a total of $4,780.50 for task categories "Special Tax Field Work," "Tax Return Field Work," "Tax Return Report," and "Tax Return Partner Review."

**CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2018, a copy of the foregoing *Limited Objection to the Second and Final Application of Accountant Wermer, Rogers, Doran & Ruzon, LLC for Allowance of Compensation and Reimbursement of Expenses for the Period October 10, 2013 to September 5, 2018 filed by the Official Unsecured Creditors' Committee* was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

- Megan M Adeyemo   madeyemo@gordonrees.com, asoto@grsm.com
- Daniel Magee Anderson   daniel.anderson@icemiller.com, sandy.heaberlin@icemiller.com
- Thomas V Askounis   taskounis@askounisdarcy.com
- Edwin C Barney   edwincbarney@sbcglobal.net, barneyer66934@notify.bestcase.com
- Darren L Besic   dbesic@walinskilaw.com
- James L Brougher   Jimb@danvillelawyers.com
- John David Burke   john.burke@icemiller.com
- Ben T Caughey   ben.caughey@merchocaughey.com
- Joseph P Chamley   jchamley@efbclaw.com, jnieman@efbclaw.com
- Sherry D Coley   scoley@dkattorneys.com, cpogorzelski@dkattorneys.com;kmarquardt@dkattorneys.com
- Tyson Alexander Crist   Tyson.Crist@icemiller.com, Sandy.Heaberlin@icemiller.com
- Shannon M DeLaMar   sdelamar@atg.state.il.us
- Roy Jackson Dent   roy.jackson.dent@gmail.com, notices@dentlawoffices.com
- Kevin Driscoll   kevin.driscoll@btlaw.com
- David J Frankel   dfrankel@sormanfrankel.com, ckauffman@sormanfrankel.com
- Christina Laun Fugate   christina.fugate@icemiller.com
- David H Hoff   peter.g.paoli@usdoj.gov, Chelsea.dean@usdoj.gov
- Michael Fredrick Holbein   michael.holbein@agg.com
- Amrit Suresh Kapai   amritk@goldmclaw.com
- Brett Kepley   bkepley@lollaf.org, lollafecfmail@gmail.com;kepleybr74500@notify.bestcase.com;4908@notices.nextchapterbk.com
- Kathryn A Klein   rb_bank@riezmanberger.com, riezmanberger@gmail.com
- Russell S Long   rlong@dkattorneys.com, ahalase@dkattorneys.com
- Jennifer L Maffett   thdaytonecf@thompsonhine.com
- Terrence Miles   packs@aol.com, info.mileslaw@aol.com;R50195@notify.bestcase.com
- Patrick Frasor Moran   pmoran@gordonrees.com
- Steven L Nelson   snelson@califf.com
- Gail Linn Noll   gail.noll@usdoj.gov, stacy.booth@usdoj.gov;nicole.bierma@usdoj.gov
- Kate R O'Loughlin   kate.oloughlin@sba.gov
- Sabrina M Petesch   sabrina.m.petesch@usdoj.gov
- Teresa I Pisula   TPisula@atg.state.il.us
- Victoria E Powers   victoria.powers@icemiller.com, Daniel.Anderson@icemiller.com;Sandy.Heaberlin@icemiller.com

- Jeffrey D Richardson    jdrdec@aol.com
- Robert Fredrick Ritchie    rritchie@atg.state.il.us
- James Edward Rossow    jim@rubin-levin.net, robin@rubin-levin.net;atty_jer@trustesolutions.com;lisa@rubin-levin.net
- Steven E. Runyan    srunyan@kgrlaw.com
- Amy T Ryan    atr@mllfpc.com, bdm@mllfpc.com
- Amy T Ryan    atr@martinleigh.com, bdm@mllfpc.com
- Christopher M. Tietz    cmt@tietzlaw.com, tonya@tietzlaw.com
- U.S. Trustee    USTPRegion10.PE.ECF@usdoj.gov
- Mark Roy Wenzel    mwenzel@salawus.com, pdidandeh@salawus.com
- Bruce Eugene de'Medici    bdemedici@gmail.com
- James A. knauer    jak@kgrlaw.com, tjf@kgrlaw.com

I further certify that on November 13, 2018, a copy of the foregoing *Limited Objection to the Second and Final Application of Accountant Wermer, Rogers, Doran & Ruzon, LLC for Allowance of Compensation and Reimbursement of Expenses for the Period October 10, 2013 to September 5, 2018 filed by the Official Unsecured Creditors' Committee* was mailed by Final Fee-class U.S. Mail, postage prepaid, and properly addressed to the following:

Earl Gaudio & Son, Inc.
c/o Final Fee Midwest Bank as Custodian
Attn:  Angela E. Major Hart
24509 West Lockport Street
Plainfield, IL 60544

Ameren Illinois
Credit and Collections
2105 E. State Route 104
Pawnee, IL  62558

Argo Partners
12 W. 37th Street, 9th Flr.
New York, NY  10018

KSB Carbonics, Inc.
PO Box 311
Bismarck, IL 61814

Daniel N. DeLay
Mercho Caughey & DeLay
828 East 64th Street
Indianapolis, IN  46220

Illinois Department of Employment Security
IDES Collection Enforcement Division
33 S. State Street
Chicago, IL  60603

Paul Samuel Kmett
500 S. 2nd Street
Springfield, IL  62706

Liquidity Solutions, Inc.
1 University Plaza, Ste. 312
Hackensack, NJ 07601

Sorling Northrup
P.O. Box 5131
Springfield, IL  62705

TR Capital Management, LLC
P.O. Box 633
Woodmere, NY  11598

Regions Bank
Krieg DeVault LLP
One Indiana Square, Suite 2800
Indianapolis, IN  46204

8

Jacob N. Smallhorn
Tapella & Eberspacher LLC
6009 Park Drive
Charleston, IL  61920

World Business Lenders
120 W. 45th Street, 29th Floor
New York, NY  10036

*/s/ James E. Rossow Jr.*
James E. Rossow Jr.

g:\wp80\bankrupt\earl gaudio & son, inc 82525901\final fee apps\wermer\limited objection to wrdr fee app rem.docx