UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 11 |
| EARL GAUDIO & SON, INC., | ) | |
| | ) | Case No. 13-90942 |
| Debtor. | ) | |

**RESPONSE TO THE OFFICIAL UNSECURED CREDITORS' COMMITTEE'S
LIMITED OBJECTION TO THE SECOND AND FINAL APPLICATION
OF ACCOUNTANT WERMER, ROGERS, DORAN & RUZON, LLC FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES FOR THE PERIOD OCTOBER 10, 2013 TO SEPTEMBER 5, 2018**

On November 13, 2018, the Official Committee of Unsecured Creditors (the "Committee") filed an untimely[1] objection (the "Objection," Doc. 898) to the Second and Final Application of Accountant Wermer, Rogers, Doran & Ruzon, LLC ("WRDR") for Allowance of Compensation and Reimbursement of Expenses for the Period from October 10, 2013 to September 5, 2018 (the "Application," Doc. 872). Five years earlier, on October 4, 2013, the Court entered its order authorizing the employment of WRDR. Pursuant to the terms of its engagement agreement with the Debtor, WRDR provided accounting services at significantly below market rates, and continues to do so. The Objection makes multiple arguments that the Committee contends warrant a reduction in WRDR's fees, despite the fact that all of the services performed were vital to the success of this case and that the estate has received its services at a substantial discount. For the reasons that follow, each of the Committee's arguments is without merit, so the Objection should be overruled.

---

[1]    The Application was filed on October 17, 2018. The Clerk of Court issued an Objection Date Notice on October 18, 2018 (Doc. 875) setting an objection deadline of November 10, 2018. The Objection Date Notice did not specify a period of days for response – it specified a date certain. Thus, Rule 9006(a)(1) did not automatically extend the date upon which an objection could be filed. The Objection is thus untimely and may be overruled on that basis alone.

**A.      The Committee's arguments regarding the format and detail of WRDR's invoices should be overruled.**

In its Objection, the Committee first attacks WRDR's final fee application on the grounds that some of the invoices attached as exhibits thereto do not meet the specificity requirements articulated by this and other courts.  A review of the invoices admittedly shows that a very small percentage of itemized time entries lack the detail required by the cases cited in the Objection. There are several good reasons, however, that WRDR's professionals believed that their time tracking was appropriate and non-objectionable.  Accounting for these reasons, the Court should allow the fees in full.

In February 2014, WRDR filed its First Interim Application for Compensation and Reimbursement of Expenses (Doc. 205).  No opposition to that application was filed, and the Court entered an order approving the same (Doc. 201).  For the next several years, WRDR submitted copies of its invoices to the Committee, as well as the Debtor, First Midwest Bank, and the United States Trustee, pursuant to the Court's Interim Compensation Procedures Order (Doc. 138).  Those invoices, which are attached to the Application as Exhibits A and B, make up a substantial majority of the fees WRDR now seeks final approval of.  The remaining invoices, attached to the Application as Exhibit C, are substantively no different detail-wise than the invoices that were previously approved by the Court or submitted to the Committee.

At no point during the years that WRDR has served the estate did the Committee indicate that it had any issue with the way in which work was being described or invoiced.  While it is true that the Interim Compensation Procedures Order provides that a failure to object to submitted invoices does not waive one's opportunity to object to a fee application, it would be fundamentally unfair to permit the Committee to cry foul at the eleventh hour regarding invoices it has reviewed repeatedly for years.

Unlike counsel for the Committee, WRDR does not have bankruptcy attorneys on staff to review every invoice it generates. Even so, several groups of experienced bankruptcy attorneys – counsel for the U.S. Trustee, the Debtor, and most importantly, the Committee – reviewed the invoices over a course of years without raising any objections. If WRDR had been made aware of the Committee's concerns at an earlier time, it most certainly would have changed it practices going forward, and likely could have supplemented the invoices it previously submitted for review. And WRDR would gladly supplement its existing invoices now were it possible, but the invoices that are the subject of the Application go back years and involve professionals who have moved on to other jobs. One of the primary purposes of an order like the Interim Compensation Procedures Order is to provide parties the opportunity to evaluate professional fee invoices on an ongoing basis and avoid issues like the ones the Committee now raises. This could have been avoided had the Committee only spoken up. It did not.

Ultimately, the errors complained of by the Committee represent a very small fraction of the time delineated in the invoices attached to the Application. These invoices meet the standards for documenting time in WRDR's industry, and indeed, appear no different than those that other experienced accounting firms file in large Chapter 11 cases.[2] On its face, the amount of time charged to the estate for the significant amount of work performed for the past several years is reasonable given the scope and complexities of this case. To the extent a reduction in fees might be warranted despite the Committee's failure to raise this issue earlier in the proceedings, WRDR submits that the already substantial discount the estate has received for WRDR's services more than makes up for the time entries identified in the Objection.

---

[2]   *See, e.g., In re ITT Educational Services, Inc., et al.*, INSB case no. 16-07207, Doc. 3063-1 (fee application and invoices for accountants BGBC Partners) and Doc. 2211-1 (fee application and invoices for accountant McClintock & Associates), attached hereto as <u>Exhibits B and C</u>.

**B.    The rates charged by WRDR for paraprofessional time were reasonable and appropriate for the scope of work performed and should not be reduced.**

The Objection next argues that the rates charged by certain WRDR staff should be reduced for a variety of reasons.  First, the Committee argues that Ms. Ludvik, who the Objection incorrectly describes as a "non-accountant employee with no specialized training," billed time at roughly 73 to 83% of the rate charged for professionals.  This statement is misleading on multiple levels.  First, it fails to recognize that the $150 per hour reduced rate for professionals is just that – a reduced rate.  In reality, the $110 to $125 per hour rate charged by paraprofessionals is significantly lower than the actual hourly rates charged by WRDR accountants.  Furthermore, these rates are in line with what comparable accounting firms charge for paraprofessional time.[3]

Second, Ms. Ludvik is not a minimum wage data entry employ as the Objection implies.  Updated biographical information for Ms. Ludvik is attached hereto as Exhibit A.  Ms. Ludvik has worked in the accounting industry for almost thirty years, and prior to that received two years of formal accounting training in college.  The work Ms. Ludvik performed is not simple data entry – it requires accounting expertise, such as the ability to properly categorize transactional and financial data and an understanding of fundamental accounting principles.

The Committee apparently believes that this experience is worth the same as that of an intern – an argument that does not add up.  As in the legal profession, interns at accounting firms are charged at a significant discount, and for very good reason.  Accounting interns have only basic training and are often learning as they go.  As a result, it takes interns longer to perform certain tasks.  Likewise, there are certain tasks that interns simply cannot do.  And interns often

---

[3]    For example, GSA rates for accounting staff services in 2014 were $116 per hour.  *See* United States Postal Service Office of Inspector General's Professional Services Contract Rates Audit Report, Report Number SM-AR-15-001 (Nov. 10, 2014), available at https://www.uspsoig.gov/sites/default/files/document-library-files/2015/sm-ar-15-001_0.pdf.  WRDR's paraprofessional rates from 2013-2018 are in line with this rate.

require instruction or supervision to complete a particular task.  Ms. Ludvik, on the other hand, was able to use her years of experience to complete complicated accounting tasks quickly and efficiently.  It would make little sense to charge her at the same rate as an intern, and it should not require a narrative summary for Committee's counsel, itself an experienced professional organization, to understand why that is.

The Objection also takes issue with work performed by Robert Vironda, WRDR's IT Manager.  Despite his title, Mr. Vironda has a degree in accounting and has worked for WRDR since 2006.  Updated biographical information for Mr. Vironda is also attached as <u>Exhibit A</u>. Though he became IT Manager in 2009, WRDR routinely utilizes his accounting expertise during busy times of the year.  Like Ms. Ludvik, this experience is far more valuable than a simple minimum wage employee and is well beyond that of an intern.  The work he performed was not a "basic research activity."  It required experience – experience an intern does not have.

WRDR's paraprofessionals' rates are reasonable, and the work they performed was necessary for the administration of the estate.  The fact that a significant amount of work was performed by WRDR's paraprofessionals itself created a cost savings to the estate.  When possible, WRDR utilized interns to further reduce costs, but interns are not a substitute experienced accounting staff, and are not always available.  The Committee now seeks to minimize the experience and efficiency of WRDR's paraprofessionals – an effort the Court should not encourage.  WRDR therefore requests that the Court overrule the Objection as it relates to WRDR's paraprofessionals and allow their fees in full.

     **C.**     **The Objection misstates the Application's request to approve future fees, which are subject to a $6,000 cap, and are not a $6,000 flat fee.**

Finally, the Objection takes issue with the $6,000 estimate provided by WRDR to complete 2018 taxes for the Debtor.  The Objection describes the $6,000 as a flat fee – an

assertion that is incorrect. The Debtor and WRDR negotiated a cap of $6,000 on the fees necessary to complete the 2018 taxes – a measure designed to save the estate money, not waste it. The Application states as such. It is unclear if the Objection's portrayal of this sum as a flat fee was intentional or an oversight, but either way it is incorrect.

The Objection also attempts to compare the $6,000 (which again is the maximum the estate will be charged for preparation of 2018 tax returns) with amounts allegedly incurred for preparing tax returns for prior years. The numbers listed in the Objection are again, however, wrong. For tax year 2016, WRDR charged approximately $8,103.50 in fees for preparing the Debtor's tax returns. For tax year 2017, the sum was $5,527.50 As the Objection notes, $6,000 equates to approximately 40 hours of professional time at the reduce rate. This is in line with prior years and well below what a typical corporate tax return might cost for an entity in bankruptcy or otherwise.[4]

Finally, the Objection omits the fact that the Plan and Agreed Confirmation Order permits the Debtor to pay WRDR for services it renders post-confirmation without a court order. At this point, it is likely that WRDR will need to be engaged by the Debtor post-petition to prepare 2019 tax returns – something that is also authorized by the terms of the Plan and Agreed Confirmation Order. Ultimately, approval of the estimated fees was sought in the Application solely for the purposes of transparency. And in return, the Committee now seeks to punish WRDR for saving the estate money. This does not make sense. The Court should overrule the Objection as it relates to WRDR's negotiated fee cap.

---

[4] *See, e.g.*, Order Granting Final Fee Application for Michael J. Smith & Associates, *In re Bartlett Management Services, Inc., et al.*, ILCB case no. 17-71890, Doc. 431 (approving flat fee of $15,500 per entity for preparation of 2017 corporate tax returns), attached hereto as Exhibit D. Even the most basic tax return filing would cost around $2,500 without reconciliation of financials. Because of the circumstances of this case, however, reconciliation is necessary. A total of $6,000, if the cap is even reached, is still well below the market cost for providing the services required thanks to the reduced rate negotiated with the Debtor.

For five years, WRDR has provided the estate with high quality accounting services at a steep discount from its normal rates. It has been invaluable in the Debtor's efforts to unravel the complex web created by the pre-petition, pre-custodial ownership group and to administer this Chapter 11 case. To the extent anything complained of by the Committee might warrant some form of reduction in fees, WRDR respectfully asserts that the discount the estate has already received remedies any such issues. For these reasons, WRDR asks that the Court grant the Application and approve and allow all fees on a final basis.


Dated: December _6_, 2018                    Respectfully submitted,

                                    By: _____
                                        Wermer Rogers Doran & Ruzon, LLC


        The undersigned files the foregoing Application as an accommodation, not as counsel, to Wermer Rogers Doran & Ruzon, LLC.

                                    ICE MILLER LLP

                                    /s/ Tyson A. Crist
                                    Tyson A. Crist
                                    250 West Street, Suite 700
                                    Columbus, OH 43215
                                    614-462-2243 – Telephone
                                    614-224-3266 – Facsimile
                                    Tyson.Crist@icemiller.com
                                    *Counsel to the Debtor*


7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 6, 2018, I electronically filed the foregoing *RESPONSE TO THE OFFICIAL UNSECURED CREDITORS' COMMITTEE'S LIMITED OBJECTION TO THE SECOND AND FINAL APPLICATION OF ACCOUNTANT WERMER, ROGERS, DORAN & RUZON, LLC FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OCTOBER 10, 2013 TO SEPTEMBER 5, 2018* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Debtor's counsel, the United States Trustee, and all parties receiving CM/ECF notice in this proceeding, as set forth in the attached ECF Service List, and I also caused the foregoing to be served by first-class U.S. Mail, postage prepaid, to the parties at the addresses listed in the attached U.S. Mail Service List.

/s/ Tyson A. Crist
Tyson A. Crist

## ECF SERVICE LIST

- Megan M. Adeyemo on behalf of Creditor Century Tokyo Leasing (USA) Inc.
  madeyemo@gordonrees.com

- Daniel Magee Anderson on behalf of Debtor / Plaintiff Earl Gaudio & Son, Inc.

- Thomas V. Askounis on behalf of Creditor Wells Fargo Equipment Finance, Inc.
  taskounis@askounisdarcy.com

- Edwin C. Barney on behalf of Creditor and Defendant Paul Offutt, Attorney Gilbert
  Saikley, Defendant First Financial Bank, N.A. successor to First National Bank of
  Danville, Defendant Security Ventures, Inc. and Defendant Offutt Development, Inc.
  edwincbarney@sbcglobal.net, barneyer66934@notify.bestcase.com

- Darren L. Besic on behalf of Creditor General Electric Capital Corporation and Creditor
  JPMorgan Chase Bank, N.A. dbesic@walinskilaw.com

- James L. Brougher on behalf of Creditor Iroquois Federal Savings and Loan and
  Defendant Village of Tilton, Illinois Jimb@danvillelawyers.com

- John David Burke on behalf of Debtor Earl Gaudio & Son, Inc.
  john.burke@icemiller.com

- Ben T. Caughey on behalf of Debtor Earl Gaudio & Son, Inc.
  ben.caughey@mcdlegalfirm.com

- Joseph P. Chamley on behalf of Official Unsecured Creditors Committee
  jchamley@efbclaw.com, jnieman@efbclaw.com

- Sherry D. Coley on behalf of Defendant World Business Lenders
  scoley@dkattorneys.com, cpogorzelski@dkattorneys.com, kmarquardt@dkattorneys.com

- Shannon M. DeLaMar on behalf of Creditor Illinois Department of Revenue
  sdelamar@atg.state.il.us

- Roy Jackson Dent on behalf of Defendant Offutt Development, Inc., Defendant Security
  Ventures, Inc. and Defendant Paul Offutt roy.jackson.dent@gmail.com,
  notices@dentlawoffices.com

- Kevin Driscoll on behalf of Defendant Chase Bank USA, N.A., Defendant JP Morgan
  Chase, N.A. kevin.driscoll@btlaw.com

- David J. Frankel on behalf of Creditor Mercedes-Benz Financial Services USA LLC
  dfrankel@sormanfrankel.com, ckauffman@sormanfrankel.com

- David H. Hoff on behalf of Creditor United States of America, Defendant United States
  Small Business Administration peter.g.paoli@usdoj.gov, Chelsea.dean@usdoj.gov

- Michael Fredrick Holbein on behalf of Defendant American Express, Defendant
  American Express Bank, FSB, Defendant American Express Centurion Bank
  michael.holbein@agg.com

- Amrit Suresh Kapai on behalf of Creditor Wells Fargo Equipment Finance, Inc.
  amritk@goldmclaw.com

- Brett Kepley on behalf of Defendant American Express bkepley@lollaf.org, lollafecfmail@gmail.com, kepleybr74500@notify.bestcase.com

- Kathryn A. Klein on behalf of Creditor Ally Financial Inc. rb_bank@riezmanberger.com, riezmanberger@gmail.com

- Paul Samuel Kmett on behalf of Creditor Illinois Department of Revenue pkmett@atg.state.il.us

- Russell S. Long on behalf of Defendant World Business Lenders rlong@dkattorneys.com, ahalase@dkattorneys.com

- Jennifer L. Maffett on behalf of Creditor Mike-sell's Potato Chip Co. thdaytonecf@thompsonhine.com

- Terrence Miles on behalf of Creditor Dennis Gaudio packs@aol.com, info.mileslaw@aol.com, mmcelwain33@gmail.com

- Patrick Frasor Moran on behalf of Creditor Century Tokyo Leasing (USA) Inc. pmoran@gordonrees.com

- Steven L. Nelson on behalf of Creditor Specialty Distributing of Illinois, LLC snelson@califf.com

- Gail Linn Noll on behalf of Creditor United States of America gail.noll@usdoj.gov, stacy.booth@usdoj.gov;nicole.bierma@usdoj.gov

- Kate R. O'Loughlin on behalf of Creditor United States of America, Defendant United States Small Business Administration kate.oloughlin@sba.gov

- Sabrina M. Petesch on behalf of U.S. Trustee sabrina.m.petesch@usdoj.gov

- Teresa I. Pisula on behalf of Creditor Illinois Department of Revenue TPisula@atg.state.il.us

- Jeffrey D. Richardson on behalf of Creditor and Interested Parties Helen Gaudio and James Brougher jdrdec@aol.com

- Robert Fredrick Ritchie on behalf of Creditor Illinois Department of Revenue rritchie@atg.state.il.us

- James Edward Rossow on behalf of Official Unsecured Creditors Committee jim@rubin-levin.net, robin@rubin-levin.net, atty_jer@trustesolutions.com, lisa@rubin-levin.net

- Steven E. Runyan on behalf of Defendant 1803 LLC, Defendant Gaudio Diversified Ventures, LLC, Defendant Dennis Gaudio, Defendant Eric Gaudio srunyan@kgrlaw.com

- Amy T. Ryan on behalf of Creditor/Defendant World Business Lenders atr@mllfpc.com, bdm@mllfpc.com

- Christopher M. Tietz on behalf of Creditor Skeff Distributing Company, Inc. cmt@tietzlaw.com, tonya@tietzlaw.com

- U.S. Trustee USTPRegion10.PE.ECF@usdoj.gov

- Mark Roy Wenzel on behalf of Defendant Regions Bank mwenzel@salawus.com, pdidandeh@salawus.com
- Bruce Eugene de'Medici on behalf of Defendant American Express bdemedici@gmail.com
- James A. Knauer on behalf of Defendant 1803 LLC, Defendant Gaudio Diversified Ventures, LLC, Defendant Dennis Gaudio, Defendant Eric Gaudio jak@kgrlaw.com, tjf@kgrlaw.com

## U.S. MAIL SERVICE LIST

Peter E. Moll
Brian Wallach
Cadwalader, Wickersham & Taft LLP
700 Sixth Street, N.W.
Washington, DC  20001

ADP
1 ADP Blvd
MS 325
Roseland, NJ  07068-1786

Anheuser-Busch Companies, LLC
Legal Department
1 Busch Place
Saint Louis, MO  63118-1852

Employers Preferred Insurance Co.
13890 Bishops Drive, Suite 210
Brookfield,  WI 53005

Clifton Larson Allen LLP
301 SW Adams, Suite 900
Peoria, IL  61656

Earl Gaudio & Son, Inc.
c/o First Midwest Bank as Custodian
Rachael A. Gould
520 N. Cass Avenue
Westmont, IL  60559

Illinois Department of Revenue
Bankruptcy Section
P.O. Box 64338
Chicago, IL  60664-0338

Sundance Beverage Co.
John M. Scherzinger, Credit Manager
National Beverage Corp.
8100 SW Tenth Street, Suite 4000
Fort Lauderdale, FL  33324

Mike-sell's Potato Chip Co.
333 Leo Street
Dayton, OH  45404

Regions Commercial Loan Payments
P.O. Box 11407
Birmingham, AL  35246

Earl Gaudio & Sons, Inc. Pension Plan
P.O. Box 990067
Hartford, CT  06199-0067

Illini FS
1509 East University Avenue
Urbana, IL  61802

Westfield Insurance
c/o USI Insurance Services
2107 S. Neil St.
Champaign, IL  61820

Iroquois Federal Savings & Loan
619 N. Gilbert Street
P.O. Box 1277
Danville, IL  61834-1277

Vermilion County Collector
P.O. Box 730
Danville, IL  61834

Wells Fargo Equipment Finance, Inc.
550 S. 4th Street
Minneapolis, MN  55415-1529

Ameren Illinois
Credit and Collections
2105 E. State Route 104
Pawnee, IL  62558-4681

Argo Partners
12 W. 37th Street, 9th Floor
New York, NY  10018-7381

TR Capital Management, LLC
P.O. Box 633
Woodmere, NY  11598

GE Capital Information Technology
Solutions FDBA Ikon Fin. Services
Attn: Bankruptcy Administration
P.O. Box 13708
Macon, GA  31208

Old Farm Shops, Ltd.
303 S. Mattis Avenue, Suite 200
Champaign, IL  61821

The UPS Store, Inc.
Attn.: Legal Dept.
6060 Cornerstone Court West
San Diego, CA  92121

Paul E. Offutt
2807 N. Vermilion St. #5
Danville, IL  61832

Eric Gaudio
10 N. Vine Street
Shelbyville, IN  46176

Surepay
2350 Ravine Way, Suite 100
Glenview, IL  60025

WDNL-FM - Neuhoff Broadcasting
1501 N. Washington
Danville, IL  61832

Sorling Northrup
P.O. Box 5131
Springfield, IL  62705

World Business Lenders
101 Hudson Street, 33rd Floor
Jersey City, NJ  07302-3905

Internal Revenue Service
P.O. Box 804521
Cincinnati, OH  45280-4521

Gilbert H. Saikley
Saikley Garrison Colombo & Barney, LLC
208 W. North Street
P.O. Box 6
Danville, IL  61834-0006

Shannell, Inc.
301 W. Main Street
Danville, IL  61832

Liquidity Solutions, Inc.
1 University Plaza, Suite 312
Hackensack, NJ  07601-6205

Dennis Gaudio
466 West Franklin Street
Shelbyville, IN  46176

Illinois Department of Employment
Security
33 S. State, 10th Floor
Chicago, IL  60603

U.S. Trustee
Office of Susan J. Roberts
Attn:  Sabrina M. Petesch
401 Main St., Suite 1100
Peoria, IL  61602